<u>TO BE FILED IN CAMERA AND UNDER SEAL</u>

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA



CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

|  |  |
|---|---|
| PLAINTIFF UNDER SEAL | ) |
| v. | ) |
| DEFENDANT UNDER SEAL | ) |

CIVIL ACTION NO.  1: 09 cv 13

**<u>FILED IN CAMERA</u>**

**<u>UNDER SEAL</u>**

**<u>JURY TRIAL DEMANDED</u>**

### AMENDED COMPLAINT FOR FALSE CLAIMS ACT VIOLATIONS
### 31 U.S.C. § 3729, *ET SEQ.*

Jeffrey J. Downey
The Law Office of Jeffrey J. Downey, P.C.
1225 I Street, N.W., Suite 600
Washington, D.C.  20005
Phone  202-712-9120
Fax     202-789-1116

JUN 1 2011

APR 26 2011

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA



<u>**TO BE FILED IN CAMERA AND UNDER SEAL**</u>

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **UNITED STATES OF AMERICA EX REL. CHRISTINE A. RIBIK** )<br>)<br> Relator, )<br> )<br> v. )<br> )<br> )<br> · **MANOR CARE Inc.** )<br>333 N. Summitt Street, Toledo OH )<br> )<br>**HCR MANOR CARE** )<br>a/k/a HCR Manor Care Inc. )<br>333 N. Summitt Street, Toledo OH )<br> )<br>**The CARLYLE GROUP** )<br> **a/k/a CARLYLE-MANORCARE** )<br>Serve: Registered Agent )<br>L Carlyle Swafford )<br>159 E Queen Street )<br>Strasburg, VA  22657 )<br> )<br>**CARLYLE MC PARTNERS, L.P.** )<br>Serve: Registered Agent )<br>L Carlyle Swafford )<br>159 E Queen Street )<br>Strasburg, VA  22657 )<br> )<br>**CARLYLE PARTNERS V MC, L.P.** )<br>Serve: Registered Agent )<br>L Carlyle Swafford )<br>159 E Queen Street )<br>Strasburg, VA  22657 )<br> )<br> ) | CIVIL ACTION NO.  <u>1:09 CV 13-CMH-HCB</u><br><br><u>**FILED IN CAMERA**</u><br><br><u>**UNDER SEAL**</u><br><br><br><u>**JURY TRIAL DEMANDED**</u> |



FILE

APR 2 8 2011

CLERK, U.S. DISTRICT

(Arizona)
**ManorCare Health Services of Arizona, Inc.**
Registered Agent: The Corporation Trust Company
1209 Orange Street, Wilmington DE  19801
3705 North Swan Road, Tucson AZ 85718

(Arkansas)
**Heather Manor Care Center, Inc.**
a/k/a Heather Manor Nursing and Rehab Center
Registered agent" Kirkman T. Dougherty
415 Rogers Avenue, #500, Fort Smith, AR 72901

**Stella Manor Care Center, Inc**
Registered Agent: Kirman T. Doughterty
400 N. Vancouver Avenue, Russellville AR 72801

(California)
**Manor Care of California Inc.**
333 N. Summitt Street, Toledo OH

**Broadway Manor Care Center, Inc.**
605 W. Broadway, Glendale, CA 91204

**Carlyle Partners, LLC**
270 N. Canon Driver, Beverly Hills CA 90210

**Carlyle Group LLC**
5895 Blackwelder Street, Culver City, CA 90232

**Desert Manor Care Center LP**
8515 Cholla, Yucca Valley, CA 92284

**Fredericka Manor Care Center, Inc.**
111 Third Avenue, Chula Vista, CA 91910

**Kingsley Manor Care Center, Inc.**
1055 N. Kingsley Drive, Los Angeles, CA 90029

**Manor Care of Citrus Heights CA, LLC**
8515 Cholla, Yuccca Valley CA 92284

**Manor Care of Fountain Valley, CA, LLC**
333 N. Summit Street, Toledo, OH  43604
11680 Warner Avenue, Fountain Valley CA 92708

**Manor Care of Sunnyvale, CA, LLC**
333 N. Summit Street, Toledo, OH  43604
1150 Tilton Drive, Sunnyvale, CA 94087

**ManorCare of Hemet, CA, LLC**
333 N. Summit Street, Toledo, OH 43604

**Manor Care of Palm Desert CA, LLC**
a/k/a ManorCare Health Services – Palm Desert
74-350 Country Club Dr., Palm Desert, CA 92260

**ManorCare Health Services  - Tice Valley**
1975 Tice Valley Blvd, Walnut Creek, CA  94595

**Manor Care of Rancho Bernardo CA, LLC**
15632 Pomerado Road, Poway, CA 92064

**Pine Manor Care Home, Inc,**
2478 Shield Drive, Union City, CA 94587

**Pleasant Manor Care Homes, Inc.**
10718 Nathanson Avenue, Cupertino, CA 95014

**Walnut Manor Care Center, Inc.**
1401 W. Ball Road, Anaheim, CA 92802

**Valencia Manor Care, Inc.**
3455 Valencia Avenue, San Bernardino, CA 92404

**Villa Manor Care Center, Inc.**
350 N. Villa, Porterville, CA 93257

(Colorado)
**Ashley Manor Care Centers, Inc.**
12784 W. Jewell Drive, Lakewood, CO  80228

**Berkley Manor Care Center, Inc.**
735 South Locust Street, Denver, CO 80224

**CCF-Manor Care, LLC**
Registered agent:
Seneca Equity Partners LLC; 1430 Wynkoop Street,
Suite 200, Denver, CO 80202

**Columbine Manor Care Center, Inc.**
530 W. 16th Street, Salida, CO 81201

**Grace Manor Care Center**
a/k/a Burlington Nursing Home, LLC
465 Fifth Street, Burlington, CO 80807

**HRC Manorcare Medical Services of Florida, Inc.**
The Corporation Company
1675 Broadway , Ste 1200, Denver, CO 80202

**Laurel Manor Care Center, Inc.**
920 South Chelton Road, Colorado Springs, CO 80910

**MANORCARE HEALTH SERVICES-BOULDER**
a/k/a MANORCARE HEALTH SERVICES, INC.
formerly ManorCare Health Services of Colorado
333 N. Summit Street, Toledo, OH 43604
2800 Palo Parkway, Boulder, CO 80301

**MANOR CARE HEALTH SERVICES-DENVER**
a/k/a MANORCARE HEALTH SERVICES, INC.
290 South Monaco Parkway, Denver, CO 80224

**Valley Manor Care Center, Inc.**
1401 South Cascade, Montrose, CO 81401

**Wheatridge Manor Care Center**
33 Southmoor Properties, Inc
2932 Fenton Street, Denver CO  80214

(Connecticut)

**Pilgrim Manor Care Center, Inc.**
52 Missionary Road, #2, Cromwell, CT 06416

3

**Westfield Manor Care Center, Inc.**
65 Westfield Road, Meriden, CT 06450

(Delaware)

**ManorCare Health Services – Pike Creek**
5651 Limestone Road, Wilmington DE 19808

**ManorCare Health Services-Wilmington**
700 Foulk Road, Wilmington DE 19803

(Florida)

**HRC ManorCare Medical Services of Florida, LLC**
333 N. Summit Street, Toledo, OH 43604

**Manor Care of Boca Raton, Inc.**
a/k/a Manor Care of Boca Raton FL, LLC
375 NW 51st Street, Boca Raton, FL 33435

**Manor Care of Boynton Beach, Inc.**
a/k/a ManorCare Services of Boynton Beach FL, LLC
3001 S. Congress Avenue, Boynton Beach, FL 33426

**Manor Care of Brevard, Inc.**
333 North Summit, Toledo, OH 43699

**Manor Care of Broward, Inc.**
333 North Summit, Tax Dept., Toledo, OH 43699

**Manor Care-Carrollwood of Tampa FL, LLC**
a/k/a ManorCare Health Services –Carrollwood of
Tampa Florida
3030 Bearss Ave, Tampa FL 33618.

**Manor Care of Delray Beach, FL LLC**
a/k/a ManorCare Health Services - Delray
16200 Jog Road, Delray Beach, FL 33446

**Manor Care of Dunedin, FL, LLC**
870 Patricia Avenue, Dunedin, FL 34698

4

**Manor Care of Florida, Inc.**
2851 Tampa Road, Palm Harbor, FL 34684

**ManorCare of Fort Myers, Inc.**
a/k/a ManorCare Health Services of Fort Myers, Inc.
13881 Eagle Ridge Drive, Fort Myers, FL 33912

**ManorCare - Lely Palms of Naples, FL (SH), LLC**
333 North Summit, Toledo OH  43699
6135 Rattlesnake Hammock Road, Naples, FL 34113

**Manor Care of Palm Harbor, FL, LLC**
a/k/a ManorCare Health Services – Palm Harbor
2851 Tampa Road, Palm Harbor, FL 34684

**ManorCare of Plantation, Inc.**
a/k/a ManorCare Health Services of Plantation, Inc.
6931 W. Sunrise Blvd, Plantation, FL  33313

**Manor Care of Sarasota, Inc.**
a/k/a ManorCare Nursing Center of Sarasota FL, LLC
5511 Swift Road, Sarasota, FL 34231

**ManorCare of Venice FL, LLC**
1450 E. Venice Ave, Venice, FL 34292

**ManorCare of West Palm Beach, FL LLC**
a/k/a ManorCare Health Services – West Palm Beach
2300 Village Boulevard, West Palm Beach, FL 33409

**ManorCare of Winter Park, FL LLC**
a/k/a ManorCare Health Services – Winter Park
2075 Loch Lomond Drive, Winter Park, FL 32792

(Georgia)

**Manor Care Health Services of Georgia, Inc**
333 North Summit, Toledo OH  43699

**GCI Valley Manor Care Health Center**
One Ravinia Dr, Ste 1500, Atlanta, GA 30346

**Manor Care of Covington, L.L.C.**
5901 PTree Dunwoody Road, Suite B49
Atlanta, GA 30328

**ManorCare of Marietta GA, LLC**
a/k/a ManorCare of Marietta Nursing and Rehab
333 North Summit Street, Toledo OH 43604
4360 Johnson Ferry Place, Marietta, GA 30068

**ManorCare Rehabilitation Center of Decatur GA, LLC**
a/k/a ManorCare Nursing and Rehab Center – Decatur
a/k/a ManorCare Health Services - Decatur
2722 North Decatur Road, Decatur, GA -30033

(Illinois)

**Manor Care of Arlington Heights IL, LLC**
a/k/a ManorCare Health Services – Arlington Heights
715 West Central Road, Arlington Heights, IL 60005

**Manor Care of Champaign IL, LLC**
a/k/a ManorCare Health Services – Champaign
1113 Sterling Drive, Champaign, IL 61821

**Manor Care of Elgin IL, LLC**
180 S. State St, Elgin, IL 60123

**Manor Care of Elk Grove Village IL, LLC**
a/k/a ManorCare Health Services – Elk Grove Village
1920 Nerge Road, Elk Grove Village, IL 60007

**Manor Care of Highland Park, IL LLC**
a/k/a ManorCare of Highland Park
2773 Skokie Valley, IL 60035

**Manor Care of Hinsdale, IL LLC**
a/k/a ManorCare of Hinsdale
600 West Ogden Ave, Hinsdale, IL 60521

**ManorCare of Homewood IL, LLC**
a/k/a ManorCare Health Services - Homewood
940 Maple Avenue, Homewood, IL 60430

**Manor Care of Kankakee, IL LLC**
a/k/a ManorCare Health Services-Kankakee
900 West River Place, Kankakee, IL  60901

**Manor Care of Libertyville, IL LLC**
a/k/a ManorCare Health Services-Libertyville
1500 S Milwaukee Ave, Libertyville, IL 60048

**ManorCare of Naperville, IL LLC**
a/k/a ManorCare Health Services - Naperville
200 West Martin Avenue, Naperville, IL 60540

**ManorCare of Northbrook, IL LLC**
a/k/a ManorCare Health Services - Northbrook
3300 Milwaukee Avenue, Northbrook, IL 60062

**ManorCare of Oak Lawn (East) IL, LLC**
a/k/a ManorCare Health Services – Oak Lawn East
9401 South Kostner Ave, Oak Lawn,  IL 60453

