IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* )<br>CHRISTINE RIBIK, PATRICK GERARD )<br>CARSON, and MARIE SLOUGH        )<br>                                 )<br>        Plaintiffs,             )<br>                                 )<br>    v.                           )<br>                                 )<br>HCR MANORCARE, INC.,             )<br>MANOR CARE INC., HCR MANORCARE )<br>SERVICES, LLC and HEARTLAND      )<br>EMPLOYMENT SERVICES, LLC,        )<br>                                 )<br>        Defendants.              ) | CIVIL ACTION NUMBERS:<br>1:09cv13    (CMH/TCB)<br>1:11cv1054 (CMH/TCB)<br>1:14cv1228 (CMH/TCB) |

**UNITED STATES' MEMORANDUM
IN SUPPORT OF ITS MOTION TO STRIKE
DEFENDANTS' AFFIRMATIVE DEFENSES**

**TABLE OF CONTENTS**

I. INTRODUCTION ……………….….…………………………………………………… 1

II. BACKGROUND ……………………..……………………………………………… 2

III. STANDARD OF REVIEW…………..……………………………………………… 2

IV. ARGUMENT ……………….….…………………………………………………… 4

    A. Defendants' Affirmative Defenses That Fail As Matter of Law Must Be Stricken …. 4

        1. Estoppel………………………….……………………………………………… 4

        2. Laches ………………………..………………………………………………… 6

        3. Waiver ………………………..………………………………………………… 7

        4. Failure to Mitigate Damages ………………………………………………… 9

        5. Unclean Hands / *In Pari Delicto* …………………………………………… 11

        6. Public Disclosure Bar ……..…………………………………………………. 12

        7. "Failure to State a Claim" and "Failure to Plead Fraud with Specificity" ……… 13

        8. Damages Too Remote or Speculative ………………………………………. 14

    B. Defendants' Affirmative Defenses That Fail To Meet the Applicable Pleading Standards Must Be Stricken …..………………………………………………… 14

    C. Leave To Amend …………..…………………………………………………… 16

V. CONCLUSION ………………………………………………………………………. 16

## I.      INTRODUCTION

In their Answer to the United States' Consolidated Complaint in Intervention ("Complaint"), Defendants HCR ManorCare, Inc., Manor Care Inc., HCR ManorCare Services, LLC, and Heartland Employment Services, LLC (collectively, "Defendants") raise twenty-nine affirmative defenses. *See* ECF 135. Approximately half of Defendants' "affirmative defenses" are mere recitations of the factual arguments that Defendants made in their motion to dismiss the Complaint and seek only to negate elements of the United States' case.[1] While these "affirmative defenses" are not considered proper affirmative defenses, their inclusion in the litigation does not prejudice the United States at this stage of the proceedings.[2] More troubling, however, are the thirteen affirmative defenses that cannot be maintained because they are not legally cognizable or fail to meet the applicable pleading standards. As discussed in more detail below, the United States seeks to narrow the scope of discovery and avoid litigating improper

---

[1] *See* Eighth Affirmative Defense (no clear, unambiguous, or objective legal standard); Ninth Affirmative Defense (Defendants only billed for reasonable & necessary services); Tenth Affirmative Defense (corporate pressure did not exist); Fifteenth Affirmative Defense (Defendants' conduct was reasonable); Seventeenth Affirmative Defense (no intent to violate any statute or law); Twentieth Affirmative Defense (Defendants never knowingly presented false claims); Twenty-First Affirmative Defense (Defendants never knowingly made false statements); Twenty-Second Affirmative Defense (allegations are differences of subjective medical, clinical, or scientific opinion); Twenty-Fourth Affirmative Defense (complaint fails to establish False Claims Act liability); Twenty-Fifth Affirmative Defense (complaint fails to establish unjust enrichment); Twenty-Sixth Affirmative Defense (complaint fails to establish payment by mistake).

