IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA, ET AL., EX REL. PATRICK GERARD CARSON<br><br>　　Plaintiff,<br><br>v.<br><br>HCR MANOR CARE, INC., ET AL<br><br>　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:09-cv-00013<br>)　　　　　　　　　　 1:11-cv-1054<br>)　　　　　　　　　　 1:14-cv-1228<br>)<br>)<br>)<br>)<br>) |

**ORDER**

THIS MATTER comes before the Court on Defendants' HCR ManorCare, Inc. ("HCRMC") and Heartland Employment Services, LLC ("Heartland") Motion to Dismiss the Second Amended Complaint of Relator Patrick Gerard Carson ("Carson").

In this *qui tam* action, Carson, a former physical therapy assistant at one HCRMC affiliated skilled nursing facility, raises causes of action under the federal False Claims Act ("FCA") and parallel false claims of several states. Carson alleges Defendants' employees overbilled for therapy services provided, billed for therapy services not provided, billed unskilled activities as skilled therapy, and billed for unreasonable or unnecessary therapy.

Pursuant to the first-to-file rule of the FCA, this Court lacks jurisdiction over Carson's claims. At the time Carson filed his complaint, Relator Christine Ribik and Relator Marie Slough had pending actions based on the same underlying facts as Carson's complaint. "When a person brings an action under [the FCA], no person other than the Government may intervene or bring a related action based on the facts underlying the pending action." 31 U.S.C. § 3730(b)(5). This is "an absolute, unambiguous exception-free rule." United States ex rel. Carter v. Halliburton Co., 710 F.3d 171, 181 (4th Cir. 2013), *rev'd in part on other grounds*, Kellogg Brown & Root Servs., Inc. v. United States ex rel. Carter, 135 S. Ct. 1970 (2015). A later filed suit is a "related action" and is barred if it is "based upon the 'same material elements of fraud' as the earlier suit, even though the subsequent suit may 'incorporate somewhat different details.'" Halliburton, 710 F.3d at 182. "Section 3730(b)(5) is jurisdictional and if an action is later filed that is based on the facts underlying the pending case, the court must dismiss the later case for lack of jurisdiction." Id., at 181.

Here, Carson's pleadings, including the September 28, 2011 initial complaint and the May 11, 2015 second Amended Complaint, are based upon the same material elements of alleged fraud as other pending actions. In particular, Ribik's January 7, 2009

complaint alleged, among other similarities, that there was undue pressure at HCRMC to increase Resource Utilization Group levels without regard to medical necessity, unnecessary levels and disciplines of therapy provided, and delayed discharges to keep billing high. Ribik's complaint also alleged double-billing and other improperly billed services regarding skilled and non-skilled activities. Slough's complaint filed on August 20, 2010, contained almost identical allegations.

As Carson's Second Amended Complaint contains the same material elements of fraud alleged in the pending actions of Ribik and Slough, the action is barred by the first-to-file rule of the FCA. It is hereby

ORDERED that Defendants' Motion to Dismiss is GRANTED, and the Second Amended Complaint of relator Patrick Gerard Carson is DISMISSED.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
December 9, 2015

3