# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
### (Alexandria Division)

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, | |
| Plaintiffs, | CIVIL ACTION NUMBERS: |
| v. | 1:09-cv-0013 (CMH/TCB) - LEAD<br>1:11-cv-1054 (CMH/TCB)<br>1:14-cv-1228 (CMH/TCB) |
| HCR MANORCARE, INC., *et al.*, | |
| Defendants. | |

### DEFENDANTS HCR MANORCARE, HCR MANORCARE, INC., AND HEARTLAND EMPLOYMENT SERVICES, LLC'S
### REPLY IN SUPPORT OF THEIR RENEWED MOTION TO DISMISS THE SECOND AMENDED COMPLAINT OF RELATOR PATRICK GERARD CARSON

Katherine J. Seikaly (VSB No. 71438)
Eric A. Dubelier (*pro hac vice*)
Carol C. Loepere (*pro hac vice*)
REED SMITH LLP
1301 K Street, N.W.
Suite 1100 – East Tower
Washington, D.C. 20005
202-414-9200 (phone)
202-414-9299 (fax)
kseikaly@reedsmith.com
edubelier@reedsmith.com
cloepere@reedsmith.com
dherbst@reedsmith.com

Melissa A. Geist (*pro hac vice*)
REED SMITH LLP
136 Main Street, Suite 250
Princeton, NJ 08540
(609) 987-0050 (phone)
(609) 951-0824 (fax)
mgeist@reedsmith.com

Marilyn A. Moberg (*pro hac vice*)
REED SMITH LLP
355 South Grand Avenue
Suite 2800
Los Angeles, CA 90071
(213) 457 8035 (phone)
(213) 457 8080 (fax)
mmoberg@reedsmith.com

*Counsel for Defendant HCR ManorCare, Inc. (sued as HCR ManorCare and HCR ManorCare, Inc.) and Heartland Employment Services, LLC*

**TABLE OF CONTENTS**

I.  INTRODUCTION ................................................................................................. 1

II. ARGUMENT ........................................................................................................ 2

    A.  Relator's State FCA Claims (Counts 10 to 25) Should Be Dismissed ................... 2

        1.  Relator's state FCA claims fail on public disclosure grounds ................... 2

        2.  Relator's state FCA claims are inadequately pled under Federal Rules of Civil Procedure 8 and 9(b) ............................................................. 4

        3.  Relator's state FCA claims are deficient for particular reasons having to do with the individual state FCA statutes ................................... 8

        4.  The Court may decline to exercise supplemental jurisdiction over Relator's state FCA claims ....................................................................... 9

    B.  Relator's Retaliation Claim (Count 9) Should Be Dismissed ................................ 9

        1.  Relator fails to plead that he was retaliated against "as a result of" his alleged protected activity ................................................................... 9

        2.  Relator fails to plead that he engaged in "protected activity" .................. 10

        3.  Relator fails to plead that Defendants had notice of any protected activity .................................................................................................... 10

    C.  If Any Of Relator's Claims Survive Dismissal, They Should Be Limited To The Time Period Of His Employment ............................................................. 11

    D.  The Court Should Deny Leave To Amend ........................................................... 12

III. CONCLUSION ................................................................................................... 12

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Computer Scis. Corp. v. Maguire*,
  1:16-CV-261 (JCC/IDD), 2016 WL 7097545 (E.D. Va. Dec. 6, 2016) ...................................1

*Cozzarelli v. Inspire Pharm. Inc.*,
  549 F.3d 618 (4th Cir. 2008) ...............................................................................................12

*Eberhardt v. Integrated Design & Const., Inc.*,
  167 F.3d 861 (4th Cir. 1999) ...............................................................................................11

*Elder v. DRS Techs., Inc.*,
  No. 1:13-cv-799, 2013 WL 4538777 (E.D. Va. Aug. 27, 2013) ..........................................10

*Francis v. Giacomelli*,
  588 F.3d 186 (4th Cir. 2009) ...............................................................................................12

*Graham Cty. Soil & Water Conservation Dist. v. U.S. ex rel. Wilson*,
  559 U.S. 280 (2010).................................................................................................................2

*Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*,
  591 F.3d 250 (4th Cir. 2009) ...............................................................................................10

*Painter's Mill Grille, LLC v. Brown*,
  716 F.3d 342 (4th Cir. 2013) ...............................................................................................10

*S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*,
  713 F.3d 175 (4th Cir. 2013) .................................................................................................6

*Sealed Appellant I v. Sealed Appellee I*,
  156 F. App'x 630 (5th Cir. 2005) ........................................................................................11

*U.S. ex rel. Black v. Health & Hosp. Corp. of Marion Cty.*,
  494 F. App'x 285 (4th Cir. 2012) ...................................................................................2, 12

*U.S. ex rel. Bogina v. Medline Indus.*,
  809 F.3d 365 (7th Cir. 2016) ...............................................................................................11

*U.S. ex rel. Brooks v. Lockheed Martin Corp.*,
  423 F. Supp. 2d 522 (D. Md. 2006) .......................................................................................8

*U.S. ex rel. Carson v. Manor Care, Inc.*,
  851 F.3d 293 (4th Cir. 2017) .................................................................................................1

*U.S. ex rel. Cestra v. Cephalon, Inc.*,
  No. 14-1842, 2015 WL 3498761 (E.D. Pa. June 3, 2015) ......................................................... 8

*U.S. ex rel. Davis v. Prince*,
  753 F. Supp. 2d 569 (E.D. Va. 2011) ....................................................................................... 3

*U.S. ex rel. DeCesare v. Americare In Home Nursing*,
  757 F. Supp. 2d 573 (E.D. Va. 2010) ....................................................................................... 5

*U.S. ex rel. Drakeford v. Tuomey*,
  792 F.3d 364 (4th Cir. 2015) ..................................................................................................... 5

*U.S. ex rel. Garzione v. PAE Gov't Servs., Inc.*,
  No. 1:15-cv-833, 2016 WL 775780 (E.D. Va. Feb. 25, 2016) ............................................... 11

*U.S. ex rel. Jones v. Collegiate Funding Servs., Inc.*,
  469 F. App'x 244 (4th Cir. 2012) ............................................................................................. 3

*U.S. ex rel Lopez v. Strayer Educ., Inc.*,
  698 F. Supp. 2d 633 (E.D. Va. 2010) ................................................................................... 2, 3

*U.S. ex rel. Nathan v. Takeda Pharm. N. Am., Inc.*,
  707 F.3d 451 (4th Cir. 2013) ................................................................................................. 6, 7

*U.S. ex rel. Ruscher v. Omnicare, Inc.*,
  No. 4:08-CV-3396, 2014 WL 2618158 (S.D. Tex. June 12, 2014) ........................................ 11

*U.S. ex rel. Streck v. Allergan, Inc.*,
  894 F. Supp. 2d 584 (E.D. Pa. 2012) ........................................................................................ 9

*U.S. ex rel. Vuyyuru v. Jadhav*,
  555 F.3d 337 (4th Cir. 2009) ..................................................................................................... 2

*U.S. ex rel. Wall v. Vista Hospice Care, Inc.*,
  778 F. Supp. 2d 709 (N.D. Tex. 2011) ..................................................................................... 7

*U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*,
  525 F.3d 370 (4th Cir. 2008) ..................................................................................................... 5

*United States v. Hind Health Care, Inc.*,
  No. 15-CV-04928-LHK, 2017 WL 190254 (N.D. Cal. Jan. 16, 2017) ..................................... 8

*United States v. AseraCare Inc.*,
  No. 2:12-CV-245-KOB, 2016 WL 1270521 (N.D. Ala. Mar. 31, 2016) ............................. 5, 6

*United States v. Emergency Med. Assocs. of Illinois, Inc.*,
  436 F.3d 726 (7th Cir. 2006) ..................................................................................................... 3

*United States v. Paulus*,
 No. CR 15-15-DLB-EBA, 2017 WL 908409 (E.D. Ky. Mar. 7, 2017) ...................................... 6

*United States v. Prabhu*,
 442 F. Supp. 2d 1008 (D. Nev. 2006) ................................................................................... 6

**Statutes**

42 U.S.C. § 1395y(a)(1)(A) ................................................................................................... 5