**ManorCare of Oak Lawn (West) IL, LLC**
6300 W. 95th Street, Oak Lawn, IL 60453

**ManorCare Health Services – Skokie IL**
4660 Old Orchard Road
Skokie, IL  60076

**ManorCare of Palos Heights (East), IL, LLC**
7850 West College Drive, Palos Heights, IL 60463

**ManorCare of Palos Heights (West) IL, LLC**
11860 Southwest Hwy., Palos Heights, IL 60463

**ManorCare of Rolling Meadows, IL, LLC**
4225 Kirchoff Road, Rolling Meadows, IL 60008

**ManorCare of South Holland IL, LLC**
2145 E 170th Street, South Holland, IL 60473

**ManorCare of Westmont IL, LLC**
512 East Ogden Avenue, Westmont, IL 60559

**ManorCare of Wilmette IL, LLC**
432 Poplar Drive, Wilmette, IL 60091

**Rutledge Manor Care Home, Inc.**
909 N. Rutledge, Springfield, IL 62702

(Indiana)

**ManorCare – Anderson, Indiana**
1345 North Madison Ave, Anderson, IN 46011

**ManorCare of Prestwick Avon IL, LLC**
a/k/a ManorCare Health Services – Prestwick
445 S County Road 525 East, Avon, IN 46123

**ManorCare Health Services – Summer Trace**
12999 N Pennsylvania St., Carmel, IN 46032

**ManorCare Health Services – Indy South**
8549 S. Madison Ave, Indianapolis, IN  46227

(Iowa)

**ManorCare of Cedar Rapids, IA, LLC**
a/k/a ManorCare Health Services – Cedar Rapids
1940 1st Ave NE Cedar Rapids, IA  52402

**ManorCare of Davenport, IA, LLC**
a/k/a ManorCare Health Services -Davenport
815 E Locust St, Davenport, IA 52803

**ManorCare of Dubuque IA, LLC**
a/k/a ManorCare Health Services - Dubuque
901 W 3rd St Dubuque, IA 52001

**ManorCare of Waterloo, IA, LLC**
a/k/a ManorCare Health Services - Waterloo
201 W Ridgeway Ave, Waterloo, IA 50701

**ManorCare of West Des Moines, IA, LLC**
a/k/a ManorCare Health Services – West Des Moines

8

5010 Grand Ridge Dr., West Des Moines, IA 50266

**ManorCare of Utica Ridge, IA, LLC**
a/k/a ManorCare Health Services – Utica Ridge
3800 Commerce Blvd., Davenport, IA 52807

**Greenwood ManorCare Center, Inc.**
605 Greenwood Drive, Iowa City, IA 52246

**Linn ManorCare Center, Inc.**
1140 Elim Drive, Marion, IA 52302

**Northbrook ManorCare Center, Inc.**
6420 Council Street NE, Cedar Rapids, IA 52402

**Tabor ManorCare Center Inc.**
209 Main Street, Tabor, IA 51653

(Kansas)

**ManorCare Health Services of Kansas Inc.**
333 N. Summit Street, Toledo OH  43604

**ManorCare of Overland Park Kansas, LLC**
a/k/a ManorCare Health Services – Overland Park
5211 West 103rd St., Overland Park, KS 66207

**ManorCare of Topeka Kansas, LLC**
a/k/a ManorCare Health Services - Topeka
515 SW Wanamaker Rd Topeka, KS

**ManorCare of Wichita Kansas, LLC**
a/k/a ManorCare Health Services – Wichita
7101 E 21st, North Wichita, KS 67206

(Kentucky)

**ManorCare of Kentucky, Inc**
333 N. Summit Street, Toledo OH  43604

**ManorCare of Mt. Holly, Inc.**
600 West Main Street, Louisville KY  40202

**Woodcrest Manor Care Center, Inc.**
3876 Turkeyfoot Rd, Elsmere, KY 41018

**ManorCare of St. Matthews Manor, Inc.**
600 West Main Street, Louisville, KY 40202

(Maryland)

**ManorCare Health Services – Bethesda**
a/k/a Manor Care of Bethesda MD, LLC
formerly Manor Care of Bethesda Inc.
6530 Democracy Boulevard, Bethesda, MD 20817

**ManorCare Health Services – Chevy Chase**
a/k/a Manor Care of Chevy Chase MD, LLC
8700 Jones Mill Road, Chevy Chase, MD 20815

**ManorCare Health Services – Dulaney**
a/k/a Manor Care – Dulaney MD, LLC
111 West Road, Towson, MD 21204

**ManorCare Foundation Inc.**
a/k/a HCR ManorCare Foundation Inc.
11555 Darnestown Road, Gaithersburg, MD 20878

**ManorCare Health Services - Largo**
a/k/a Manor Care of Largo, MD, LLC
formerly Manor Care of Largo Inc.
600 Largo Rd, Rte 202 Upper Marlboro, MD 20772

**ManorCare Health Services – Potomac**
a/k/a Manor Care of Potomac MD, LLC
10714 Potomac Tennis Lane, Potomac, MD 20854

**ManorCare Health Services – Roland Park**
a/k/a Manor Care – Roland Park
4669 Falls Road, Baltimore, MD 21209

**ManorCare Health Services – Rossville**
a/k/a Manor Care-Rossville, MD LLC
formerly Manor Care of Rossville, Inc.

6600 Ridge Road, Baltimore, MD 21237

**ManorCare Health Services – Ruxton**
a/k/a Manor Care Ruxton MD, LLC
7001 North Charles Street, Towson, MD 21204

**ManorCare Health Services - Silver Spring**
a/k/a Manor Care of Silver Spring MD, LLC
2501 Musgrove Road, Silver Spring MD 20904

**ManorCare Health Services – Towson**
a/k/a Manor Care of Towson, LLC
509 East Joppa Road, Towson, MD 21286

**ManorCare Health Services – Wheaton**
a/k/a Manor Care of Wheaton MD, LLC
11901 Georgia Ave, Wheaton MD 20902

**Manorcare Health Services - Woodbridge Valley**
1525 North Rolling Road, Catonsville, MD 21228

(Michigan)

**Arbor Manor Care Center, Inc.**
151 2nd Street, Spring Arbor, MI 49283

**Country Manor Care Center, Inc.**
11241 California, Bridgman, MI 49106

**Manorcare Nursing and Rehabilitation Center**
1225 Woodward Avenue, Kingsford, MI 49801

(Missouri)

**Columbia Manor Care Center, Inc.**
2012 Nifong Boulevard, Columbia MO 65201

**Grandview Manor Care Center, Inc.**
5301 Harry Truman Drive, Grandview, MO 64030

**Kirksville Manor Care Center, Inc.**
1705 East Laharpe, Kirksville, MO 63501

11

**La Belle Manor Care Center, Inc.**
1002 Central, La Belle, MO 63447

**ManorCare Health Services – Florissant**
a/k/a Manor Care of Florissant MO, LLC
1200 Graham Road, Florissant, MO 63031

**ManorCare Health Services – Springfield**
a/k/a Manor Care of Springfield MO, LLC
2915 South Fremont, Springfield, MO 65804

**Redwood Manor Care Center, Inc.**
1194 Landon Road, Bourbon, MO 65441

(Nevada)

**ManorCare Health Services – Reno**
a/k/a Manor Care of Reno NV, LLC
3101 Plumas Street, Reno, NV

**ManorCare Health Services – Wingfield Hills**
a/k/a ManorCare of Wingfield Hills, NV, LLC
2350 Wingfield Hills Road, Sparks, NV

**Riverview Manor Care Center, Inc.**
979 Riverview Drive, Gardnerville, NV 89460

(New Jersey)

**King Manor Care and Rehabilitation Center, Inc.**
2303 West Bangs Avenue, Neptune, NJ 07753

**ManorCare Health Services – Cherry Hill**
a/k/a ManorCare of Cherry Hill NJ, LLC
1412 Marlton Pike, Cherry Hill, NJ 08034

**ManorCare Health Services – Mountainside**
1180 Rt. 22 West, Mountainside, NJ 07092

**ManorCare Health Services – New Providence**
a/k/a ManorCare of New Providence NJ, LLC

12

114 Gales Drive, New Providence, NJ 07974

**ManorCare Health Services – Voorhees**
a/k/a ManorCare of Voorhees NJ, LLC
1086 Dumont Circle, Voorhees, NJ 08043

**ManorCare Health Services – Washington Township**
a/k/a ManorCare of Washington Township NJ, LLC
378 Fries Mill Road, Sewell, NJ 08080

**ManorCare Health Services – West Deptford**
a/k/a ManorCare of West Deptford NJ, LLC
550 Jessup Road, West Deptford, NJ 08066

**Stratford Manor Care and Rehabilitation Center, Inc.**
787 Northfield Avenue, West Orange, NJ 07052

(North Carolina)

**ManorCare Health Services – Pinehurst**
a/k/a Manor Care of Pinehurst, Inc.
a/k/a Manor Care of Pinehurst, NC, LLC
205 Rattlesnake Trail Pinehurst, NC 28374

(North Dakota)

**Manor Care of Fargo ND, LLC**
a/k/a ManorCare Health Services - Fargo
1315 S University Dr Fargo, ND 58103

**Manor Care of Minot ND, LLC**
a/k/a ManorCare Health Services - Minot
600 Main Street, Minot, ND

(Ohio)

**HRC ManorCare Properties, LLC**
333 N. Summitt Street, Toledo, OH 43604

**HCR Manor Care Foundation Inc.**
333 N. Summit Street, Toledo, OH 43604

**Hillcrest Manor Care Center, Inc.**
6674 Stafford Rd., Washington Court House, OH 43160

**Manor Care of America, Inc.**
333 N. Summit Street, Toledo, OH  43604

**Manor Care of Akron, OH LLC**
a/k/a ManorCare Health Services - Akron
1211 W Market Street, Akron, OH 44313

**Manor Care-Belden Village of Canton, OH, LLC**
a/k/a ManorCare Health Services – Belden Village of
Canton
5005 Higbee Ave Nw Canton OH

**ManorCare Health Services - Barberton**
85 Third St., Southeast, Barberton, OH 44203

**ManorCare Health Services, Inc.**
333 N. Summit Street, Toledo, OH  43604

**Manor Care of Centerville, Inc.**
a/k/a Heartland of Centerville
a/k/a HCR ManorCare – Centerville
1001 East Alex-Bell Road, Centerville, OH 45459

**Manor Care-Euclid Beach of Cleveland, OH, LLC**
a/k/a ManorCare Health Services – Euclid Beach
16101 Euclid Beach Blvd. Cleveland, OH 44110

**ManorCare Services – Lake Shore**
a/k/a Manor Care at Lake Shore
16101 Lake Shore Blvd Cleveland, OH.

**Manor Care Mt. Airy**
a/k/a Heartland of Mt. Airy
2250 Banning Rd, Cincinnati, OH

**Manor Care of Mayfield Heights OH, LLC**
a/k/a ManorCare Health Services – Mayfield Heights
6757 Mayfield Rd, Mayfield Heights, OH 44124

14

**Manor Care of North Olmstead OH, LLC**
a/k/a ManorCare Health Services – North Olmstead
23225 Lorain Road, N Olmsted, OH 44070

**Manor Care of Parma OH, LLC**
a/k/a ManorCare Health Services - Parma
9055 West Sprague Road, Parma, OH 44133

**Manor Care Properties, Inc.**
333 North Summit, Toledo, OH 43699

**ManorCare Health Services - Rocky River**
a/k/a Manor Care of Rocky River OH, LLC
4102 Rocky River Drive, Cleveland, OH 44135

**Manor Care at Sycamore Glenn**
2175 Leiter Rd Miamisburg, OH.

**Manor Care of Westerville Oh, LLC**
a/k/a ManorCare Health Services - Westerville
140 Old County Line Rd, Westerville, OH 43081

**Manor Care of Willoughby OH, LLC**
a/k/a ManorCare Health Services - Willoughby
37603 Euclid Ave, Willoughby, OH 44094

**Oakhill Manor Care Center, Inc.**
4466 Lynnhaven Avenue NE, Louisville, OK 44641

**Pickaway Manor Care Center, Inc.**
391 Clark Drive, Circleville, OH 43113

(Oklahoma)

**Manor Care of Midwest City OK, LLC**
a/k/a ManorCare Health Services – Midwest City
2900 Parklawn Drive, Midwest City, OK 73110

**Manor Care of Oklahoma City (Northwest), LLC**
a/k/a ManorCare Health Services -Northwest
5301 N Brookline Ave Oklahoma City OK