[2] *See Flame, SA v. Industrial Carriers, Inc.*, Civil No. 2:13–cv–658, 2014 WL 2871432, at *1-2 (E.D. Va. June 24, 2014) (discussing Fed. R. Civ. P. 12(f)); *cf. Villa v. Ally Financial, Inc.*, No. 1:13CV953, 2014 WL 800450, at *4 (W.D.N.C. Feb. 28, 2014) (discussing prejudice resulting from discovery of affirmative defenses extraneous to plaintiff's *prima facie* case). The United States reserves its rights to move for partial summary judgment on these defenses at a later stage of the proceedings.

defenses that cannot affect the disposition of issues that are properly before this Court. By this motion, the United States asks the Court to strike the following invalid affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f):

- First Affirmative Defense – Estoppel
- Second Affirmative Defense – Laches
- Third Affirmative Defense – Waiver
- Fourth Affirmative Defense – Release
- Fifth Affirmative Defense – Statute of Limitations / Repose
- Sixth Affirmative Defense – Accord and Satisfaction
- Seventh Affirmative Defense – Failure to State a Claim
- Twelfth Affirmative Defense – Failure to Mitigate Damages
- Fourteenth Affirmative Defense – Unclean Hands
- Eighteenth Affirmative Defense – Failure to Plead Fraud with Specificity
- Nineteenth Affirmative Defense – Public Disclosure Bar
- Twenty-Eighth Affirmative Defense – Damages too Remote or Speculative
- Twenty-Ninth Affirmative Defense – Violation of Defendants' Due Process Rights

## II.   BACKGROUND

The United States' Complaint alleges that Defendants engaged in a nationwide scheme to bill the Medicare and TRICARE programs for rehabilitation therapy services that were not reasonable and necessary or not skilled in nature. The Complaint asserts violations of the False Claims Act (FCA), 31 U.S.C. §§ 3729-3733, as well as common law causes of action for unjust enrichment and payment by mistake. Defendants moved together to dismiss the United States' Complaint, and the Court denied Defendant's motion from the bench on September 4, 2015. On September 18, 2015, Defendants filed their Answer containing the affirmative defenses that are the subject of this Motion.

## III.   STANDARD OF REVIEW

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Affirmative defenses are subject to the pleading requirements of Federal Rule of Civil Procedure 8, which provides that a

party must state its defenses in "short and plain terms." Fed. R. Civ. P. 8(a)(1)(A). Numerous courts have applied the standard set forth in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) to affirmative defenses and have stricken affirmative defenses that fail to contain sufficient facts demonstrating the plausibility of the defense. *See, e.g., Bradshaw v. Hilco Receivables, LLC*, 725 F.Supp.2d 532, 534 (D. Md. 2010); *Barnes v. AT&T Pension Benefit Plan*, 718 F. Supp. 2d 1167 (N.D. Cal. 2010); *Hayne v. Green Ford Sales Inc.*, 263 F.R.D. 647, 649-50 (D. Kan. 2009); *Francisco v. Verizon South Inc.*, Civil Action No. 3:09cv737, 2010 WL 2990159, *7-8 (E.D. Va. July 29, 2010).

Although the Fourth Circuit does not appear to have addressed whether the heightened *Twombly/Iqbal* standard applies to affirmative defenses, district courts within this Circuit have expressed different views. *See Flame SA*, 2014 WL 2871432, at *2 (discussing differing opinions of district courts). Even without applying the *Twombly/Iqbal* standard, notice pleading is still required, and defendant must give plaintiff "fair notice of the nature of the defense." *Clem v. Corbeau*, 98 Fed. Appx. 197 (4th Cir. 2004) (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure 3d, § 1274, at 455–56 (2d ed.1990)). "The purpose of such pleading is to give the opposing party notice of the [defense] and a chance to argue, if he can, why the imposition of [the defense] would be inappropriate." *Blonder-Tongue Lab., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 350 (1971). To provide proper notice, a party must do more than assert "bare bones conclusory allegations," and instead must set forth a "short and plain statement of facts and . . . allege the necessary elements of the alleged claims." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1295 (7th Cir. 1989).

Although generally disfavored, a motion to strike "should be granted where it is clear that the affirmative defense is irrelevant and frivolous and its removal from the case would avoid

wasting unnecessary time and money litigating the invalid defense." *United States ex rel. Head v. Kane Co.*, 668 F. Supp. 2d 146, 150 (D.D.C. 2009) (citation omitted) (striking affirmative defense of laches in FCA case). Motions to strike are appropriate when affirmative defenses confuse the issues in the case or are insufficient as a matter of law. *See Waste Management Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (striking defense that "would not, under the facts alleged, constitute a valid defense to the action"); *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982) (striking defense when insufficient as a matter of law); *FDIC v. Eckert Seamans Cherin & Mellott*, 754 F. Supp. 22, 23 (E.D.N.Y. 1990) (same). Thus, by striking insufficient defenses, the Court forces the parties to focus on the essential issues and avoid litigating spurious ones. *United States v. Union Gas Co.*, 743 F. Supp. 1144, 1150 (E.D. Pa. 1990).