Md. Code Ann., Health-Gen. § 2-604(a)(7) .......................................................................... 8

Mich. Comp. Laws Ann. § 400.610a(12) .............................................................................. 8

Va. Code Ann. § 8.01-216.8 .................................................................................................. 4

**Rules**

Fed. R. Civ. P. 8 ..................................................................................................................... 1

Fed. R. Civ. P. 9(b) ....................................................................................................... 1, 7, 12

Fed. R. Civ. P. 12(b)(1) ....................................................................................................... 12

Fed. R. Civ. P. 12(b)(6) ....................................................................................................... 12

**Other Authorities**

http://jlarc.virginia.gov/pdfs/reports/Rpt243.pdf .................................................................. 5

http://www.gao.gov/products/GAO-04-143 (last visited May 25, 2017) .............................. 5

## I.     INTRODUCTION

Relator Patrick Carson ("Relator") argues that his Complaint is "replete" with factual allegations sufficient to survive a motion to dismiss, but fails to identify them for the Court. Relator cannot show that (1) his state FCA claims are not derived from public disclosures or that he is an original source of those disclosures; (2) his state FCA claims satisfy the Rule 8 and 9(b) pleading standards; or (3) he can satisfy even a single element of a claim for FCA retaliation.

Relator initially argues that the Court already rejected all of Defendants' arguments by dismissing Relator's Complaint in its entirety under the first-to-file rule and declining to address Defendants' alternative grounds for dismissal.  This argument makes no sense because the first-to-file bar is jurisdictional.  Once the Court determined that Relator's claims were jurisdictionally deficient, there was no need to address Defendants' alternative grounds for dismissal.  Declining to do so does not mean those arguments were considered and rejected by the Court.  *See Computer Scis. Corp. v. Maguire*, 1:16-CV-261 (JCC/IDD), 2016 WL 7097545, at *6 (E.D. Va. Dec. 6, 2016) (holding that where the court "declined to address [defendant's argument] altogether" it did not reject the argument "implicitly or otherwise").

Relator next argues that the Fourth Circuit rejected all of Defendants' arguments by remanding some of Relator's claims to this Court.  This is also wrong.  With respect to the remaining claims, the Fourth Circuit simply declined to consider these other grounds because they "were never addressed by the district court, *which should have that opportunity in the first instance*." *U.S. ex rel. Carson v. Manor Care, Inc.*, 851 F.3d 293, 307 (4th Cir. 2017) (emphasis added).  The Fourth Circuit specifically "express[ed] no view on the merits of the other grounds[.]" *Id.*

1

## II.     ARGUMENT

### A.     RELATOR'S STATE FCA CLAIMS (COUNTS 10 TO 25) SHOULD BE DISMISSED

#### 1.     Relator's state FCA claims fail on public disclosure grounds

##### a.     *Relator's state FCA claims are based upon information previously disclosed in public government and news media reports*

Relator argues that the Fourth Circuit's "actually derived from" standard prevents application of the public disclosure bar in this case. But Relator fails to acknowledge his "burden" to show that his allegations are not "even partly based upon" the public disclosures, as set forth in Defendants' Memorandum. *U.S. ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 351 (4th Cir. 2009). Because Relator's allegations are at least partly based upon publicly disclosed reports, and Relator does not cite a single paragraph in his Complaint to show that his allegations derive from his own independent knowledge, Relator's state FCA claims fail on public disclosure grounds.

Relator argues that the disclosures cannot bar his action because they do not mention fraud against the States' Medicaid plans, and because the HHS-OIG Report does not mention Defendants specifically. *See* ECF No. 291 ("Response") at 8. However, the public disclosure does not need to match with specificity a relator's allegations. *U.S. ex rel. Black v. Health & Hosp. Corp. of Marion Cty.*, 494 F. App'x 285, 294 (4th Cir. 2012). A disclosure "must merely be sufficient to put the government on notice of the likelihood of related fraudulent activity." *U.S. ex rel Lopez v. Strayer Educ., Inc.*, 698 F. Supp. 2d 633, 641 (E.D. Va. 2010); *see also Graham Cty. Soil & Water Conservation Dist. v. U.S. ex rel. Wilson*, 559 U.S. 280, 291 (2010). Both disclosures contain sufficient information to put the state governments on the trail of the alleged fraud even if they do not specifically mention state programs. Surely the state governments are sufficiently aware of their own reimbursement structure to determine whether