15

**Manor Care of Oklahoma City (Southwest), LLC**
a/k/a ManorCare Health Services - Southwest
5600 South Walker, Oklahoma City, OK 73109

**Manor Care of Tulsa OK, LLC**
a/k/a ManorCare Health Services – Tulsa
2425 South Memorial Dr., Tulsa, OK 74129

(Pennsylvania)

**Devon Manor Corporation**
a/k/a Manor Care at Devon
235 Lancaster Ave, Devon PA 19333

**Manor Care of Allentown PA, LLC**
a/k/a ManorCare Health Services – Allentown
1265 South Cedar Crest Blvd., Allentown, PA 18103

**Manor Care of Bethel Park PA, LLC**
a/k/a ManorCare Health Services-Bethel Park
60 Highland Park, Bethel Park, PA  15102

**Manor Care of Bethlehem PA (2021), LLC**
a/k/a ManorCare Health Services – Bethlehem (2021)
2021 Westgate Dr., Bethlehem, PA 18017

**Manor Care of Bethlehem PA (2029), LLC**
a/k/a ManorCare Health Services – Bethlehem (2029)
2029 Westgate Dr., Bethlehem, PA 18017

**Manor Care of Camp Hill PA, LLC**
a/k/a ManorCare Health Services – Camp Hill
1700 Market St., Camp Hill, PA  17011

**Manor Care of Carlisle PA, LLC**
a/k/a ManorCare Health Services-Carlisle
940 Walnut Bottom Road, Carlisle, PA  17013

**Manor Care of Chambersburg PA, LLC**
a/k/a ManorCare Health Services – Chambersburg
1070 Stouffer Ave, Chambersburg, PA  17201

16

**Manor Care of Dallastown PA, LLC**
a/k/a ManorCare Health Services – Dallastown
a/k/a ManorCare Health Services – Camp Hill
100 W. Queen Street, Dallastown, PA 17313

**Manor Care of Easton PA, LLC**
a/k/a ManorCare Health Services – Easton
2600 Northampton Street, Easton, PA 18042

**Manor Care of Elizabethtown, LLC**
a/k/a ManorCare Health Services – Elizabethtown
320 S. Market Street, Elizabethtown, PA 17022

**Manor Care-Greentree of Pittsburgh PA, LLC**
a/k/a ManorCare Health Services – GreenTree
1848 Greentree Road, Pittsburgh, PA 15220

**ManorCare Health Services-Harrisburg**
a/k/a Manor Healthcare Corp
800 King Russ Road, Harrisburg, PA 17109

**Manor Care of Huntingdon Valley PA, LLC**
a/k/a ManorCare Health Services-Huntingdon Valley
3430 Huntingdon Pike, Huntingdon Valley, PA 19006

**Manor Care of Jersey Shore PA, LLC**
a/k/a ManorCare Health Services - Jersey Shore
1008 Thompson Street, Jersey Shore, PA 17740

**Manor Care King of Prussia PA, LLC**
a/k/a ManorCare Health Services – King of Prussia
600 W. Valley Forge Road, King of Prussia, PA 19406

**Manor Care of Kingston PA, LLC**
a/k/a ManorCare Health Services – Kingston
200 2nd Ave, Kingston, PA 18704

**Manor Care-Kingston Court of York PA, LLC**
a/k/a ManorCare Health Services – Kingston Court
2400 Kingston Court, York, PA 17402

**Manor Care of Lancaster PA, LLC**

a/k/a ManorCare Health Services – Lancaster
100 Abbeyville Rd, Lancaster, PA 17603

**Manor Care Lansdale of Montgomery PA, LLC**
a/k/a ManorCare Health Services – Lansdale
640 Bethlehem Pike, Montgomery, PA 18936

**Manor Care of Laureldale PA, LLC**
a/k/a ManorCare Health Services – Laureldale
2125 Elizabeth Ave, Laureldale, PA 19605

**Manor Care of Lebanon PA, LLC**
a/k/a ManorCare Health Services – Lebanon
900 Truck Street, Lebanon, PA 17042

**Manor Care of McMurray PA, LLC**
a/k/a ManorCare Health Services – McMurray
113 W. McMurray Road, McMurray, PA 15317

**Manor Care of Monroeville PA, LLC**
a/k/a ManorCare Health Services – Monroeville
885 Macbeth Drive, Monroeville, PA 15146

**Manor Care of North Hills of Pittsburgh PA, LLC**
a/k/a ManorCare Health Services – North Hills
1105 Perry Highway, Pittsburg, PA 15237

**ManorCare of Pottstown, PA, LLC**
a/k/a ManorCare Health Services – Pottstown
724 North Charlotte Street, Pottstown, PA 19464

**Manor Care of Pottsville PA, LLC**
a/k/a ManorCare Health Services – Pottsville
420 Pulaski Drive, Pottsville, PA 17901

**Manor Care of Sinking Spring PA, LLC**
a/k/a ManorCare Health Services – Sinking Spring
300 Windmill Road, Sinking Spring, PA 19608

**Manor Care of Sunbury PA, LLC**
a/k/a ManorCare Health Services – Sunbury
800 Court Street Circle Dr., Sunbury, PA 17801

18

**Manor Care of West Reading PA, LLC**
a/k/a ManorCare Health Services – West Reading
North
425 Buttonwood Street, West Reading, PA  19611

**Manor Care of Whitehall Borough PA, LLC**
a/k/a ManorCare Health Services – Whitehall Borough
505 Weyman Road, Pittsburgh, PA 15236

**Manor Care of Williamsport PA (North), LLC**
a/k/a HCR  ManorCare  North
a/k/a ManorCare Health Services – Williamsport North
300 Leader Drive, Williamsport, PA 17701

**Manor Care of Williamsport PA (South), LLC**
a/k/a ManorCare Health Services – Williamsport South
101 Leader Drive, Williamsport, PA  17710

**Manor Care of Yardley PA, LLC**
a/k/a ManorCare Health Services - Yardley
1480 Oxford Valley Rd, Yardley, PA  19067

**Manor Care of Yeadon PA, LLC**
a/k/a ManorCare Health Services – Yeadon
14 Lincoln Avenue, Yeadon, PA 19050

**Manor Care of York (North) Inc.**
a/k/a Manor Care-North
a/k/a ManorCare Health Services-York North
1770 Barley Road, York, PA 17404

**ManorCare of York (South) Inc.**
a/k/a Manor Care – South
a/k/a ManorCare Health Services – York South
200 Pauline Drive, York, PA 17402

(South Carolina)

**Manor Care of Charleston, Inc.**
a/k/a HCR ManorCare Health Services – Charleston
a/k/a Manor Care Inc.

1137 Sam Rittenburg Blvd, Charleston, SC

**Manor Care of Columbia, Inc.**
a/k/a HCR Manor Care, Columbia
a/k/a Manor Care Inc.
7130 Minstrel Way Ste 130, Columbia, SC

**Manor Care of Lexington, Inc.**
a/b/a Manor Care Nursing and Rehab Center
a/k/a Manor Care Inc.

(South Dakota)

**Manor Care of Aberdeen SD, LLC**
a/k/a ManorCare Health Services - Aberdeen
400 8th Ave NW, Aberdeen, SD  57401

(Tennessee)

**Manor Care of Tennessee, Inc.**
722 Chestnut Street, Chattanooga, TN  37402

(Texas)

**Manor Care of Dallas TX, LLC**
a/k/a ManorCare Health Services – Dallas
3326 Burgoyne, Dallas, TX 75233

**Manor Care of Fort Worth TX, LLC**
a/k/a ManorCare Health Services – Fort Worth
2129 Skyline Drive, Fort Worth, TX 76114

**Manor Care of Houston TX, LLC**
a/k/a ManorCare Health Services – Houston
a/k/a ManorCare Health Services – Sharpview
7505 Bellerive, Houston, TX 77036

**Manor Care of North Richland Hills TX, LLC**
a/k/a ManorCare Health Services – N. Richland Hills
7625 Glenview Drive, North Richland Hills, TX 76180

**Manor Care of San Antonio TX, LLC**
a/k/a ManorCare Health Services – San Antonio
7703 Briaridge, San Antonio, TX 78230

**Manor Care of Webster TX, LLC**
a/k/a ManorCare Health Services - Webster
750 W. Texas Avenue, Webster, TX 77598

(Virginia)

**Manor Care of Alexandria VA, LLC**
d/b/a ManorCare Health Services – Alexandria
1510 Collingwood Road, Alexandria, VA 22308

· **Manor Care of Arlington VA, LLC**
d/b/a ManorCare Health Services - Arlington
550 South Carlin Springs Road
Arlington, Virginia  22204

· **Manor Care – Fair Oaks of Fairfax VA, LLC**
d/b/a ManorCare Health Services – Fair Oaks
12475 Lee Jackson Memoral Hwy., Fairfax, VA 22033

a/k/a **Manor Care of Imperial (Richmond VA), LLC**
a/k/a ManorCare Health Services – Imperial
1719 Bellevue Avenue, Richmond, VA 23227

**Manor Care of Stratford Hall (Richmond VA), LLC**
a/k/a ManorCare Health Services – Stratford Hall
2125 Hilliard Road, Richmond, VA 23228

(Washington)

**ManorCare Health Services of Washington Inc.**
333  N. Summitt Street, Toledo OH

**Manor Care of Gig Harbor WA, LLC**
d/b/a ManorCare
a/k/a HCR IV Healthcare, LLC
3309 45th Street Court NW, Gig Harbor, WA 98335

**Manor Care of Lynwood WA, LLC**
a/k/a ManorCare Health Services – Lynwood
Washington
188th St SW, Lynnwood, WA 98037

**Manor Care of Tacoma WA, LLC**
a/k/a HCR IV Healthcare, LLC
5601 S Orchard Street Tacoma, Washington

(Wisconsin)

**Manor Care of Appleton WI, LLC**
a/k/a ManorCare Health Services - Appleton
1335 S. Oneida Street, Appleton WI 54915

**Manor Care of Fond Du Lac WI, LLC**
265 S National Ave Fond Du Lac WI

**Manor Care of Green Bay WI (East), LLC**
a/k/a ManorCare Health Services East- Green Bay WI
600 S Webster Ave, Green Bay, WI 45301

**Manor Care of Kenosha WI, LLC**
a/k/a ManorCare Health Services - Kenosha
3100 Washington Rd., Kenosha, WI 53144

**Manor Care of Pewaukee WI, LLC**
a/k/a ManorCare Health Services - Pewaukee
N26 W23977 Watertown Rd, Waukesha, WI 53188

**Manor Care of Platteville WI, LLC**
a/k/a ManorCare Health Services - Platteville
1300 N. Water Street, Platteville, WI 53818

**Manor Care of Shawano (East) WI, LLC**
a/k/a ManorCare Health Services – Shawano (East)
1436 S Lincoln St, Shawano, WI 54166

**Manor Care of Shawano (West) WI, LLC**
a/k/a ManorCare Health Services – Shawano (West)
1760 Shawano Avenue, Green Bay, WI 54303

**Also Serve:**
Chuck Rosenberg, U.S. Attorney
Justin W. Williams U.S. Attorney's Bld
2100 Jamieson Avenue
Alexandria, VA 22314

**And Serve:**
U.S. Attorney General Michael B. Mukasey
Department of Justice
Room 4400
950 Pennsylvania Ave, N.W.
Washington, D.C. 20530-0001

## AMENDED COMPLAINT
### FOR FALSE CLAIMS ACT VIOLATIONS, 31 U.S.C. § 3729, ET SEQ.

COMES NOW RELATOR on her own behalf and on behalf of the United States of America, by and through her attorney, against the above named Defendants pursuant to the *qui tam* and retaliation provisions of the Federal Civil False Claims Act, 31 U.S.C. § 3729, *et seq.*, and moves the honorable court for judgment against Defendants, as follows:

### I.    JURISDICTION AND VENUE

1.      This is a civil action arising under the laws of the United States of America to redress violations of federal acts; therefore this Court has subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. § 1331.

2.      This Court has personal jurisdiction over this action pursuant to 31 U.S. C. § 3732(a) of the False Claims Act, which provides that a *qui tam* action may be brought in any judicial district in which the Defendant or, in the case of multiple Defendants, can be found, reside, transact business or in which any act proscribed by § 3729 *et seq.* occurred.