**IV.   ARGUMENT**

   A.   <u>Defendants' Affirmative Defenses That Fail As Matter of Law Must Be Stricken</u>

Defendants assert nine affirmative defenses that are not legally cognizable in this case. In addition, these affirmative defenses also fail to meet the required pleading standards because Defendants have failed to provide any facts that might establish any of the necessary elements of the defenses. Accordingly, these defenses should be stricken pursuant to Fed. R. Civ. P. 12(f).

   1.   <u>Estoppel</u>

As their First Affirmative Defense, Defendants make the threadbare assertion that "[t]he Government's claims ae barred in whole or in part by the defense of estoppel." ECF 135, at 41. The Supreme Court has held that equitable estoppel does not apply against the United States in a suit to recover public funds. *Office of Pers. Mgmt. v. Richmond*, 496 U.S. 414, 434 (1990). In order to prevent "fraud and corruption," the Appropriation Clause of the United States

4

Constitution prohibits the expenditure of federal funds in violation of statute. *Id.* at 427. For this reason, "claims for estoppel cannot be entertained where public money is at stake." *Id.* Because the United States is seeking to recover public funds in this case, estoppel is unavailable as a defense, and the rationale applies "equally to [the Government's] False Claim Act claims and common law claims." *United States v. Manhattan-Westchester Medical Services, P.C.,* No. 06 Civ. 7905, 2008 WL 241079 at *34 (S.D.N.Y. Jan. 28, 2008) (citing *Richmond,* 496 U.S. at 421, 434). Applying this same rationale, numerous courts in other districts have stricken the affirmative defense of equitable estoppel where the Government has asserted claims under the FCA and common law to recover public funds. *See, e.g., United States ex rel. Landis v. Tailwind Sports Corp.*, 308 F.R.D. 1, 5 (D.D.C. 2015) (striking estoppel defense in case asserting claims under FCA, common law fraud, unjust enrichment and breach of contract); *United States v. Cushman & Wakefield*, 275 F. Supp. 2d 763, 768-770 (N.D. Tex. 2002) (same); *United States ex rel. Monahan v. Robert Wood Johnson Hosp. at Hamilton,* No. 02-5702 (JAG), 2009 WL 4576097 at *7 (D.N.J. Dec. 1, 2009) (striking estoppel defense in case asserting claims under FCA, unjust enrichment, and payment by mistake); *United States v. Manhattan-Westchester Medical Services, P.C.,* 2008 WL 241079 at *34 (same); *United States ex rel. Williams v. Renal Care Group, Inc.*, No. 4:05CV985-DJS, 2008 WL 5233028 (E.D. Mo. Dec. 12, 2008) (same).

Even if estoppel were available against the United States in this case, Defendants have asserted no facts whatsoever that would support such a defense. Defendants fail to assert any of the traditional elements of a common law estoppel defense, namely: "(1) a representation; (2) reliance; (3) a change of position; and (4) detriment." *Tidewater Beverage Services, Inc. v. Coca Cola Co., Inc.*, 907 F. Supp. 943, 946 (E.D. Va. 1995). In addition, establishing an estoppel defense against the Government requires Defendants to establish that the detriment they suffered

5

"is so severe or has been imposed in such an unfair way that [the Government] ought to be estopped from enforcing the law in this case." *Heckler v. Comm. Health Svcs of Crawford Cnty, Inc.*, 467 U.S. 51, 60, 66 (1984). In the absence of any such allegations by Defendants, the estoppel defense must fail.