2

they may have been the victim of fraud based on the conduct disclosed in the reports. Moreover, there is no requirement that a disclosure specifically name the defendant. *Lopez*, 698 F. Supp. 2d at 641; *see also United States v. Emergency Med. Assocs. of Illinois, Inc.*, 436 F.3d 726, 729 (7th Cir. 2006). In any event, the Washington Post article specifically identified Defendants.

Given the similarity between the public disclosures and Relator's allegations, to meet his burden Relator must prove that the allegations derive from his own independent knowledge. *U.S. ex rel. Jones v. Collegiate Funding Servs., Inc.*, 469 F. App'x 244, 255 (4th Cir. 2012); *U.S. ex rel. Davis v. Prince*, 753 F. Supp. 2d 569, 589 (E.D. Va. 2011). But Relator offers no more than general denials. *See* Original Complaint at ¶ 20; Second Amended Complaint at ¶ 20. Relator does not (because he cannot) cite a single paragraph from his Complaint showing that he had the requisite independent knowledge to meet his burden. *See* Response at 6-10.

### b. *Relator cannot show that he was an "original source" of the disclosed information*

As to the first requirement to qualify as an original source—direct and independent knowledge—Relator argues that he witnessed the conduct first hand. Response at 9. But he does not cite any supporting allegations in his Complaint. *Id*. Nor could he, since he specifically alleges "[u]pon information and belief," that the billing practices he observed at the facility in Pennsylvania where he worked were also employed at Defendants' other facilities. Second Amended Complaint ¶ 9. This information and belief is allegedly based on "discussions and meetings" with other employees, but not his own observation. *Id*. ¶¶ 29-30, 102.[1]

---

[1] Relator asserts that he alleges in his Complaint that he worked at more than one of Defendants' facilities. Response at 9. But he does not cite to his Complaint to support this assertion and Defendants could not find any such allegation. *See* Second Amended Complaint at ¶ 24 ("On August 29, 2005, Relator was hired by HCR to work as a PTA in a skilled nursing facility and operated by HCR at 600 S Wycombe Avenue, Yeadon, Pennsylvania (the 'Facility').").

3

As to the second requirement—voluntarily providing information to the relevant state government prior to filing—Relator points to his allegations that he provided the information to the *federal* government before he filed suit. Response at 10. But the state FCA statutes that Relator invokes require the information to be provided to the *state* government. *See* Defs' Memo at 7-8 & nn.6, 8; *e.g.*, Va. Code Ann. § 8.01-216.8 (effective Jan. 1, 2003 to June 30, 2011) (exception requires relator to establish that he "has voluntarily provided the information *to the Commonwealth* before filing an action") (emphasis added). Relator nowhere alleges that he voluntarily provided the information to any state government prior to filing his action.

> 2. **Relator's state FCA claims are inadequately pled under Federal Rules of Civil Procedure 8 and 9(b)**
>
>> a. *Relator fails to plead facts sufficient to meet Rule 8's plausibility standard*
>>
>>> i. *Relator fails to allege a connection between reimbursement under the various state Medicaid regimes and his allegations of excessive therapy services*

In response to Defendants' argument that the Complaint fails to allege how Defendants' conduct led to the submission of a false claim, Relator acknowledges that "the precise Medicaid reimbursement rules and procedures do vary from state-to-state," but argues these differences are irrelevant because it is unlikely that states have "adopted Medicaid reimbursement methods under which a skilled nursing facility may submit claims for reimbursement for services that were never rendered, or services that were medically unnecessary." Response at 11. Relator misses the point of Defendants' argument.