3.      Venue in the Eastern District of Virginia is appropriate under 31 U.S.C. §§ 3732(a) and 28 U.S.C. 1391(b) and (c) because Manor Care Inc., HCR Manor Care, Inc., ManorCare Health Services-

Fair Oaks, the Carlyle Group, Carlyle MC Partners, L.P., Carlyle Partners V MC L.P., and ManorCare Health Services-Arlington, (collectively "Defendants"), transacted business in the Eastern District of Virginia and committed acts proscribed by 31 U.S.C. § 3729 *et seq*.

4.      The causes of action alleged herein are timely brought because of Defendants' efforts to conceal from the United States their wrongdoing in connection with the allegations made herein and because Defendants' conduct, as described below, is ongoing.

## II.      PARTIES

5.      Relator Christine A. Ribik ("Relator" or "Relator Ribik") is a citizen of the United States who resides in the city of Oakton in the Commonwealth of Virginia.   Her address is post office box 530, Oakton, Virginia  22124.   Relator Ribik has been a licensed occupational therapist for over twenty-five (25) years, has published articles in her field and has been a guest lecturer at universities such as Temple University of Philadelphia, Pennsylvania.   Relator Ribik worked as a PRN occupational therapist for Defendant Manor Care from May 2003 until January 2004.   While employed by Defendants, Relator witnessed therapists and other staff members commit numerous offenses in violation of Medicare regulations, which give rise to violations of the False Claims Act as explained in greater detail below.

6.      Prior to filing this Complaint, Relator brought the wrongdoing described herein to Defendants' attention.   Rather than address Relator's concern or attempt to conform to Medicare regulations, Defendants retaliated against Relator in violation of 31 U.S.C. § 3730(h).   Relator has provided the government with information and documents prior to the filing of this Complaint in accordance with 31 U.S.C. § 3730(b)(2).   Relator is an original source of this information and this complaint is not based upon publicly disclosed information.

7.      Defendant Manor Care Inc. d/b/a HCR Manor Care, Inc. ("Manor Care") is a Corporation with its principal place of business at 333 North Summit Street, Toledo, Ohio 43604.  Manor Care is a publicly-traded corporation on the New York Stock Exchange and provides a range of health care

24

services, including skilled nursing care, assisted living, post-acute medical and rehabilitation care, hospice care, home health care and rehabilitation therapy services.  As of December 31, 2006, the company operated 278 skilled nursing facilities including the various facilities that are named as Defendants herein.  The illegal and fraudulent practices at issue directly involve the local Manor Care facilities operating within the states referenced herein as well as the corporate parents, Carlyle Group, Carlyle MC. Partners, L.P., Carlyle Partners V MC, L.P., Manor Care Inc., HCR Manor Care, HCR ManorCare Inc, who controlled the local nursing homes as more fully detailed below.

8.      For its fiscal year ending in 2004, Manor Care Inc. filed with the United States Securities and Exchange Commission an annual 10-K report pursuant to Section 13 and 15(d) of the Securities and Exchange Act of 1934. In its 10-K Manor Care Inc. states:

> Manor Care, Inc., which we also refer to as Manor Care and HCR Manor Care, provides a range of health care services, including skilled nursing, assisted living, subacute medical and rehabilitation care, hospice care, home health care and rehabilitation therapy. . .
>
> We are a leading owner and operator of long term care centers in the United States, with a majority of our facilities operating under the respected Heartland, ManorCare and Arden Courts names.  On December 31, 2004 we operated 729 skilled nursing facilities, 65 assisted living facilities in 31 states with 62% of our facilities located in Florida, Illinois, Michigan, Ohio and Pennsylvania.
>
> Skilled Nursing Centers.  Our facilities use interdisciplinary teams of experienced medical professionals to provide services prescribed by physicians. . . We design "quality of life" programs to give the highest practicable level of functional independence to patients. Licensed therapists provide physical, speech, respiratory, and occupational therapy for patients recovering from strokes, heart attacks, orthopedic conditions, or other illnesses, injuries or disabilities.

9.      In December of 2007 Manor Care Inc. and its respective nursing homes were acquired by the Carlyle Group through a merger that was approved by Manor Care's stockholders on October 17,

2007. The Carlyle Group is not a health care provider and prior to the merger it had no experience in operating long term care facilities.

10. After the merger the Carlyle Group effectively managed and controlled the operation of Defendant nursing homes through its subsidiary companies Carlyle MC Partners, L.P. and Carlyle Partners V MC, L.P. Manor Care stock was no longer traded on the stock exchange. However, the Manor Care management team that was in place at the time of the merger, including President Paul Ormond and his staff, remained in place to operate the business. The Carlyle Group exercised ultimate control over these entities through its policies, procedures, internal guidelines, financial incentives and financial goals. The Carlyle Group also controlled billing and reimbursement decisions that were made at their local nursing homes and further recouped revenues generated by Medicare payments for skilled physical, occupation and speech therapy.

11. As part of the merger, the Carlyle Group issued their "Patient First Pledge" that included promises of training for caregivers, maintaining adequate staffing levels, ensuring quality care, and meeting state and federal requirements. As per Carlyle's press release issued on October 22, 2007,

> We will maintain our primary focus on providing care for patients who require complex medical care and intensive rehabilitation, those whom other providers must often turn away.
>
> We will continue to staff based on our patients' clinical needs, many of whom are higher acuity, while striving to exceed all federal and state regulations
>
> We will provide capital investment that helps ensure Manor Care's facilities continue to be well-maintained, attractive structures, as well as state of the art in their rehabilitation capabilities, clinical technology and record keeping.

12. In effecting the takeover of all Manor Care nursing homes the Carlyle Group restructured Manor Care and its corporate entities in a manner that helped shield them from liability. It used a four-tiered corporate structure using holding companies, limited liability corporations and

26

affiliated corporations. The Carlyle Group owns and operates HCR manor Care Inc, which in turn operates Manor Care Inc. Local nursing facilities are organized as either an LLC or corporation and are typically subsidiaries of Manor Care Inc. or Manor Care Health Services. Only the local nursing home entity is licensed under the local state's laws, with the exception of Ohio, where Manor Care maintains its corporate head quarters. While Defendant Carlyle Group set up complex corporate structures to operate Defendant Manor Care nursing homes, as the corporate parent it retained primary control over all financial aspects of the nursing homes' business, including billing, reimbursement and the management of skilled, occupational and speech therapy in their local state nursing homes.

13.     At all relevant times herein, the corporate Defendants created and developed a system of Regions and Divisions, whereby a local nursing home's administrator would report to a regional head, who in term would report to vice presidents and other corporate offices regarding the financial goals and priorities, including billing and budgetary priorities. Defendants' corporate parent companies including but not limited to Carlyle Group, Carlyle MC. Partners, L.P., Carlyle Partners V MC, L.P., Manor Care Inc., HCR Manor Care, ManorCare Health Services Inc. and HCR ManorCare Inc., all participated in and ratified the fraudulent conduct outlined herein, as it was part of a corporate wide practice and policy of maximizing billing for Medicare A and B in the provision of skilled care, therapy and related services. Moreover, although billing submissions were generated at the individual local nursing homes, financial reimbursement from Medicare was passed up through the corporate chain, and the parent companies derived significant revenues from the fraudulent billing practices more fully described below. Finally, as upper level management participated in the improper billing and as regional heads promoted the fraudulent billing practices, Defendants' parent corporations including but not limited to Carlyle Group, Carlyle MC. Partners, L.P., Carlyle Partners V MC, L.P., Manor Care Inc., HCR Manor Care, ManorCare Health Services Inc. and HCR Manor Care Inc., are directly liable for the fraudulent billing of Medicare.

14.     Defendants Manor Care Inc., HCR Manor Care a/k/a HCR Manor Care Inc, Carlyle Group and its subsidiaries Carlyle MC Partners, L.P. and Carlyle Partners V MC, L.P. were aware at the time of the merger that long term care facilities could obtain higher revenues by focusing on the provision of skilled physical therapy and rehabilitation, which allowed billing beyond the routine Medicare charges allowed in a skilled nursing facility ("SNF").     Defendants Manor Care Inc., HCR Manor Care a/k/a HCR Manor Care Inc,  Carlyle group and its subsidiaries Carlyle MC Partners, L.P. and Carlyle Partners V MC, L.P.  knew or should have known of the various fraudulent and improper billing practices described below, yet failed to take any affirmative action to prevent these ongoing abuses.    To the contrary, since these unlawful billing practices increased Medicare revenues, they were condoned and encouraged as part of a corporate wide  strategy to maximize billing for skilled therapy and related services.    After the merger, ManorCare facilities, as part of a corporate wide strategy, increased billing goals for their skilled therapy staff including  physical, occupational and speech therapy.

15.     At all times herein all Defendants referenced herein, including the corporate parent and individual nursing homes, were involved in a joint venture.    These Defendants combined their staff and resources for purposes of engaging in a joint business enterprise, with the understanding that they would share in the profits or losses.    Although the parent corporations managed the operation of the nursing home chain, each local SNF had a had a voice in the operation of their respective facility.

16.     Defendant Manor Care of Alexandria, VA, LLC d/b/a ManorCare Health Services – Alexandria, a subsidiary of HCR Manor Care, Inc. was at all times alleged herein operating a skilled care nursing facility at 1510 Collingwood Road, Alexandria, Virginia.  ManorCare Fair Oaks, owned by HCR Manor Care, was directly involved in illegal and fraudulent billing practices, as more fully described below.    At relevant times described herein, Relator Ribik worked at Manor Care of Alexandria and observed firsthand the various improper, fraudulent and illegal billing practices described herein.

17.     Defendant Manor Care-Fair Oaks of Fairfax VA, LLC d/b/a ManorCare Health Services–Fair Oaks ("ManorCare Fair Oaks") is a subsidiary of HCR Manor Care, Inc. ManorCare-Fair Oaks is located at 12475 Lee Jackson Memorial Highway, Fairfax, VA 22033. ManorCare Fair Oaks is a skilled nursing facility as well as an Alzheimer's assisted living center offering services that include subacute medical and rehabilitation programs for short term patients transitioning from hospital to home, skilled nursing care and Alzheimer's care. Defendant ManorCare Fair Oaks has a total of 145 beds, 59 of which are located in the skilled nursing facility. ManorCare Fair Oaks, owned by HCR Manor Care, was directly involved in illegal and fraudulent billing practices, as more fully described below. At relevant times described herein, Relator Ribik worked at Manor Care of Fair Oaks and observed firsthand the various improper, fraudulent and illegal billing practices described herein.

18.     Defendant Manor Care of Arlington VA, LLC, d/b/a ManorCare Health Services–Arlington ("ManorCare Arlington"), is a subsidiary of Manor Care, Inc. ManorCare Arlington is located at 550 South Carlin Springs Road, Arlington, Virginia 22204. ManorCare Arlington is a 171-bed skilled nursing and rehabilitation therapy services center offering services which include subacute medical and rehabilitation programs for short term patients transitioning from hospital to home and skilled nursing care. ManorCare Arlington, owned and operated by Manor Care Inc, was directly involved in illegal and fraudulent practices, as more fully described below. At relevant times described herein, Relator Ribik worked at Manor Care of Fair Oaks and observed firsthand the various improper, fraudulent and illegal billing practices described herein.

19.     During all relevant periods of time herein in the state of Arizona, Defendants Carlyle Group a/k/a Carlyle-Manor Care, Manor Care Inc., and HCR Manor Care operated additional skilled care facilities receiving Medicare including, but not limited to ManorCare Health Services of Arizona, Inc., which participated in the illegal and fraudulent billing practices as described herein.

29

20.     During all relevant periods of time herein in the state of Arkansas, Defendants Carlyle Group a/k/a Carlyle-Manor Care, Manor Care Inc., and HCR Manor Care operated additional skilled care facilities receiving Medicare, including but not limited to Heather Manor Care Center, Inc. a/k/a Heather Manor Nursing and Rehab Center; Sytella Manor Care Center, Inc., which participated in the illegal and fraudulent billing practices as described herein.