   2. Laches

As their Second Affirmative Defense, Defendants assert that "[t]he Government's claims are barred in whole or in part by the defense of laches." ECF 135, at 41. This defense fails as a matter of law. It is "well settled that the United States is not . . . subject to the defense of laches in enforcing its rights." *United States v. Summerlin*, 310 U.S. 414, 416 (1940). In light of this principle, courts have rejected the application of the laches defense when the United States sues to protect the public fisc or preserve public rights. *See United States v. Angell*, 292 F.3d 333, 338 (2d Cir.2002) (noting laches unavailable against United States "when it undertakes to enforce a public right or protect the public interest"); *United States v. Peoples Household Furnishings, Inc.* 75 F.3d 252, 254 (6th Cir. 1996) (laches unavailable against government when it seeks to "to preserv[e] the public rights, revenues, and property from injury and loss."); *Illinois Central Railroad Co. v. Rogers*, 253 F.2d 349, 353 (D.C. Cir. 1958) ("No rule is better established than that the United States are not . . . barred by laches where they are asserting a public right."). Because the United States has asserted legal claims under the FCA to recover losses sustained by federal government programs by virtue of a defendant's misconduct, the defense of laches is inapplicable to the FCA claims. *See United States ex rel. Drakeford v. Tuomey Healthcare System, Inc.*, 675 F.3d 394, 404 (4th Cir. 2012) (recognizing FCA as legal claim).

Although the laches defense may apply to the United States' common law claims of unjust enrichment and payment by mistake, *see White v. Daniel*, 909 F.2d 99, 102 (4th Cir.1990) (holding that laches relevant only where claims "may be characterized as equitable, rather than legal"), Defendants have not met the pleading requirements to support this defense. Defendants' pleading asserts no facts whatsoever regarding this defense. As discussed above, the Federal Rules of Civil Procedure demand more from Defendants than simply naming the legal term "laches." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999) (mere identification of affirmative defenses "falls well short of the minimum particulars needed to identify the affirmative defense in question . . . ."). Thus, Defendants' laches defense also fails for this reason.

3. <u>Waiver</u>

As their Third Affirmative Defense, Defendants assert that "[t]he Government's claims ae barred in whole or in part by the defense of waiver." ECF 135, at 41. Despite this bald assertion, the equitable defense of waiver is not a valid defense in this case. Courts have held that a violation of the rights of the United States may not be waived by the unauthorized acts of its agents. *See Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 384 (1947) (federal government not bound by agent's representations that are contrary to law); *Hicks v. Harris*, 606 F.2d 65, 69 (5th Cir. 1979) ("it is well established that the Government is not bound by the unauthorized or incorrect statement of its agents.") (quoting *Posey v. United States*, 449 F.2d 228, 234 (5th Cir. 1971)).

In addition, violations of the FCA can only be waived by the United States Department of Justice. *See* 31 U.S.C. §§ 3729-3733; 28 U.S.C. § 516. Because the

7

Department of Justice is specifically granted the power to bring or settle the Government's FCA claims, violations of the Act may not be waived or ratified by any program personnel or other employee of the United States, including, for example, employees of the contractors administering the Medicare program. *See Ferguson v. Federal Deposit Insurance Corporation*, 164 F.3d 894, 896 (5th Cir.), *cert. denied*, 528 U.S. 819 (1999) (defendant's affirmative defense of waiver unavailable against the United States for employees acting outside scope of authority). Authority to waive alternatively pleaded common law claims also lies exclusively with the Department of Justice. *Cushman & Wakefield, Inc.,* 275 F. Supp. 2d at 771. To support a defense of waiver, Defendants must show that there was a "voluntary, intentional abandonment of a known legal right." *Bernsen v. Innovative Legal Marketing, LLC*, 885 F. Supp. 2d 830, 832-33 (E.D. Va. 2012). Specifically, Defendants must show that the Department of Justice, by its authorized employees, waived its legal right to pursue the claims in the Complaint. Put simply, the Department of Justice has not done so, and Defendants have not pleaded any facts to suggest otherwise. As such, where nothing in the complaint or affirmative defense suggests a waiver by the Department of Justice, the waiver defense fails as a matter of law. *See Cushman & Wakefield, Inc.,* 275 F. Supp. 2d at 771 (noting that defendant "has not pled that DoJ waived [its] rights."); *see also United States v. Honeywell Int'l,* 841 F. Supp. 2d 112, 114 (D.D.C. 2012) (striking waiver defense in case asserting FCA and unjust enrichment claims); *Hernandez, Kroone and Assocs. v. United States*, 95 Fed. Cl. 395, 398 (Fed. Cl. 2010) (defense of waiver struck where "nothing in the Amended Answer, the affirmative defenses, nor in the opposition to the motion to strike, suggest that the Attorney General waived the government's counterclaims in this case"); *United States ex rel. Dye v. ATK Launch Systems, Inc.,* No. 1:06CV39-TS, 2008 WL 4642164 *3 (D. Utah Oct. 16, 2008) (striking defenses of waiver and ratification).