Different states apply different reimbursement adjustments and implement various methods to limit Medicaid reimbursement, including payment ceilings, efficiency incentives, and occupancy-based adjustments. *See* Virginia's Medicaid Reimbursement to Nursing Facilities,

Senate Doc. 28, Va. Gen. Assembly (Jan. 6, 2000);[2] U.S. Gen. Accounting Office, Medicaid Nursing Home Payments: States' Payment Rates Largely Unaffected by Recent Fiscal Pressure (Nov. 26, 2003).[3]  These limitations are not found in the Medicare program.  Accordingly, even if therapy provided was not reasonable and necessary, it would not automatically lead to a false Medicaid claim causing the government to make payments it otherwise would not have made. *See U.S. ex rel. DeCesare v. Americare In Home Nursing*, 757 F. Supp. 2d 573, 586 (E.D. Va. 2010) (actionable statements must "lead the government to make payments it would not otherwise have made").

> ii.   *Relator fails to plead an objective falsehood necessary to state a plausible claim*

Relator fails to plead the core element of his state FCA claims that Defendants provided medically unreasonable and unnecessary therapy—an "*objective* falsehood." *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) (emphasis added); *see also U.S. ex rel. Drakeford v. Tuomey*, 792 F.3d 364, 383 (4th Cir. 2015) (same) (citation omitted). Rather, Relator's theory turns on a *subjective* question about which reasonable minds can differ: whether the therapy Defendants provided to each unique patient was—or was not—medically "reasonable and necessary" under 42 U.S.C. § 1395y(a)(1)(A).  Defs' Memo at 15-16.

Relator argues that Defendants "cannot be correct," Response at 12, but several courts addressing evidence at summary judgment have confirmed that the question of what is "reasonable and necessary" for a particular patient produces "conclusions about which reasonable minds may differ" which cannot, as a matter of law, "be false." *United States v. AseraCare Inc.*, No. 2:12-CV-245-KOB, 2016 WL 1270521, at *1 (N.D. Ala. Mar. 31, 2016)

---

[2]   http://jlarc.virginia.gov/pdfs/reports/Rpt243.pdf.

[3]   http://www.gao.gov/products/GAO-04-143 (last visited May 25, 2017).

(quoting *U.S. ex rel. Phalp v. Lincare Holdings, Inc.*, 116 F. Supp. 3d 1326, 1360 (S.D. Fla. 2015) (internal quotation marks omitted)); *see also United States v. Paulus*, No. CR 15-15-DLB-EBA, 2017 WL 908409, at *8 (E.D. Ky. Mar. 7, 2017) ("As several courts have observed in the False Claims Act context, the expert testimony of one disagreeing doctor, where reasonable minds can differ, is insufficient to prove falsity."); *United States v. Prabhu*, 442 F. Supp. 2d 1008, 1026 (D. Nev. 2006) (no falsity if "reasonable persons can disagree regarding whether the service was properly billed to the Government"). Put another way, "a mere difference of opinion between physicians, without more, is not enough to show falsity" under the FCA. *AseraCare*, 2016 WL 1270521, at *1, 3.

In an effort to avoid this issue, Relator states (for the first time in this litigation) that it is coinsurance claims billed to and paid by the states for claims submitted to Medicare that "constitute defendants' state false claims liability." Response at 14. However, Relator's Complaint makes no mention of coinsurance claims billed to the states and he cannot rely on such arguments at this point in the litigation. *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013) ("It is well-established that parties cannot amend their complaint through briefing or oral advocacy.").

### b. *Relator fails to plead his state FCA claims with the particularity required by Rule 9(b)*

Relator fails to plead with particularity even one specific "representative" false claim as required by controlling law. *See U.S. ex rel. Nathan v. Takeda Pharm. N. Am., Inc.*, 707 F.3d 451, 456-57 (4th Cir. 2013). In the face of this obstacle, Relator points to paragraphs 125-128, 130-131 and 134 of his Complaint as providing "specific examples of false claims whereby Defendants sought reimbursement for unnecessary and unreasonable therapy provided to particular patients." Response at 15. Relator greatly overstates these allegations which are about

6

individual (unidentified) patients but make no reference at all to claims. Relator does not allege that these patients were covered by Medicaid or even that any claim was submitted to a government program for the services alleged to be unnecessary or unreasonable. Furthermore, a fair reading of the Complaint is that each of these patients was treated in Defendants' facility in Yeadon, Pennsylvania, and so any alleged claim that was submitted was not submitted to a state for which Relator has brought a claim. *See* Defs' Memo at 17; *U.S. ex rel. Wall v. Vista Hospice Care, Inc.*, 778 F. Supp. 2d 709, 723 (N.D. Tex. 2011) (finding that relator's allegations of false claims based on her experience in the defendant's Texas offices did not support her general pleading that similar frauds were perpetrated in other states where defendant conducted business).