21.     During all relevant periods of time herein in the state of California, Defendants Carlyle Group a/k/a Carlyle-Manor Care, Manor Care Inc., HCR Manor Care, Carlyle MC Partners LP, Carlyle Partners, LLC, Carlyle Group LLC, and Manor Care of California Inc., operated additional skilled care facilities receiving Medicare, including but not limited to the following: Broadway Manor Care Center, Inc.; Desert Manor Care Center LP; Fredericka Manor Care Center, Inc.; Kingsley Manor Care Center, Inc.; Manor Care of Citrus Heights CA, LLC; Manor Care of Fountain Valley, CA, LLC; Manor Care of Sunnyvale, CA, LLC; Manor Care of Hemet, CA, LLC; Manor Care of Palm Desert CA, LLC a/k/a ManorCare Health Services – Palm Desert; ManorCare Health Services –Tice Valley; Manor Care of Rancho Bernardo CA, LLC; Pine Manor Care Home, Inc; Pleasant Manor Care Home, Inc; Walnut Manor Care Center, Inc.; Valencia Manor Care, Inc.; Villa Manor Care Center, Inc. All the above California subsidiaries participated in the fraudulent and illegal billing described herein.

22.     During all relevant periods of time herein in the state of Colorado, Defendants Carlyle Group a/k/a Carlyle-Manor Care, Manor Care Inc., Carlyle MC Partners LP, and HCR Manor Care operated additional skilled care facilities receiving Medicare, including but not limited to the following: Ashley Manor Care Centers, Inc.; Berkley Manor Care Center, Inc.; CCF-Manor Care, LLC; Columbine Manor Care Center, Inc.; Grace Manor Care Center a/k/a Burlington Nursing Home, LLC; HRC Manorcare Medical Services of Florida, Inc.; HRC ManorCare Properties, LLC; Laurel Manor Care Center, Inc.; ManorCare Health Services – Boulder a/k/a ManorCare Health Services Inc. formerly ManorCare Health Services of Colorado; ManorCare Health Services - Denver a/k/a ManorCare Health Services,

30

Inc.; Valley Manor Care Center, Inc.; Wheatridge Manor Care Center a/k/a 33 Southmoor Properties, Inc. All the above Colorado subsidiaries participated in the fraudulent and illegal billing described herein.

23.     During all relevant periods of time herein in the state of Connecticut, Defendants Carlyle Group a/k/a Carlyle-Manor Care, Manor Care Inc., Carlyle MC Partners, LP and HCR Manor Care operated additional skilled care facilities receiving Medicare, including but not limited to Pilgrim Manor Care Center, Inc. and Westfield Manor Care Center, Inc. Both Connecticut subsidiaries participated in the fraudulent and illegal billing described herein

24.     During all relevant periods of time herein in the state of Delaware, Defendants Carlyle Group a/k/a Carlyle-Manor Care, Manor Care Inc., Carlyle MC Partners, LP, and HCR Manor Care operated additional skilled care facilities receiving Medicare, including but not limited to: ManorCare Health Services – Pike Creek and ManorCare Health Services-Wilmington. Both Delaware facilities participated in the fraudulent and illegal billing practices described herein.

25.     During all relevant periods of time herein in the state of Florida, Defendants Carlyle Group a/k/a Carlyle-Manor Care, Manor Care Inc., Carlyle MC Partners, LP, Manor Care of Florida Inc., Manor Care Heatlh Services, Inc., Manor Care Investments, LLC and HCR Manor Care operated additional skilled care facilities receiving Medicare, including but not limited to the following: HRC ManorCare Medical Services of Florida, LLC; ManorCare Health Services, Inc.; Manor Care of Boca Raton, Inc. a/k/a Manor Care of Boca Raton FL, LLC; Manor Care of Boynton Beach, Inc. a/k/a ManorCare Services of Boynton Beach FL, LLC.; Manor Care of Brevard, Inc.; Manor Care of Broward, Inc.; Manor Care-Carrollwood of Tampa, FL, LLC a/k/a ManorCare Health Services-Carrollwood of Tampa Florida; Manor Care of Delray Beach, FL, LLC, a/k/a ManorCare Health Services - Delray; ManorCare Health Services – Delray; Manor Care of Dunedin, FL, LLC; ManorCare of Fort Myers, Inc.,

31

a/k/a ManorCare Health Services of Fort Myers, Inc.; ManorCare-Lely Palms of Naples, FL (SH), LLC; Manor Care of Palm Harbor, FL, LLC a/k/a ManorCare Health Services – Palm Harbor; ManorCare of Plantation, Inc. a/k/a ManorCare Health Services of Plantation, Inc.; Manor Care of Sarasota, Inc. a/k/a ManorCare Nursing Center of Sarasota FL, LLC; ManorCare of Venice FL, LLC; ManorCare of West Palm Beach, FL LLC a/k/a ManorCare Health Services – West Palm Beach; ManorCare of Winter Park, FL LLC, a/k/a ManorCare Health Services – Winter Park. All the Florida facilities named above participated in the fraudulent and illegal billing practices described herein.

26. During all relevant periods of time herein in the state of Georgia, Defendants Carlyle Group a/k/a Carlyle-Manor Care, Manor Care Inc., Carlyle MC Partners, LP, Manor Care Health Services of Georgia Inc. and HCR Manor Care operated additional skilled care facilities receiving Medicare, including but not limited to the following: GCI Valley Manor Care Health Center; Manor Care of Covington, L.L.C.; ManorCare of Marietta GA, LLC a/k/a ManorCare of Marietta Nursing and Rehab; ManorCare Rehabilitation Center of Decatur GA, LLC a/k/a ManorCare Rehab Center – Decatur; a/k/a ManorCare Health Services – Decatur. All the Georgia facilities named above participated in the fraudulent and illegal billing practices described herein.

27. During all relevant periods of time herein in the state of Illinois, Defendants Carlyle Group a/k/a Carlyle-Manor Care, Manor Care Inc., Carlyle MC Partners, LP and HCR Manor Care operated additional skilled care facilities receiving Medicare, including but not limited to the following: Manor Care of Arlington Heights IL, LLC, a/k/a ManorCare Health Services – Arlington Heights; Manor Care of Champaign IL, LLC, a/k/a ManorCare Health Services Champaign; Manor Care of Northbrook IL, LLC; Manor Care of Elgin IL, LLC; Manor Care of Elk Grove Village IL, LLC a/k/a ManorCare Health Services – Elk Grove Village; Manor Care of Highland Park, IL LLC, a/k/a ManorCare of Highland Park; Manor Care of Hinsdale, IL LLC a/k/a ManorCare of Hinsdale; Manor Care of Homewood IL, LLC a/k/a ManorCare Health Services – Homewood; Manor Care of Kankakee, IL LLC a/k/a ManorCare of Health

32

Services-Kankakee; Manor Care of Libertyville, IL LLC a/k/a ManorCare Health Services-Libertyville; ManorCare of Naperville, IL LLC a/k/a ManorCare Health Services – Naperville; ManorCare of Northbrook, IL LLC, a/k/a ManorCare Health Services – Northbrook; ManorCare of Oak Law (East) IL, LLC a/k/a ManorCare Health Services – Oak Lawn East; ManorCare of Oak Lawn (West ) IL, LLC; ManorCare Health Services – Skolie IL, ManorCare of Palos Heights, IL, LLC; ManorCare of Palos Heights (West), IL, LLC; ManorCare of Rolling Meadows, IL, LLC; ManorCare of South Holland IL, LLC; Rutledge Manor Care Home, Inc; ManorCare of Westmont IL, LLC; ManorCare of Wilmette IL, LLC. All the Illinois facilities named above participated in the fraudulent and illegal billing practices described herein.

28. During all relevant periods of time herein in the state of Indiana, Defendants Carlyle Group a/k/a Carlyle-Manor Care, Manor Care Inc., Carlyle MC Partners, LP and HCR Manor Care operated additional skilled care facilities receiving Medicare, including but not limited to the following: ManorCare – Anderson, Indiana; ManorCare of Prestwick Avon IL, LLC, a/k/a ManorCare Health Services – Prestwick; ManorCare Health Services – Prestwick Avon, Indiana; ManorCare Health Services – Summer Trace; ManorCare Health Services – Indy South. All the Indiana facilities named above participated in the fraudulent and illegal billing practices described herein.

29. During all relevant periods of time herein in the state of Iowa, Defendants Carlyle Group a/k/a Carlyle-Manor Care, Manor Care Inc., Carlyle MC Partners, LP and HCR Manor Care operated additional skilled care facilities receiving Medicare, including but not limited to the following: ManorCare of Cedar Rapids, IA, LLC a/k/a ManorCare Health Services – Cedar Rapids; ManorCare of Davenport, IA, LLC a/k/a ManorCare Health Services – Davenport; ManorCare of Dubuque IA, LLC a/k/a ManorCare Health Services – Dubuque; ManorCare of Waterloo, IA, LLC a/k/a ManorCare Health Services – Waterloo; ManorCare of West Des Moines, IA, LLC a/k/a ManorCare Health Services – West Des Moines; ManorCare of Utica Ridge, IA, LLC, a/k/a ManorCare Health Services – Utica Ridge; Greenwood ManorCare Center, Inc.; Linn ManorCare Center, Inc.; Northbrook ManorCare Center, Inc.;

33

Tabor ManorCare Center Inc. All the Iowa facilities named above participated in the fraudulent and illegal billing practices described herein.

30.     During all relevant periods of time herein in the state of Kansas, Defendants Carlyle Group a/k/a Carlyle-Manor Care, Manor Care Inc., Carlyle MC Partners, LP, ManorCare Health Services of Kansas Inc., and HCR Manor Care operated additional skilled care facilities receiving Medicare, including but not limited to the following: ManorCare of Overland Park Kansas, LLC a/k/a ManorCare Health Services – Overland Park; ManorCare of Topeka Kansas, LLC a/k/a ManorCare Health Services – Topeka; ManorCare of Wichita Kansas, LLC a/k/a ManorCare Health Services – Wichita. All of the Kansas facilities named above participated in the fraudulent and illegal billing practices described herein.

31.     During all relevant periods of time herein in the state of Kentucky, Defendants Carlyle Group a/k/a Carlyle-Manor Care, Manor Care Inc., Carlyle MC Partners, LP and HCR Manor Care operated additional skilled care facilities receiving Medicare, including but not limited to the following: ManorCare of Mt. Holly, Inc.; Woodcrest Manor Care Center, Inc.; ManorCare of St. Matthews Manor, Inc.     All of the Kentucky facilities named above participated in the fraudulent and illegal billing practices described herein.

32.     During all relevant periods of time herein in the state of Maryland, Defendants Carlyle Group a/k/a Carlyle-Manor Care, Manor Care Inc., Carlyle MC Partners, LP, ManorCare Foundation Inc. and HCR Manor Care operated additional skilled care facilities receiving Medicare, including but not limited to the following: ManorCare Health Services – Bethesda a/k/a Manor Care of Bethesda MD, LLC formerly Manor Care of Bethesda, Inc.; ManorCare Health Services – Chevy Chase a/k/a Manor Care of Chevy Chase MD, LLC; ManorCare Health Service – Dulaney a/k/a Manor Care – Dulaney MD, LLC; ManorCare Health Services Largo a/k/a Manor Care – Largo, MD, LLC formerly Manor Care of Largo

34

Inc.; ManorCare Health Services – Potomac a/k/a Manor Care of Potomac MD, LLC; ManorCare Health Services – Roland Park a/k/a Manor Care – Roland Park; ManorCare Health Services – Rossville a/k/a Manor Care-Rossville, MD LLC formerly Manor Care of Rossville, Inc.; ManorCare Health Services – Ruxton a/k/a Manor Care Ruxton MD, LLC; ManorCare Health Services-Silver Spring a/k/a Manor Care of Silver Spring MD, LLC; ManorCare Health Services – Towson a/k/a Manor Care of Towson, LLC; ManorCare Health Services – Wheaton a/k/a Manor Care of Wheaton MD, LLC; Manorcare Health Services – Woodbridge Valley. All of the Maryland facilities named above participated in the fraudulent and illegal billing practices described herein.

33.    During all relevant periods of time herein in the state of Michigan,  Defendants Carlyle Group a/k/a Carlyle-Manor Care, Manor Care Inc., Carlyle  MC Partners, LP and HCR Manor Care operated additional skilled care facilities receiving Medicare including, but not limited to: Arbor Manor Care Center, Inc.; Country Manor Care Center, Inc.; ManorCare Nursing and Rehabilitation Center. All of the Michigan facilities named above participated in the fraudulent and illegal billing practices described herein.