4. <u>Failure to Mitigate Damages</u>

As their Twelfth Affirmative Defense, Defendants assert that "[t]he Government's claims ae barred for failure to mitigate damages." ECF 135, at 42. In making this assertion, Defendants ignore the well-settled principle that the United States has no duty to mitigate damages in a fraud action, including an FCA action. *See Toepleman v. United States*, 263 F.2d 697, 700 (4th Cir. 1959) ("Having by his fraud thrust this burden on the United States, the [defendant] cannot be exonerated by the failure of the Government to cast it off at the most propitious time."); *see also United States v. United Technologies Corp.*, 950 F. Supp. 2d 949, 954 (S.D. Ohio 2013) ("The Government has no duty to mitigate damages in fraud actions, including those under the FCA") (citation omitted); *United States ex rel. Garrison v. Crown Roofing Services*, Inc., No. H-07-1018, 2011 WL 4914971 at *2 (S.D. Tex. Oct. 14, 2011) (striking affirmative defense of failure to mitigate in an FCA case on the ground that "[t]he Government has no duty to mitigate damages in cases where fraud is alleged"); *Robert Wood Johnson Hosp.*, 2009 WL 4576097 at *8 (same). The purpose of this principle is to prevent a defendant from shielding its own misconduct by imposing an affirmative duty upon the United States. *See Federal Dep. Ins. Corp. v. Isham*, 782 F. Supp. 524, 531 (D. Colo. 1992) (striking defense of mitigation as a matter of law when public officials act to protect industry and public generally).

Moreover, the defense of mitigation is equally inapplicable to the United States' alternative common law unjust enrichment and payment by mistake claims. Mitigation of damages typically applies to cases arising out of a breach of contract or the commission of a tort. *See Storage Tech. Corp. v. Trust Co. of New Jersey*, 842 F.2d 54, 57 (3d Cir. 1988) ("Mitigation of damages is a doctrine applicable to breach of contract cases . . . .and the burden of proving that losses could have been reduced or avoided 'is always upon the party who has broken the

contract.'") (citations omitted); *Utz v. Johnson*, No. 04-CV-0437, 2004 WL 3828095, at *2 (E.D. Pa. Dec. 6, 2004), citing Restatement (Second) of Torts § 918 (1970) (noting that mitigation of damages precludes injured party from recovering "damages for any harm that he could have avoided by the use of reasonable effort or expenditure after the commission of the tort."). In such cases, the damages focus on the amount of the injury sustained by the plaintiff, and the plaintiff has a legal duty to take some action to reduce or avoid damages after the injury has occurred. Conversely, the damages for an equitable claim of unjust enrichment focus not on the amount of the plaintiff's loss, but on the value of the benefit conferred upon the defendant. *L&M Beverage Co. v. Anheuser Busch, Inc.,* No. 85-6937, 1988 WL 85 670, at *16 (E.D. Pa. Aug. 16, 1988) (stating that "plaintiffs' recovery is not measured by the loss suffered by plaintiffs. Rather, under an unjust enrichment theory, the measure of plaintiffs' damages is the value of the benefit conferred on defendant by plaintiffs."). Because the "benefit" is already in the defendant's hands and the value of that benefit is fixed, requiring the plaintiff to mitigate damages seems incongruous. Similarly, requiring the United States to mitigate damages when it seeks to recover monies erroneously paid from the federal fisc is equally inappropriate. The United States has a "long-established right" to sue to recover "Government funds, paid by mistake to one having no just right to keep the funds . . . ." *United States v. Wurts*, 303 U.S. 414, 416 (1938). Nothing in the case law regarding the equitable claims of unjust enrichment or payment under mistake of fact suggests that the plaintiff has a duty to take any action to reduce the benefits or payments that are already in the defendant's hands.

Thus, because the United States does not have a duty to mitigate its damages in this case, the Defendants' mitigation defense is inapplicable to all of the United States' claims.