Relator argues that Defendants do not properly acknowledge Rule 9(b)'s "primary" purpose of placing that the defendant on notice of the conduct complained of. *See* Response at 16. But Rule 9(b) has multiple purposes, including preventing frivolous suits, eliminating fraud actions in which all the facts are learned after discovery, and protecting defendants from harm to their goodwill and reputation. *Nathan.*, 707 F.3d at 456 (citing *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999)) (further noting that these purposes may apply with particular force in an FCA case).

      c. <u>*Relator fails to plead a conspiracy to submit a false claim*</u>

Relator argues that his "Complaint is replete with facts sufficient to state a plausible violation of the state FCAs conspiracy provisions," but he does not point the Court to a single one. Response at 17. As to Defendants' legal argument regarding intra-corporate conspiracy, Relator simply ignores the FCA cases that unequivocally hold that "a parent corporation and its wholly owned subsidiaries . . . are legally incapable of forming a conspiracy with one another."

7

*U.S. ex rel. Brooks v. Lockheed Martin Corp.*, 423 F. Supp. 2d 522, 528 (D. Md. 2006); *see also* Defs' Memo at 18-19.

### 3. Relator's state FCA claims are deficient for particular reasons having to do with the individual state FCA statutes

#### a. *Relator's Michigan FCA claim fails on first-to-file grounds*

Relator ignores the plain language of the Michigan statute and argues that the Michigan first-to-file bar only applies when the earlier filed action was brought under the Michigan FCA. Response at 19. But the Michigan first-to-file bar applies to any action "to which [Michigan] *or the federal government is already a party*." Mich. Comp. Laws Ann. § 400.610a(12) (emphasis added). Relator's Michigan claim is barred on first-to-file grounds because the federal government was already a party to Relator Ribik's lawsuit when Relator filed his claim.

#### b. *Relator's Maryland FCA claim fails because Maryland did not intervene*

Relator argues that "the State of Maryland has the right to intervene at a later point if it so chooses," Response at 19, but again ignores the plain language of the statute: "[i]f the state does not elect to intervene and proceed with the action . . . , *before unsealing the complaint*, the court shall dismiss the action." Md. Code Ann., Health-Gen. § 2-604(a)(7) (emphasis added). Courts do not wait to see whether Maryland will change its mind before dismissing complaints under § 2-604(a)(7). *See United States v. Hind Health Care, Inc.*, No. 15-CV-04928-LHK, 2017 WL 190254, at *1 (N.D. Cal. Jan. 16, 2017) (dismissing with prejudice Maryland FCA claims where Maryland declined to intervene); *U.S. ex rel. Cestra v. Cephalon, Inc.*, No. 14-1842, 2015 WL 3498761, at *14 (E.D. Pa. June 3, 2015) (same).

#### c. *Relator's Delaware FCA claim, to the extent it is based on acts prior to July 16, 2009, fails because the state Attorney General did not determine that a substantial violation occurred*

Relator asserts that Defendants have misread the Delaware statute. Response at 19. But

8

he cites to the current version of the law, not the version that existed at the time of the alleged violations. *See, e.g., U.S. ex rel. Streck v. Allergan, Inc.*, 894 F. Supp. 2d 584, 603 (E.D. Pa. 2012) (explaining that under the 2005 version of the Delaware FCA, in order for a *qui tam* action to continue without state intervention, the Delaware Attorney General must issue a written determination that there is substantial evidence that a violation occurred, but noting that this requirement was eliminated in 2009).

### 4. The Court may decline to exercise supplemental jurisdiction over Relator's state FCA claims

Relator argues that the Court should exercise supplemental jurisdiction because "[s]everal of the state FCAs contain anti-retaliation provisions that mirror the federal provision," Response at 20, but Relator has not brought any retaliation claims under the state FCAs and so this argument is without merit.