34.    During all relevant periods of time herein in the state of Missouri, Defendants  Carlyle Group a/k/a Carlyle-Manor Care, Manor Care Inc., Carlyle  MC Partners, LP and HCR Manor Care operated additional skilled care facilities receiving Medicare including, but not limited to: Columbia Manor Care Center, Inc.; Grandview Manor Care Center, Inc.; Kirksville Manor Care Center, Inc.; La Belle Manor Care Center, Inc.; ManorCare Health Services – Florissant, a/k/a Manor Care of Florissant MO, LLC; ManorCare Health Services – Springfield, a/k/a Manor Care of Springfield MO, LLC; Redwood Manor Care Center, Inc. All of the Missouri facilities named above participated in the fraudulent and illegal billing practices described herein.

35

35.     During all relevant periods of time herein in the state of Nevada, Defendants Carlyle Group a/k/a Carlyle-Manor Care, Manor Care Inc., and HCR Manor Care operated additional skilled care facilities receiving Medicare, including but not limited to the following: ManorCare Health Services – Reno a/k/a Manor Care of Reno NV, LLC; ManorCare Health Services – Wingfield Hills a/k/a ManorCare of Wingfield Hills, NV, LLC; Riverview Manor Care.     All of the Nevada facilities named above participated in the fraudulent and illegal billing practices described herein.

36.     During all relevant periods of time herein in the state of New Jersey, Defendants Carlyle Group a/k/a Carlyle-Manor Care, Manor Care Inc., Carlyle MC Partners, LP and HCR Manor Care operated additional skilled care facilities receiving Medicare including, but not limited to: King Manor Care and Rehabilitation Center, Inc.; ManorCare Health Services – Cherry Hill; ManorCare Health Services – Mountainside; ManorCare Health Services – New Providence, a/k/a ManorCare of New Providence NJ, LLC; ManorCare Health Services – Voorhees; ManorCare Health Services – Washington Township, a/k/a ManorCare of Washington Township NJ, LLC; ManorCare Health Services – West Deptford, a/k/a ManorCare of West Deptford NJ, LLC; Stratford Manor Care and Rehabilitation Center, Inc.     All of the New Jersey facilities named above participated in the fraudulent and illegal billing practices described herein.

37.     During all relevant periods of time herein in the state of North Carolina, Defendants Carlyle Group a/k/a Carlyle-Manor Care, Manor Care Inc., Carlyle MC Partners, LP and HCR Manor Care operated an additional skilled care facility receiving Medicare, specifically ManorCare Health Services – Pinehurst a/k/a Manor Care of Pinehurst, Inc., a/k/a Manor Care of Pinehurst, NC, LLC.  This North Carolina facility participated in the fraudulent and illegal billing practices described herein.

38.     During all relevant periods of time herein in the state of North Dakota, Defendants Carlyle Group a/k/a Carlyle-Manor Care, Manor Care Inc., Carlyle MC Partners, LP and HCR Manor Care

36

operated additional skilled care facilities receiving Medicare, including but not limited to Manor Care of Fargo ND, LLC a/k/a ManorCare Health Services – Fargo and   Manor Care of Minot ND, LLC a/k/a ManorCare Health Services – Minot.  Both of the North Dakota facilities named above participated in the fraudulent and illegal billing practices described herein.

  39. During all relevant periods of time herein in the state of Ohio, Defendants Carlyle Group a/k/a Carlyle-Manor Care, Manor Care Inc., Carlyle MC Partners, LP and HCR Manor Care operated additional skilled care facilities receiving Medicare, including but not limited to the following: Hillcrest Manor Care Center, Inc.; Manor Care of Akron, OH LLC a/k/a ManorCare Health Services – Akron; Manor Care-Belden Village of Canton, OH, LLC a/k/a ManorCare Health Services – Belden Village of Canton; ManorCare Health Services-Barberton; Manor Care of Centerville, Inc. a/k/a Heartland of Centerville; a/k/a HCR ManorCare – Centerville; Manor Care-Euclid Beach of Cleveland, OH, LLC a/k/a ManorCare Health Services – Euclid Beach; ManorCare Services – Lake Shore a/k/a Manor Care at Lake Shore; Manor Care Mt. Airy a/k/a Heartland of Mt. Airy; Manor Care of Mayfield Heights OH, LLC a/ka/ ManorCare Health Service – Mayfield Heights; Manor Care of North Olmstead OH, LLC a/k/a ManorCare Health Services – North Olmstead; Manor Care of Parma OH, LLC a/k/a ManorCare Health Services – Parma; Manor Care Properties, Inc.; ManorCare Health Services-Rocky River; Manor Care at Sycamore Glenn; Manor Care of Westerville Oh, LLC a/k/a ManorCare Health Services – Westerville; Manor Care of Willoughby OH, LLC a/k/a ManorCare Health Services – Willoughby; Oakhill Manor Care Center, Inc; Pickaway Manor Care Center, Inc.  All of the Ohio facilities named above participated in the fraudulent and illegal billing practices described herein.

  40. During all relevant periods of time herein in the state of Oklahoma, Defendants  Carlyle Group a/k/a Carlyle-Manor Care, Manor Care Inc., Carlyle MC Partners, LP and HCR Manor Care operated additional skilled care facilities receiving Medicare,  including but not limited to the following: Manor Care of Midwest City OK, LLC a/k/a ManorCare Health Services – Midwest; Manor Care of

Oklahoma City (Northwest), LLC a/k/a ManorCare Health Services – Northwest; Manor Care of Oklahoma City (Southwest), LLC a/k/a ManorCare Health Services – Southwest; Manor Care of Tulsa OK, LLC a/k/a ManorCare Health Services – Tulsa.     All of the Oklahoma facilities named above participated in the fraudulent and illegal billing practices described herein.

41.     During all relevant periods of time herein in the state of Pennsylvania, Defendants Carlyle Group a/k/a Carlyle-Manor Care, Manor Care Inc., Carlyle MC Partners, LP and HCR Manor Care operated additional skilled care facilities receiving Medicare, including but not limited to the following: Devon Manor Corporation a/k/a Manor Care at Devon; Manor Care of Allentown PA, LLC a/k/a ManorCare Health Services – Allentown; Manor Care of Bethel Park PA, LLC a/k/a ManorCare Health Services – Bethel Park; Manor Care of Bethlehem PA (2021), LLC a/k/a ManorCare Health Services – Bethlehem (2021); Manor Care of Bethlehem PA (2029), LLC a/k/a ManorCare Health Services – Bethlehem (2029); Manor Care of Camp Hill PA, LLC a/k/a ManorCare Health Services – Camp Hill; Manor Care of Carlisle PA, LLC a/k/a ManorCare Health Services-Carlisle; Manor Care of Chambersburg PA, LLC a/k/a ManorCare Health Services – Chambersburg; Manor Care of Dallastown PA, LLC a/k/a ManorCare Health Services – Dallastown; a/k/a ManorCare Health Services – Camp Hill; Manor Care of Easton PA, LLC a/k/a ManorCare Health Services – Easton; Manor Care of Elizabethtown, LLC a/k/a ManorCare Health Services – Elizabethtown; Manor Care-GreenTree of Pittsburgh PA, LLC a/k/a ManorCare Health Services – GreenTree; ManorCare Health Services-Harrisburg a/k/a Manor Healthcare Corp; Manor Care of Huntingdon Valley PA, LLC a/k/a ManorCare Health Services-Huntingdon Valley; Manor Care of Jersey Shore PA, LLC a/k/a ManorCare Health Services-Jersey Shore; Manor Care King of Prussia PA, LLC a/k/a ManorCare Health Services – King of Prussia; Manor Care of Kingston PA, LLC a/k/a ManorCare Health Services – Kingston; Manor Care-Kingston Court of York PA, LLC a/k/a ManorCare Health Services – Kingston Court; Manor Care of Lancaster PA, LLC a/k/a ManorCare Health Services – Lancaster; Manor Care of Lansdale Montgomery PA, LLC a/k/a ManorCare

Health Services – Lansdale; Manor Care of Laureldale PA, LLC a/k/a ManorCare Health Services – Laureldale; Manor Care of Lebanon PA, LLC a/k/a ManorCare Health Services – Lebanon; Manor Care of McMurray PA, LLC a/k/a ManorCare Health Services – McMurray; Manor Care of Monroeville PA, LLC a/k/a ManorCare Health Services – Monroeville; Manor Care of North Hills of Pittsburgh PA, LLC a/k/a ManorCare Health Services – North Hills; ManorCare of Pottstown PA, LLC a/k/a ManorCare Health Services – Pottstown; Manor Care of Pottsville PA, LLC a/k/a ManorCare Health Services – Pottsville; Manor Care of Sinking Spring PA, LLC a/k/a ManorCare Health Services – Sinking Spring; Manor Care of Sunbury PA, LLC a/k/a ManorCare Health Services – Sunbury; Manor Care of West Reading PA, LLC a/k/a ManorCare Health Services – West Reading North; Manor Care of Whitehall Borough PA, LLC, a/k/a ManorCare Health Services – Whitehall Borough; Manor Care of Williamsport PA (North), LLC a/k/a ManorCare Health Services – Williamsport North; Manor Care of Williamsport PA (South), LLC a/k/a ManorCare Health Services – Williamsport South; Manor Care of Yardley PA, LLC a/k/a ManorCare Health Services – Yardley; Manor Care of Yeadon PA, LLC a/k/a ManorCare Health Services – Yeadon; Manor Care of York (North) Inc. a/k/a Manor Care-North; a/k/a ManorCare Health Services – York North; ManorCare of York (South) Inc. a/k/a Manor Care – South; a/k/a ManorCare Health Services – York South. All of the Pennsylvania facilities named above participated in the fraudulent and illegal billing practices described herein.

42. During all relevant periods of time herein in the state of South Carolina, Defendants The Carlyle Group a/k/a Carlyle-Manor Care, Manor Care Inc., Carlyle MC Partners, LP and HCR Manor Care operated additional skilled care facilities receiving Medicare, including but not limited to the following: Manor Care of Charleston, Inc. a/k/a HCR ManorCare Health Services – Charleston; Manor Care of Columbia, Inc. a/k/a HCR Manor Care, Columbia a/k/a Manor Care Inc.; Manor Care of Lexington, Inc. d/b/a Manor Care Nursing and Rehab Center; a/k/a Manor Care Inc.. All of the South

Carolina facilities named above participated in the fraudulent and illegal billing practices described herein.

43.     During all relevant periods of time herein in the state of South Dakota, Defendants Carlyle Group a/k/a Carlyle-Manor Care, Manor Care Inc., and HCR Manor Care operated additional skilled care facilities receiving Medicare, including but not limited to Manor Care of Aberdeen SD, LLC. This South Dakota facility participated in the fraudulent and illegal billing practices described herein.

44.     During all relevant periods of time herein in the state of Tennessee, Defendants Carlyle Group a/k/a Carlyle-Manor Care, Manor Care Inc., and HCR Manor Care operated additional skilled care facilities receiving Medicare, including but not limited to Manor Care of Tennessee Inc., which participated in the fraudulent and improper billing described herein.

45.     During all relevant periods of time herein in the state of Texas, Defendants Carlyle Group a/k/a Carlyle-Manor Care, Manor Care Inc., Carlyle MC Partners, LP and HCR Manor Care operated additional skilled care facilities receiving Medicare, including but not limited to the following: Manor Care of Dallas TX, LLC, a/k/a ManorCare Health Services – Dallas; Manor Care of Fort Worth TX, LLC, a/k/a ManorCare Health Services – Fort Worth; Manor Care of Houston, TX, LLC, a/k/a ManorCare Health Service – Houston, a/k/a ManorCare Health Services – Sharpview; ManorCare of North Richland Hills TX, LLC, a/k/a ManorCare Health Services – N. Richland Hills; Manor Care of San Antonio TX, LLC, a/k/a ManorCare Health Services – San Antonio; Manor Care of Webster TX, LLC, a/k/a ManorCare Health Services – Webster. All of the Texas facilities named above participated in the fraudulent and illegal billing practices described herein.

46.     During all relevant periods of time herein in the state of Virginia, Defendants Carlyle Group a/k/a Carlyle-Manor Care, Manor Care Inc., Carlyle MC Partners, LP, Carlyle Partners V MC, LP and HCR Manor Care operated additional skilled care facilities receiving Medicare, including but not

limited to the following: ManorCare Health Services – Alexandria, a/k/a Manor Care of Alexandria VA, LLC; ManorCare Health Services – Arlington, a/k/a Manor Care of Arlington VA, LLC; ManorCare Health Services – Fair Oaks, a/k/a Manor Care of Fair Oaks VA, LLC; ManorCare Health Services – Imperial, a/k/a Manor Care of Imperial (Richmond VA), LLC; ManorCare Health Services – Stratford Hall, LLC, a/k/a Manor Care of Stratford Hall (Richmond VA), LLC. All of the Virginia facilities named above participated in the fraudulent and illegal billing practices described herein.