10

      5.   Unclean Hands / *In Pari Delicto*

As their Fourteenth Affirmative Defense, Defendants assert that "[t]he Government's claims should be reduced, modified and/or barred by the doctrine of unclean hands and/or in pari delicto." ECF 135, at 42. Similar to estoppel and laches, the defense of "unclean hands" is unavailable against the Government when it is acting in the public interest. *See McKennon v. Nashville Banner Publishing Co.*, 513 U.S. 352, 360 (1995) (recognizing that the Court has rejected unclean hands defense in private suits that serve important public functions); *see also United States v. Philip Morris Inc.*, 300 F. Supp. 2d 61, 66 (D.D.C. 2004) (noting unclean hands and laches defenses "are unavailable as a matter of law" when "Government acts in the public interest") (citations omitted); *Cushman & Wakefield*, 275 F. Supp. 2d at 773-74 (striking unclean hands defense).

*In pari delicto* "literally means 'in equal fault'" and is based on "the common-law notion that a plaintiff's recovery may be barred by his own wrongful conduct." *Pinter v. Dahl*, 486 U.S. 622, 632 (1988). While historically limited to cases in which the plaintiff bore equal responsibility for the alleged injury, the defense has expanded "to situations more closely analogous to those encompassed by the 'unclean hands' doctrine, where the plaintiff has participated 'in some of the same sort of wrongdoing' as the defendant." *Id.* Like the unclean hands defense, *in pari delicto* is not available against the Government when it acts in the public interest, and thus, the defense fails as a matter of law in such circumstances. *Philip Morris, Inc.*, 300 F. Supp.2d at 76.

Accordingly, courts have rejected, as a matter of law, the defenses of unclean hands and *in pari delicto* with respect to FCA and related common law claims. *Hernandez*, 95 Fed. Cl. at 398; *Philip Morris, Inc.,* 300 F. Supp.2d at 75-76*; Cushman & Wakefield*, 275 F. Supp. 2d at

773-74; *United States v. Dynamics Research Co.*, No. 03cv11965NG, 2008 WL 886035 at *20 (D. Mass. Mar. 31, 2008). In addition, these defenses must fail because Defendants have not pleaded a single fact alleging any conduct by the United States that would establish either of these defenses. Thus, Defendants' defenses of unclean hands and *in pari delicto* should be stricken.

      6.  <u>Public Disclosure Bar</u>

Ignoring the plain language of the FCA, Defendants assert as their Nineteenth Affirmative Defense that "[t]he Government's FCA claims are barred in whole or in part by the Public Disclosure bar of the FCA, and this Court lacks jurisdiction over such claims." ECF 135, at 42. This defense refers to section 3730(e)(4) of the FCA, which provides:

> No court shall have jurisdiction over an action under this section based upon the public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, in a congressional, administrative, or Government [General] Accounting Office report, hearing, audit, or investigation, or from the news media, ***unless the action is brought by the Attorney General*** or the person bringing the action is an original source of the information.

31 U.S.C. § 3730(e)(4) (referred to as "the public disclosure bar"). However, the statute clearly states that the "public disclosure bar" does not apply when the Attorney General files suit. The United States' Complaint was brought by the Department of Justice, acting on behalf of the Attorney General, and as such, the public disclosure bar is inapplicable. The United States is unaware of any court that has applied the public disclosure bar to an FCA complaint filed by the United States, and Defendants cite no facts or reasons why the bar should apply here. "The purpose of the public disclosure bar is 'to prevent 'parasitic' *qui tam* actions in which relators, rather than bringing to light independently-discovered information of fraud, simply feed off of previous disclosures of government fraud.'" *United States ex rel. Davis v. Prince*, 753 F. Supp.2d 569, 578 (E.D.Va. 2011) (citations omitted). Those circumstances do not exist here,

and even if they did, the bar would apply only to the complaints filed by the relators who could not establish that they were "an original source of the information." *Id.* For these reasons, Defendants' public disclosure defense must fail as a matter of law.

### 7. "Failure to State a Claim" and "Failure to Plead Fraud with Specificity"

Defendants' Seventh and Eighteenth Affirmative Defenses are merely repetitious of some of the arguments that they asserted in their motion to dismiss, namely, that "[t]he Complaint fails to state a claim against the Defendants" and that "[t]he Government has failed to plead fraud with the adequate degree of specificity and particularity. . . ." ECF, at 41-42. These defenses fail as a matter of law because they are not appropriate "affirmative" defenses and because the Court has ruled on these questions.