## B. RELATOR'S RETALIATION CLAIM (COUNT 9) SHOULD BE DISMISSED

### 1. Relator fails to plead that he was retaliated against "as a result of" his alleged protected activity

Relator argues that he pleaded facts sufficient to meet the "as a result of" element of his federal retaliation claim in two ways—by showing (i) a "temporal proximity" between his allegedly "protected activity" and his discharge and (ii) that the reason Defendants provided for his discharge was "pretextual." Response at 26. Relator's admission of a valid, non-retaliatory reason for his discharge forecloses his "temporal proximity" contention. *See* Defs' Memo at 22-24 (citing Second Amended Complaint at ¶ 156). In any event, the "proximity" argument fails because Relator does not allege which individuals took the allegedly adverse employment action against him, or what or how the individuals involved supposedly knew about his allegedly protected conduct. His allegations therefore do not give rise to any plausible claim that Defendants terminated him because he made complaints in furtherance of a potential FCA

9

action.  *See Elder v. DRS Techs., Inc.*, No. 1:13-cv-799 (JCC/TRJ), 2013 WL 4538777, at *6 (E.D. Va. Aug. 27, 2013) ("Plaintiff's allegations must allow the Court to plausibly—or reasonably—infer the existence of the prima facie elements" of a retaliation claim).

Relator's admission of a valid, non-retaliatory reason for his discharge also forecloses his "pretext" argument.  *See* Defs' Memo at 22-24 (citing Second Amended Complaint at ¶ 156).  In any event, the "pretext" argument fails because, contrary to Relator's position, a Relator cannot survive a motion to dismiss with a conclusory assertion that Defendants' articulated reason for the termination was pretext.  *See* Response at 26; *Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013) ("conclusory" allegations not credited on motion to dismiss); *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) ("conclusory 'restatements'" of the "elements of a cause of action . . . fail to constitute well-pled facts for Rule 12(b)(6) purposes") (citation omitted).

### 2. Relator fails to plead that he engaged in "protected activity"

Relator acknowledges that "[u]nder Fourth Circuit precedent, internal complaints by an employee of 'shoddy business practices' or 'suggestions for improvement' do not qualify as protected activity."  Response at 25.  Relator argues that his Complaint is "replete with allegations of fraud against the Government beyond mere suggestions for improving Defendant's business practices[.]"  *Id.*  But, again, Relator cites to no specific allegations in his Complaint because there are none that would meet the required standard.  *See id.*

### 3. Relator fails to plead that Defendants had notice of any protected activity

Relator argues that in paragraphs 148-157 of his Complaint he alleges at least five specific instances of properly informing Defendants that FCA litigation was a reasonable possibility.  *See* Response at 23.  However, none of Relator's allegations indicate that he

10

conveyed to his supervisors that Defendants' conduct was "illegal or fraudulent" or that he "recommend[ed] that legal counsel become involved." *Eberhardt v. Integrated Design & Const., Inc.,*, 167 F.3d 861, 868 (4th Cir. 1999). Rather, Relator's allegations expressly state that he was communicating his "concerns" about supposed overbilling practices. *See* Second Amended Complaint at ¶ 151. This is not sufficient. *See e.g., U.S. ex rel. Garzione v. PAE Gov't Servs., Inc.,* No. 1:15-cv-833 (AJT/JFA), 2016 WL 775780 (E.D. Va. Feb. 25, 2016) (noting that "simply reporting a concern of a mischarging to the government to [a] supervisor does not suffice to establish that a whistleblower plaintiff was engaging in protected activity") (internal quotations and citations omitted).