47.     During all relevant periods of time herein in the state of Washington, Defendants Carlyle Group a/k/a Carlyle-Manor Care, Manor Care Inc., Carlyle MC Partners, LP ManorCare Health Services of Washington Inc.and HCR Manor Care operated additional skilled care facilities receiving Medicare, including but not limited to the following:  Manor Care of Gig Harbor WA, LLC d/b/a ManorCare; a/k/a HCR IV Healthcare, LLC; Manor Care of Lynwood WA, LLC a/k/a ManorCare Health Services – Lynwood Washington; Manor Care of Tacoma WA, LLC a/k/a HCR IV Healthcare, LLC.  All of the Washington facilities named above participated in the fraudulent and illegal billing practices described herein.

48.     During all relevant periods of time herein in the state of Wisconsin, Defendants  Carlyle Group a/k/a Carlyle-Manor Care, Manor Care Inc., Carlyle MC Partners, LP and HCR Manor Care operated additional skilled care facilities receiving Medicare,  including but not limited to the following: Manor Care of Appleton WI, LLC, a/k/a ManorCare Health Services – Appleton; Manor Care of Fond Du Lac WI, LLC; Manor Care of Green Bay WI (East), LLC a/k/a ManorCare Health Services East – Green Bay WI; ManorCare of Kenosha WI, LLC, a/k/a ManorCare Health Services – Kenosha; Manor Care of Pewaukee WI, LLC, a/k/a ManorCare Health Services – Pewaukee; ManorCare of Platteville WI LLC, a/k/a ManorCare Health Services – Platteville; Manor Care of Shawano WI, LLC, a/k/a ManorCare Health Services  Shawano (East); Manor Care of Shawano (West) WI, LLC, a/k/a ManorCare Health

41

Services – Shawano (West). All of the Wisconsin facilities named above participated in the fraudulent and illegal billing practices described herein.

## A. Medicare

49.     The Medicare Program ("Medicare") is the federal health insurance program for the aged and disabled established by Congress in 1965 as Title XVIII of the Social Security Act and codified at 42 U.S.C. § 1395, *et seq.* Medicare is administered through the Centers for Medicare and Medicaid Services ("CMS"), formerly the Health Care Financing Administration ("HCFA"). CMS is a division of the United States Department of Health and Human Services ("HHS"). Defendants are certified and approved as providers or suppliers under the Medicare Program.

50.     The Medicare Program is divided into three parts: (a) hospital insurance (also known as Part A), (b) supplementary medical insurance, (also known as Part B), which pays for covered services rendered to beneficiaries in Skilled Nursing Facilities ("SNF") under both Part A and Part B of the Program, and (c) Part C of the Medicare Program, or "Medicare + Choice," which provides new health care options in addition to basic Medicare benefits. *See* 42 U.S.C. §§ 1395 through 1395i-5 (Part A – Hospital Insurance Benefits for the Aged and Disabled); *See also* 42 U.S.C. §§ 1395j through 1395w-4 (Part B – Supplemental Medical Insurance Benefits for the Aged and Disabled); 42 U.S.C. § 1395w-21 (Medicare + Choice Plan).

### 1.     Medicare Part A

51.     Medicare Part A ("Part A") is so called because the governing law is found in Part A of Title XVIII of the Social Security Act. Some of the services that are covered under Part A include, without limitation: (a) part-time or intermittent skilled nursing care and home health aid services; (b) physical,

42

speech and occupational therapy; (c) medical equipment and supplies; and (d) social services.  *See* 42

U.S.C. §§ 1395 through 1395i-5 (Part A – Hospital Insurance Benefits for the Aged and Disabled).

52.     In order to receive coverage under Part A for SNF care, beneficiaries must continue to

meet regular eligibility requirements.  That is, a beneficiary must have been an inpatient of a hospital for

a medically necessary stay of at least three (3) consecutive calendar days.  In addition, within thirty (30)

days after discharge from a hospital, the beneficiary must have been transferred to a SNF that signed a

participating agreement with CMS.  Further, the beneficiary must require daily skilled nursing or

rehabilitation services.  42 U.S.C. § 1395x(i); HCFA Skilled Nursing Facility Manual, Chapter 2 – Coverage

of Services, § 212, *et seq*.

53.     If a beneficiary meets these eligibility requirements, Medicare provides one hundred

(100) days of Part A SNF coverage per benefit period.  42 U.S.C. § 1395(a)(2).

## 2.     Medicare Part B

54.     Medicare Part B ("Part B") provides supplemental medical insurance and only provides

for payment of those services that are medically necessary.  *See* 42 C.F.R. § 410.3 (Scope of Benefits).

55.     Part B is a voluntary program financed in part through premiums paid by the

participants.  Each Part B participant must pay a basic monthly premium as well as any deductible or co-

insurance amount.  *See* CMS Carrier Manual, Part 3, Chapter I – Entitlement and Enrollment, § 208.

56.     Part B is also funded by the Federal Government.  There are two ways that the

government makes payment under Part B of the Medicare Program:  (1) directly to the physician or

facility – the assignment method; or (2) to the patient who is obligated to reimburse the physician or

facility.  *See* CMS Carrier, Manual, Part 3, Chapter III – Claims Filing Jurisdiction and Development

Procedures, § 3001.

**B.      Medicare and SNFs**

57.      Section 4432(a) of the Balanced Budget Act ("BBA") of 1997 modified how payment was made by the government for SNF services.  Effective with cost reporting periods beginning on or after July 1, 1998, SNFs transitioned to the Prospective Payment System ("PPS").  Under the PPS, SNFs received a fixed *per diem* rate for all Part A post-hospital extended care services.  As such, SNFs could no longer bill the government based on reasonable costs or through low volume, prospectively determined rates for covered Part A SNF services provided to patients.

**1.      Setting Payment Rates (using RUGs)**

58.      The initial payment rates to SNFs set in 1998 reflected the projected amount that SNFs received in 1995, updated for inflation.  The base payment rates were computed separately for urban and rural areas and were updated annually based on the projected increase in the SNF market basket index, a measure of the national average price level for the goods and services SNFs purchase to provide care.

59.      Daily payments to SNFs are determined by adjusting the base payment rates for geographic differences in labor costs and case mix.  To adjust for labor cost differences, the labor-related portion of the total daily rate – seventy-six percent (76%) for fiscal year 2007 – is multiplied by the hospital wage index in the SNF's location and the result is added to the non-labor portion.

60.      The daily base rates are adjusted for case mix using a system known as Resource Utilization Groups ("RUGs").  Each RUG has associated nursing and therapy weights that are applied to the base payment rates.  These weights were developed using time study data from 1990, 1995, and 1997. These weights have been updated since the implementation of PPS.

61.     The fifty-three (53) group RUG classification system went into effect January 1, 2006, replacing the forty-four (44) group RUG system.  The 53 group system added nine (9) new payment groups for patients who meet the criteria for "extensive services" and "rehabilitation" groups.  Patients are assigned to one of the 53 RUGs based on patient characteristics and service use that are expected to require similar resources.

62.     Assignment of a beneficiary to one of the RUGs is based on the number of minutes of therapy (physical, occupational, or speech) that the patient has used or is expected to use; the need for certain services (e.g., respiratory therapy or specialized feeding); the presence of certain conditions (e.g., pneumonia or dehydration); an index based on the patient's ability to perform independently four activities of daily living (e.g., eating, toileting, bed mobility, and transferring); and in some cases, signs of depression.  Patients' characteristics and service use are determined by periodic assessments using the SNF patient assessment instrument, known as the Minimum Data Set.

63.     There are five RUG classifications delineated by the amount of time a patient is required to be in therapy in order to achieve the expected therapeutic result.  The classifications are: Ultra High (over 720 minutes), Very High (500-719 minutes), High (325-499 minutes), Medium (150-324 minutes), and Low (45-149 minutes).

### 2.     Overpayments in Medicare Reimbursements to SNFs

64.     When an incorrect payment is made to a SNF, it is responsible for the payment unless the intermediary determines that it was without fault.

65.     Under the following situations, SNFs are liable for any overpayment: (a) when a SNF furnished erroneous information or failed to disclose facts it knew or should have known were relevant to payment of a benefit; (b) the overpayment was due to a mathematical or clerical error, e.g., an error

in calculation by the SNF, or overlapping or duplicate bills; (c) documentation was not submitted to substantiate that the services billed to Medicare were actually performed; and (d) Medicare paid for services not covered under the program and the SNF should have known the services were not covered (e.g., medically unnecessary services).

### 3.   Medicare Coverage for Reasonable and Necessary Services

66.   Coverage of health care services under Medicare is subject to the requirement that the services provided are reasonable and necessary for the treatment of an illness or injury or to improve the functioning of a malformed body part.   Health care services that fail to meet this requirement will not be reimbursed by the government. *See* 42 U.S.C. § 1862 (a)(1)(A).

67.   A specific health care service is *necessary* when it can be expected to make a meaningful contribution to the treatment of a patient's illness or injury.

68.   Though the health care service may serve a medically necessary purpose, the SNF must also consider to what extent, if any, it would be *reasonable* for the Medicare Program to pay for the item prescribed, taking into account the following considerations:

> (a)   Would the expense of the item to the program be clearly disproportionate to the therapeutic benefits that  could ordinarily be derived from use of the equipment?
>
> (b)    Is the item substantially more costly than a medically appropriate and realistically feasible alternative pattern of care?
>
> (c)   Does the item serve essentially the same purpose as equipment already available to the beneficiary?
>
> (d)   Whether those same services could be provided as part of routine nursing care, including restorative care or wound care?

46

#### 4.      Cost Reports

69.      All Part A participating providers such as the Defendants are required to file cost reports each year with their fiscal intermediary. The cost report serves as the health care provider's final claim for payment from Medicare for the services rendered to program beneficiaries for the fiscal period in question. The cost report sets forth all of the provider's costs, accounts for the costs under applicable provisions of the Medicare statue and HHS program instructions, and results in a claim for a total amount of reimbursement for the fiscal year. *See* 42 C.F.R. §§ 413.20, 413.24.

70.      In the cost report, providers must document the costs incurred in furnishing items and services to Medicare beneficiaries, such as costs arising from arrangements with outside supplies under which the providers obtain items and services, including medical equipment and supplies. *See* 42 U.S.C. § 1395g(a); 42 U.S.C. § 413.20(b).

71.      The cost report form requires a SNF officer or administrator to certify that he/she is "familiar with the laws and regulations regarding the provision of health care services and that the services identified in the cost report were provided in compliance with such law and regulations." *See* 42 U.S.C. § 1395g(a); *see also* 42 C.F.R. § 413.24(f).

72.      Misrepresentation or falsifications of any information contained in a cost report is punishable by civil, as well as criminal and administrative action, fine and/or imprisonment under federal law. Further, if services identified in a cost report were provided or procured through the payment directly or indirectly of an illegal kick back or referral, civil, criminal and administrative action, fine and/or imprisonment may result. *See* 42 U.S.C. § 1395g (a); *see also,* 42 C.F.R. § 413.24(f).

#### III.      GENERAL ALLEGATIONS – HCR MANOR CARE & SUBSIDIARIES

47

73.     Throughout years 2003 and 2004, Relator worked as a PRN Occupational Therapist at three skilled nursing facilities owned and operated by Defendant Manor Care Inc. d/b/a HCR Manor Care in Virginia.   Specifically, Relator worked at ManorCare Health Services in Fair Oaks, ManorCare Health Services in Arlington, and ManorCare Health Services in Alexandria.   Ribik also had interactions with other Manor Care facilities and personnel, including Regional Directors.

74.     While employed by Manor Care-Fair Oaks Relator, Ribik observed various fraudulent and improper practices related to billing and provision of Medicare related benefits.

75.     Through various corporate wide internal policies and procedures, therapists employed by Defendants at their respective nursing homes were encouraged to maximize their individual and, ultimately, Defendants' productivity by getting each patient in the highest RUG classification possible, regardless of the patient's need for extensive skilled therapeutic services. Consequently, most patients who were Part A participants were in the "Very High" and "Ultra High" RUG classifications even though their true RUG classification should have been in a lower tier.   These same activities were taking place in all Defendants nursing homes referenced herein, as part of a corporate-wide strategy designed to maximize billing to Medicare.