Defendants' assertions that the United States has failed to state a claim or plead fraud with requisite particularity are "better understood as a denial of plaintiff's allegations" and are not appropriate affirmative defenses. *Ansari v. Electronic Document Processing*, No. 5:12-cv-01245-LHK, 2012 WL 3945482 at *5 (N.D. Cal. Sept. 10, 2012) (striking without leave to amend affirmative defense of failure to state a claim); *see also Landis*, 308 F.R.D. at 5-6 (granting motion to strike defense of failure to state a claim); *United States ex rel. Baklid–Kunz v. Halifax Hosp. Medical Center*, No. 6:09–cv–1002–Orl–31TBS, 2013 WL 6017329 at *12 (M.D. Fla. Nov. 13, 2013) (failure to state a claim and failure to plead fraud "are failures of pleading, not affirmative defenses"); *Clark v. Milam*, 152 F.R.D. 66, 71 (S.D.W.V. 1993) (recasting affirmative defense as motion under Fed. R. Civ. P. 12(b)(6) and denying motion). Moreover, this Court has already rejected Defendants' arguments that the United States' Complaint here fails to state a claim or fails to plead fraud with the requisite particularity. ECF 125. They are "not entitled to another bite at the apple to reassert – simply in an alternative

format – the identical theor[ies]." *United States ex rel. Spay v. CVS Caremark Corp.*, Civil Action No. 09–4672, 2013 WL 1755214 at *3 (E.D. Pa. Apr. 24, 2013) (rejecting affirmative defenses of failure to state a claim and failure to plead fraud with particularity). Accordingly, Defendants' affirmative defenses fail as a matter of law and should be stricken.

    8. <u>Damages Are Too Remote or Speculative</u>

As its Twenty-Eighth Affirmative Defense, Defendants assert that "[t]he Government's claimed damages are too remote and speculative to form the basis for relief." ECF 135, at 43. This defense is misplaced in the context of the FCA. Although the Defendants are certainly entitled to contest the amount of damages in this case, Defendants appear to assert that the Government's claimed damages are so lacking that any recovery would be barred. However, actual damage to the United States is not a necessary element of an FCA cause of action. *See United States ex rel. Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 785, n.7 (4th Cir. 1999) ("*Harrison I*"). Even if the United States failed to prove any damages, that failure would not be a defense to an FCA cause of action as Defendants could still be liable for civil penalties under the FCA. *See id.*; *see also* 31 U.S.C. § 3729. Accordingly, this defense fails as a matter of law as to the FCA claims.

    B. <u>Defendants' Affirmative Defenses That Fail To Meet the Applicable Pleading Standards Must Be Stricken</u>

In addition to the affirmative defenses discussed above, Defendants assert four affirmative defenses that are merely bald assertions without any factual allegations to support the elements of each defense. These defenses are: release (Fourth Affirmative Defense), accord and satisfaction (Sixth Affirmative Defense), statute of limitations or repose (Fifth Affirmative Defense), and violation of Defendants' due process rights (Twenty-Ninth Affirmative Defense). As pleaded, these affirmative defenses fail to provide the United States with any notice of the

14

grounds for each defense that can give rise to discovery. The United States is prejudiced because the lack of information hampers its ability to evaluate the defenses and conduct discovery on these defenses in an efficient manner.

For example, Defendants do not allege any facts that support the defenses of release or "accord and satisfaction." "A release is the contractual abandonment of a claim or right to the person against whom the claim exists, or against whom the right could be enforced." *Auslander v. Helfand*, 988 F.Supp. 576, 580 (D. Md. 1997) (citation omitted). Similar to a release, accord and satisfaction describes "a method of discharging a contract or settling a cause of action arising from a contract or a tort, by substituting for such contract or cause of action an agreement for the satisfaction thereof and an execution of such substituted agreement." *City of Amsterdam v. Daniel Goldreyer, Ltd.*, 882 F.Supp. 1273, 1279–80 (E.D.N.Y.1995). "An accord and satisfaction is enforceable only to the extent that the parties had authority to settle the dispute." *United States ex rel. Mayman v. Martin Marietta Corp.*, 894 F.Supp. 218, 224 (D.Md.1995). Nowhere do Defendants allege the existence of any contract under which the United States released its claims against Defendants. Without any information as to the factual bases for these defenses, the United States is left guessing. Defendants' naming the legal terms "release" and "accord and satisfaction" – without more – does not pass muster under the pleading requirements. *Woodfield*, 193 F.3d at 362.

Similarly, Defendants fail to assert any basic particulars regarding how the United States' claims may run afoul of the applicable statute of limitations, or how the United States' conduct may have violated Defendants' due process rights. The United States could conjecture about the bases for these defenses; however, it should not be required to do so. These defenses fail to meet the required pleading standards and should be stricken pursuant to Fed. R. Civ. P. 12(f).