### C. IF ANY OF RELATOR'S CLAIMS SURVIVE DISMISSAL, THEY SHOULD BE LIMITED TO THE TIME PERIOD OF HIS EMPLOYMENT

Relator argues that Defendants are wrong to assert that his allegations are limited to actions that occurred during his employment with Defendants, arguing that "[n]othing in his Complaint suggests any such limitation" and that he "has no reason to believe that Defendants stopped their fraudulent conduct on the very day he was unlawfully terminated." Response at 27. But Relator can point to no allegations in his Complaint pertaining to acts or events outside the timeframe of his employment. Any such allegations could only be "on information and belief" which is presumptively inadequate. *See U.S. ex rel. Bogina v. Medline Indus.*, 809 F.3d 365, 370 (7th Cir. 2016) ("information and belief" allegations "won't do in a fraud case—for 'on information and belief' can mean as little as 'rumor has it that'"); *see also Sealed Appellant I v. Sealed Appellee I,* 156 F. App'x 630, 633 (5th Cir. 2005) (concluding that claims arising from time frame after relator was fired were insufficient because they were "based on Appellant's extrapolations and good faith belief"); *U.S. ex rel. Ruscher v. Omnicare, Inc.*, No. 4:08-CV-3396, 2014 WL 2618158, at *16 (S.D. Tex. June 12, 2014) (dismissing FCA claims arising from

11

alleged kickbacks arising outside the time frame of relator's employment). As such, should any of Relator's claims survive dismissal, they should be limited to events that occurred during his employment.

### D. THE COURT SHOULD DENY LEAVE TO AMEND

Any amendment here would be futile given the plain applicability of the public disclosure bar. *See Black*, 494 F. App'x at 297 (4th Cir. 2012) (affirming denial of leave to amend where relator's FCA claim was barred by the public disclosure rule). In addition, Relator has not shown how he could cure the numerous deficiencies in his pleadings. His prior role as a physical therapy assistant did not provide him an opportunity to develop knowledge about the submission of claims, and his employment strictly in a Pennsylvania facility did not provide him an opportunity to develop any knowledge about activities in other states.

Further, Relator still fails to propose any third amended complaint and how it would overcome the multiple defects in his claims. *See Francis v. Giacomelli*, 588 F.3d 186, 197 (4th Cir. 2009) (affirming denial of leave to amend where plaintiffs "filed no separate motion" and "attached no proposed amendment or statement indicating how they wish to amend their complaint"); *see also Cozzarelli v. Inspire Pharm. Inc.*, 549 F.3d 618, 630-31 (4th Cir. 2008).

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss Relator's Complaint pursuant to Rules 9(b), 12(b)(1), and 12(b)(6).

Dated: May 25, 2017                             Respectfully submitted,

                                                HCR MANORCARE, INC. (SUED AS HCR
                                                MANORCARE AND HCR MANORCARE,
                                                INC.) AND HEARTLAND EMPLOYMENT
                                                SERVICES, LLC

                                                By Counsel

/s/
Katherine J. Seikaly (VSB No. 71438)
Eric A. Dubelier (*pro hac vice*)
Carol C. Loepere (*pro hac vice*)
REED SMITH LLP
1301 K Street, N.W.
Suite 1100 – East Tower
Washington, D.C. 20005
202-414-9200 (phone)
202-414-9299 (fax)
kseikaly@reedsmith.com
edubelier@reedsmith.com
cloepere@reedsmith.com

Melissa A. Geist (*pro hac vice*)
REED SMITH LLP
136 Main Street
Suite 250
Princeton, NJ 08540
(609) 987-0050 (phone)
(609) 951-0824 (fax)
mgeist@reedsmith.com

Marilyn A. Moberg (*pro hac vice*)
REED SMITH LLP
355 South Grand Avenue
Suite 2800
Los Angeles, CA 90071
(213) 457 8035 (phone)
(213) 457 8080 (fax)
mmoberg@reedsmith.com

*Counsel for Defendants HCR ManorCare, Inc. (sued as HCR ManorCare and HCR ManorCare, Inc.) and Heartland Employment Services, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of May 2017, the foregoing was electronically filed with the clerk of court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

/s/
Katherine J. Seikaly (VSB No. 71438)
REED SMITH LLP
1301 K Street, N.W.
Suite 1100 – East Tower
Washington, D.C. 20005
202-414-9200 (phone)
202-414-9299 (fax)
kseikaly@reedsmith.com

*Counsel for Defendants HCR ManorCare, Inc. (sued as HCR ManorCare and HCR ManorCare, Inc.) and Heartland Employment Services, LLC*