76.     Defendants purposely, and with fraudulent intent, classified various patients in high and ultra high RUG classifications, even when their physical condition did not warrant the need for such extensive services.   Defendants' corporate wide practices and goals encouraged their physical therapy staff to maximize the number of minutes that they would spend with a patient during a reference period (the period of time used to determine a RUG level).   With most physical, occupational therapy and speech therapy, one would expect the length of therapy sessions to decrease over time. Either the patient improves or if there is no improvement, therapy should be discontinued.   But the corporate practice at Manor Care was to attempt to increase billing time during a reference period, irrespective of

48

patient need. In one example patient S began her physical therapy with daily sessions totaling some 45 minutes. Towards the end of her RUG reference period she had gone from 45 minutes of therapy to 120 minutes.

77.     RUG categories are in part determined by an initial assessment done as part of the minimum data set ("MDS") process.   At Manor Care at Fair Oaks, the MDS was completed by CC who, as a physical therapy assistant, lacked the experience and education to determine the initial level of care required for a Medicare patient.    However, CC was placed in this position because she supported the corporate practices of excessive and improper billing, as outlined herein.   These decision makers at Manor Care would make decisions to treat patients based on staff capacity and corporate goals to maximize billing, irrespective of actual patient need.

78.     Defendants also submitted billing to Medicare for patients who simply did not require skilled physical or occupational therapy.   As an example, while Relator was working at Manor Care patient L had met all of his goals with occupational therapy: he was independent in dressing, bathing, light meal preparation, could ambulate over 200 feet and climb stairs unassisted.   When Relator sought to discharge him, she was told not to discharge him because he was in the middle of a RUG reference period.   When Ribik refused, patient L was transferred to another therapist who went along with the recommendation and submitted additional billing to Medicare for services that were not properly reimbursable.

79.     Consistent with Defendants' goal to maximize Medicare billing, Defendants also failed to discharge patients who were ready for discharge to outpatient services, so they could bill Medicare for skilled therapy that was no longer necessary.   The vast majority of Defendants' Medicare Part A patients received care for 100 days despite the fact that many of these same patients were either eligible for home care or discharge at an earlier date.   Keeping patients in skilled therapy despite the

49

fact that they no longer qualified for skilled therapy resulted in fraudulent and improper billing to Medicare, which significantly increased Defendants' corporate revenues.

80.     In order to maximize their Medicare profits, Defendants through their managers, required therapists to meet aggressive and unrealistic hourly goal requirements that were as high as 410 minutes during an 8 hour day.    One manager of Manor Care would encourage his therapists to "rack em and stack him" to get all their minutes billed.    In order to meet these goals, Relator Ribik observed therapists engaging in activities that resulted in fraudulent billing practices, the cost of which were passed on to the Medicare system.  These practices included, without limitation:

> (a)     co-treating occupational therapy patients with a physical therapist, yet reporting the time separately to increase costs to Medicare;
>
> (b)     billing treatment time even when patients were not engaged in treatment but were asleep, walking to treatment, toileting, or because of dementia, were actively resisting care;
>
> (c)     over-reporting the number of hours actually spent administering treatment to patients;
>
> (d)     falsely stating that treatments were performed when in fact a patient had not been given treatment;
>
> (e)     refusing to release patients who did not qualify for skilled services according to Medicare guidelines, yet administering treatment and billing Medicare for treatments that were neither reasonable nor medically necessary;
>
> (f)     refusing to provide patients necessary medical equipment, such as wheelchairs and walkers, outside the therapy room, even though Part A covered and paid for such equipment;
>
> (g)     refusing to release patients once treatment objectives had been achieved;

(h)     treating a group of patients at the same time, where a group is defined by
        Medicare regulations as four or more patients, yet billing Medicare the
        individual treatment rate for each patient involved in the therapeutic session;

(i)     allowing non-licensed individuals (known as "Techs") to maintain a full caseload
        and treat patients, then billing Medicare for the treatment in derogation of
        Medicare regulations;

(j)     filling out assessment records  and MDS records in pencil so they could be
        changed at a later date to reflect  additional or higher billings;

(k)     billing for services which were not medical necessary or appropriate for
        patients, including use of peg boards and pumpkin carving;

(l)     placing patients, who could independently ambulate in excess of 150 feet
        and perform their acts of daily living in skilled therapy programs when they did
        not qualify for or require such services;

(m)     Defendants  engaged  in  an  administrative  practice  in  which  they
        deliberately waited until Medicare Part A coverage for its qualified patients had
        expired before fraudulently and improperly cost-shifting charges for medically
        necessary treatments to Medicare Part B in order to increase their rate of
        reimbursement from the government; and

(n)     Using certain old or inapplicable diagnoses of a patient, not relevant to his or
        her current medical condition, for purposes of obtaining an automatic extension
        of coverage under Medicare B.

81.     As additional examples of the above regulatory violations Ribik observed therapists
billing hours far above what could possibly be billed in an eight hour day.   One therapist known as CC

51

billed in excess of 500 minutes after starting work at 8:30 a.m. and ending at 2:30 p.m. or earlier. This was accomplished through either double billing and/or billing group therapy as individual therapy.

82.     Other specific conduct involved excessive billing time being submitted for services that simply did not require large amounts of time. Ribik observed therapists bill 90 minutes for wound care that should have been accomplished in 30 minutes or less. In another example, patient M received some 110 minutes for wound therapy in September 2004. Most wound care can and should be provided as part of routine nursing care. However, Defendants would have their physical therapy staff provide wound care whenever possible because it was billable at a higher reimbursement rate.

83.     When census was low, Defendants would pull patients from the general nursing home who were not eligible for physical therapy. Many of these patients included individuals with advanced Alzheimer's disease or dementia. Other patients were sent from the hospital to a Manor Care nursing home for limited IV antibiotics. Yet Defendants and their staff would frequently place such patients in physical therapy to maximize their Medicare billing. Relator Ribik consistently refused to treat patients who did not meet eligibility criteria under medical billing guidelines. However, other physical therapists would take on these same patients and as a result, they were favored by management and promoted to positions of authority.

84.     Relator Ribik refused to participate in what she knew were fraudulent practices and reported these abuses to management at Defendants' facilities. Defendants and their management staff, despite their awareness of the illegal and fraudulent billing practices, placed corporate profits above regulatory compliance and continued to fraudulently bill Medicare for physical therapy and related services. These practices were started before the Carlyle Group merger and were perpetuated, encouraged and expanded after the merger with the Carlyle Group.

85.     Defendants not only failed to act upon Relator Ribik's concerns but endorsed the illegal activities. Moreover, Defendants encouraged and assented to these activities by providing incentives and bonuses to those Directors at Defendants' facilities who had the highest utilization rates. Moreover, those staff who went along with Defendants' goals was given the authority to determine RUG categories for reimbursement purposes.   At Manor Care at Fair Oaks, it was a physical therapy assistant that was given authority to determine such RUG levels, even though she did not have the training and education to make such decisions.    Manor Care also promoted a Physical Therapy Assistant to Director of Rehab, although she did not have the qualifications or training to meet her job responsibilities.

86.     Moreover, in an effort to silence Relator Ribik and to quell her whistle-blowing activities, Relator Ribik was bullied, harassed and her employment was ultimately terminated.

87.     Defendants filed claims for payment under Medicare Part A and Part B based on the illegal activity detailed above.  Defendants and their staff operating within the course and scope of their employment falsely certified to their fiscal intermediary that they were in compliance with all state and federal laws and regulations in order to continue to obtain Medicare funding, even though they knew of, participated in, and assented to the illegal conduct and fraud.

88.     Defendants' conduct, as described above, was part of overall corporate wide practice to increase billing reimbursements for all Manor Care nursing homes throughout the country. Defendants pursued high mandatory productivity requirements, which it knew or should have known would facilitate fraudulent, excessive and improper billing of Medicare.

#### COUNT I

**VIOLATION OF FALSE CLAIMS ACT, 31 U.S.C. § 3729(a)(1): PRESENTMENT OF FALSE CLAIMS**

89.     Relator realleges and incorporates by reference paragraphs 1 through 88 of the Complaint as though fully set forth herein.

90.     Defendants knowingly, in reckless disregard and/or with deliberate ignorance of the truth or falsity of the information involved, presented or caused to be present, and is still presenting or causing to be presented to CMS or other federal programs, false or fraudulent claims for payment, in violation of, *inter alia*, 31 U.S.C. § 3729(a)(1).

91.     Defendants knowingly, in reckless disregard, or with deliberate ignorance of the truth or falsity of the information which supported claims to CMS, and other federal programs, with actual knowledge of the falsity of the information that supported these claims, caused, and is still causing, the use of false or fraudulent materials or information to support claims paid by the government in various ways, as described above.

92.     The United States of America, unaware of the falsity of the claims made by Defendants, and in reliance on the accuracy of these claims, paid and is still  paying or reimbursing Defendants for unnecessary medical treatments, treatments not received and medical devices not provided.

93.     Had the United States of America been aware of Defendants' illegal and improper conduct in violation of the False Claims Act, Defendants would not have been reimbursed for their services.

94.     As and direct and proximate result of Defendants' fraudulent conduct, as described above, the Treasury of the United States sustained significant economic damages in an amount to be calculated and proven at trial.

## COUNT II

54

## VIOLATION OF FALSE CLAIMS ACT, 31 U.S.C. § 3729(a)(2): USE OF FALSE RECORD

95.     Relator realleges and incorporates by reference paragraphs 1 through 94 of the Complaint as though fully set forth herein.

96.     Defendants knowingly, in reckless disregard, or with deliberate ignorance of the truth or falsity of the information involved, made, caused, or caused to be used, and may still be using or causing to be used, false or fraudulent records and/or statements to get false or fraudulent claims paid in violation of, *inter alia*, § 3729(a)(2).

97.     The United States of America, unaware of the falsity of the statements made by Defendants, and in reliance on the accuracy of these statements, paid and is still paying or reimbursing Defendants for unnecessary medical treatments, treatments not received and medical devices not provided.

98.     Had the United States of America been aware of Defendants' illegal and improper conduct in violation of the False Claims Act, Defendants would not have been reimbursed for their services.

99.     As and direct and proximate result of Defendants' fraudulent conduct, as described above, the Treasury of the United States sustained significant economic damages in an amount to be calculated and proven at trial.

### COUNT III

### VIOLATION OF FALSE CLAIMS ACT, 31 U.S.C. § 3730(h): RETALIATION

100.    Relator realleges and incorporates by reference paragraphs 1 through 99 of the Complaint as though fully set forth herein.

101. As a result of Relator's whistle-blowing activities, Defendants discharged, threatened, harassed and discriminated against Relator by virtue of her lawful acts.

102. Relator is entitled to all the relief afforded by 31 U.S.C. § 3730(h), including without limitation, double back pay, front pay and special damages.

## PRAYER FOR RELIEF

WHEREFORE, Relator prays for judgment against all named Defendants, jointly and severally, as follows:

A. That Defendants be ordered to cease and desist from submitting any additional false claims, or further violations of 31 U.S.C. § 3729;

B. That judgment be entered in Relator's favor and against Defendants in the amount of each and every false or fraudulent claim, multiplied as provided by 31 U.S.C. § 3729(a), plus a civil penalty of not less than Five Thousand Five Hundred Dollars ($5,500.00) or more than Eleven Thousand Dollars ($11,000.00) per claims as provided by 31 U.S.C. § 3729(a), to the extent such multiplied penalties shall fairly compensate the United States of America for losses resulting from the various schemes undertaken by Defendants, together with penalties for specific claims to be identified at trial after full discovery;

C. That Plaintiffs be awarded the maximum amount allowed pursuant to 31 U.S.C. § 3730(d) and 3730(h);

D. That judgment be granted for Relator against Defendants for all costs, including but not limited to court costs, expert fees and all attorneys' fees incurred by Relator in the prosecution of this suit; and

E. That Relator be granted such other and further relief as the Court deems just and proper.

56

## JURY TRIAL DEMAND

Relator demands a trial by jury of all issues so triable.

Respectfully Submitted,

Date: 4/20/11

Jeffrey J. Downey, VA Bar No. 31992
The Law Office of Jeffrey J. Downey, P.C.
1225 I Street, N.W.
Suite 600
Washington, D.C. 20005
Phone- 202-712-9120
Fax  - 202-789-1116

57