15

### C. Leave To Amend

"When affirmative defenses are stricken, the defendant should normally be granted leave to amend." *Bradshaw v. Hilco Receivables, LLC*, 725 F. Supp. 2d 532, 535 (D.Md. 2010) (citing *Banks v. Realty Mgmt. Serv.*, 2010 WL 420037, at *1, 2010 U.S. Dist. LEXIS 7501, at *3 (E.D.Va. Jan. 29, 2010) and 5C Wright & Miller § 1381 (3d ed. 2004)). Leave to amend may be warranted in those instances where Defendants failed to meet the pleading requirements, as this will allow Defendants to allege factual information to put the United States on notice of the bases for the defenses. However, where the defenses fail as a matter of law, leave to amend will not cure the defects in the pleading. *See Ally Financial, Inc.,* 2014 WL 800450, at *4 (declining to grant leave to amend laches defense as it would not constitute valid defense in the case).

## V. CONCLUSION

In sum, Defendants have asserted thirteen "affirmative defenses" that fail as a matter of law or fail to meet the applicable pleading standards, or both. If permitted to stand, these vague allegations might force the parties to expend time and resources unnecessarily in litigating issues that are not pertinent to the conduct at issue in the case. Significant judicial economy would be served by disposing of these invalid defenses at this early stage. As such, for the reasons discussed above, the Court should strike these thirteen affirmative defenses.

Dated:   October ___, 2015          Respectfully submitted,

Benjamin C. Mizer
Principal Deputy Assistant Attorney General


           /s/
MICHAEL D. GRANSTON
ANDY J. MAO
DAVID B. WISEMAN
JESSICA J. WEBER
ALLISON CENDALI
AMY L. LIKOFF
Attorneys, Civil Division
United States Department of Justice
P.O. Box 261, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 616-4232
Fax: (202) 514-0280
Allison.Cendali@usdoj.gov


DANA J. BOENTE
United States Attorney


           /s/
MONIKA L. MOORE
KEVIN MIKOLASHEK
Assistant United States Attorneys
United States Attorney's Office
2100 Jamieson Ave
Alexandria, VA 22314
Tel: (703) 299-3779
Fax: (703) 299-3983
Monika.Moore@usdoj.gov
Kevin.Mikolshek@usdoj.gov

Counsel for the United States

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing ("NEF") to the following:

| | |
|---|---|
| Jeffrey J. Downey<br>Law Office of Jeffrey J. Downey<br>1225 I Street, Suite 600<br>Washington, DC 20005<br><br>*Counsel for Relator Christine A. Ribik* | Katherine J. Seikaly<br>Eric A. Dubelier<br>Carol C. Loepere<br>Daniel Z. Herbst<br>Reed Smith LLP<br>1301 K Street, Suite 1100<br>Washington, DC 20005<br><br>Brent R. Gary<br>Reed Smith LLP<br>3110 Fairview Park Drive, Suite 1400<br>Falls Church, VA 22042 |
| Robert O. Wilson<br>Finkelstein Thompson LLP<br>1077 30th Street, NW, Suite 150<br>Washington, DC 20007<br>*Counsel for Relator Patrick Gerard Carson* | Melissa A. Geist<br>Reed Smith LLP<br>136 Main Street, Suite 250<br>Princeton, NJ 08540 |
| Ashish S. Joshi<br>Lorandos Joshi<br>2400 S. Huron Parkway<br>Ann Arbor, MI 48104-5152<br>*Counsel for Relator Marie Slough* | Marilyn A. Moberg<br>Reed Smith LLP<br>355 South Grand Avenue, Suite 2800<br>Los Angeles, CA 90071<br><br>*Counsel for Defendants HCR ManorCare, Inc., ManorCare, Inc., HCR ManorCare Services, LLC, and Heartland Employment Services, Inc.* |

                                                                                   /s/
                                                            Monika L. Moore
                                                            Assistant United States Attorney
                                                            United States Attorney's Office
                                                            2100 Jamieson Avenue
                                                            Alexandria, Virginia 22314
                                                            (703) 299-3700 (tel)
                                                            (703) 299-3983 (fax)
                                                            monika.moore@usdoj.gov
                                                            Attorney for the United States