IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

UNITED STATES OF AMERICA, )
et al., ex rel. CHRISTINE A. )
RIBIK, )
 )
    Plaintiffs, )
 )
v. ) Civil Action No. 1:09-cv-00013
 )
HCR MANORCARE, INC., et al., )
 )
    Defendants. )

## Memorandum Opinion

THIS MATTER comes before the Court on Defendants' Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 9(b).

Relator Patrick Gerard Carson ("Carson") is a physical therapist assistant, who was hired by HCR ManorCare, Inc. ("Defendant") in 2005. He was fired in November 2009. Defendants claim that Carson was fired because he changed a plan of care, which is a violation of the Pennsylvania Practice Act for Physical Therapy. Carson admits that he changed the plan of care. During his employment with Defendants, Carson only worked at the nursing facility in Yeadon, Pennsylvania.

On September 28, 2011, Carson filed a False Claims Act lawsuit against Defendants. On June 13, 2012, Carson's case was consolidated with Christine Ribik's False Claims Act lawsuit, which had been filed more than two years before on September 7, 2009. In his Amended Complaint, Carson presented twenty-five causes of action, including counts under the federal False Claims Act (Counts 1-9) and counts under various state equivalents of the False Claims Act (Counts 10-25). Carson raised false claim allegations under sixteen state statutes, including California, Colorado, Delaware, Florida, Georgia, Illinois, Indiana, Maryland, Michigan, Nevada, New Jersey, North Carolina, Oklahoma, Texas, Virginia, and Wisconsin.

More than a year before Carson filed his False Claims Act lawsuit, several sources reported on an ongoing governmental investigation of the alleged overbilling and unnecessary therapy treatment occurring at Defendants' facilities. In March 2010, the Washington Post published an article, reporting that the Health and Human Services Office of the Inspector General ("HHS-OIG") was investigating Defendants' facilities. In December 2010, HHS-OIG published its report on that investigation, which stated that certain skilled nursing facilities may be routinely providing unnecessary treatment and overbilling.

In September 2015, Defendants moved to dismiss, arguing among other reasons that this Court lacked jurisdiction based on

2

the first-to-file bar because Christine Ribik had filed her False Claims Act case against Defendants more than two years before Carson filed his action. On those grounds, this Court dismissed Carson's entire case. Carson appealed. The Fourth Circuit affirmed this Court's dismissal of Counts 1-8 but vacated this Court's dismissal of Counts 9-25, which included the federal False Claims Act retaliation count and the state False Claims Act counts.

In May 2017, Defendants moved to dismiss Carson's remaining counts. On all of the state False Claims Act counts except the Wisconsin count, Defendants argue that the counts should be dismissed for lack of jurisdiction because of the public disclosure bar. Wisconsin does not have a public disclosure bar. Defendants further argue that all of the state False Claims Act counts should be dismissed under Rules 8 and 9(b) for lack of particularity. On the retaliation count under the federal False Claims Act, Defendants argue that the retaliation count fails as a matter of law because Carson was fired after he changed a plan of care in violation of Pennsylvania law.

A motion to dismiss tests the sufficiency of the complaint. See Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). In a Rule 12(b)(6) motion to dismiss, the court must accept all well-pled facts as true and construe those facts in the light most favorable to the plaintiff. Ashcroft v. Iqbal,

3

556 U.S. 662, 678 (2009). The complaint must state a plausible claim for relief to survive a motion to dismiss. Iqbal, 556 U.S. at 679. The court does not accept as true any "unwarranted inferences, unreasonable conclusions, or arguments." E. Shore Markets, Inc. v. J.D. Associates Ltd., 213 F.3d 175, 180 (4th Cir. 2000). Here, there are multiple reasons why all of the remaining counts in Carson's Complaint should be dismissed.

First, all of Carson's state False Claim Act counts, except for the Wisconsin count, must be dismissed because the public disclosure bar at the time the allegedly wrong conduct occurred would have precluded the Court from exercising jurisdiction. The alleged false claims occurred prior to 2010 when the False Claims Act was amended. Both parties concede that the pre-2010 version of the False Claims Act applies as does the case-law construing the pre-2010 version of the False Claims Act.

With this understood, Carson argues that the language "based upon" in the public disclosure bar is construed more narrowly in the Fourth Circuit and that the Fourth Circuit interprets the public disclosure bar to preclude actions "only where the relator has actually derived from [a public] disclosure the allegations upon which his qui tam action is based." U.S. ex rel. Siller v. Becton Dickinson & Co. By & Through Microbiology Sys. Div., 21 F.3d 1339, 1348 (4th Cir. 1994).

4

Yet, in a 2009 case before the 2010 amendments, the Fourth Circuit held that the "public disclosure jurisdictional bar encompasses actions even partly based upon prior public disclosures." U.S. ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 351 (4th Cir. 2009). Accordingly, the public disclosure bar compels dismissal for lack of jurisdiction of a claim that is partly derived from a public source. Id. After a defendant asserts that public disclosure precludes jurisdiction, the relator must show that the public disclosure bar does not apply. Id. at 348.

Here, Carson cannot plausibly allege that his claims are not even partly based on public sources reporting on Defendants' alleged overbilling and unnecessary treatment. Both the Washington Post's article in March 2010 and the HHS-OIG's report in December 2010 provided public disclosure of the alleged false claims at skilled nursing facilities, including Defendants' skilled nursing facilities. The HHS-OIG's report was also widely discussed in other government reports and news media. Except for a conclusory allegation that he has personal knowledge of the alleged false claims, Carson does not allege any specific personal knowledge of alleged violations occurring in the sixteen states named in his Amended Complaint. Carson only worked at the skilled nursing facility in Pennsylvania, however, so his claims under the False Claims Act laws of the sixteen states named in his Amended Complaint, which notably does not

5

include Pennsylvania, must be based on the public disclosures of alleged fraud at facilities in those states. Thus, his state law claims are partly derived from public disclosure.

For the same reason, Carson cannot plausibly allege that he was an original source for his claims based on the state False Claims Acts. A relator may be able to proceed with a claim otherwise barred by public disclosure if the relator is an original source. An original source is someone with direct and independent knowledge of the fraud alleged. Carson claims that his independent knowledge arises from his observations while employed by Defendants, but Carson worked exclusively at the skilled nursing facility in Yeadon, Pennsylvania, where he did not observe fraudulent practices in the sixteen states named in his Amended Complaint. Notably, of those sixteen states, Carson does not present a claim for fraud under Pennsylvania law. Thus, except for Wisconsin, the state public disclosure bars preclude this Court from exercising jurisdiction over Carson's state False Claims Act counts.

Second, all of the state False Claims Act counts, including the count under Wisconsin law, should be dismissed under Federal Rule of Civil Procedure 9(b). To state a claim in a qui tam action, the plaintiff must plausibly allege with sufficient factual matter: (1) a false statement or fraudulent course of conduct; (2) made or carried out with the requisite scienter;

(3) that was material; and (4) caused the government to make a payment. See U.S. ex rel. Ahumada v. NISH, 756 F.3d 268, 280 (4th Cir. 2014). A qui tam action is a fraud action, meaning that the plaintiff must also satisfy Rule 9(b)'s requirement to describe the time, place, and contents of a false representation along with the identity of the person or entity making the false representation. Id. The complaint must allege the who, what, when, where, and how of the alleged fraud.

Here, Carson fails to allege even a single specific act committed in any of the sixteen states mentioned in his Amended Complaint. Carson only observed conduct at the Pennsylvania facility, yet he pleads upon information and belief that wrongful conduct occurred at facilities in sixteen other states. This pleading does not state the who, what, when, where, and how the alleged fraud occurred with the particularity required in Rule 9(b). See U.S. ex rel. Bogina v. Medline Indus., Inc., 809 F.3d 365, 370 (7th Cir. 2016)("Allegations based on 'information and belief' thus won't do in a fraud case-for 'on information and belief' can mean as little as 'rumor has it that . . . .'"). Thus, all of Carson's state False Claims Act counts fail to state a claim with the particularity required under Rule 9(b). For this reason, all of Carson's state law claims, including the count under Wisconsin law, should be dismissed.

Third, Carson's retaliation claim under the federal False Claims Act fails as a matter of law. Section 3730(h) of the False Claims Act prohibits retaliation for "lawful acts done by the employee . . . in furtherance of an action under this section or other efforts to stop 1 or more violations of [the False Claims Act]." To state a claim, a relator must plausibly allege: (1) he engaged in protected acts in furtherance of a False Claims Act suit; (2) the employer knew about these protected acts; and (3) the employee suffered adverse action as a result of these acts. Mann v. Heckler & Koch Def., Inc., 630 F.3d 338, 343 (4th Cir. 2010).

Here, Carson fails to adequately allege that he engaged in protected activity. While an employee is not required to actually file a qui tam suit to engage in protected activity, the employee must take measures in furtherance of filing a qui tam suit. Id. The Fourth Circuit has construed protected activity to require that litigation is a "distinct possibility." Id. at 344. Carson alleges that he reported his concerns and objections about Defendants' billing and treatment practices, but merely reporting concerns is not enough to constitute protected activity. In contrast, for example, Carson could have alleged that he contacted a lawyer about his concerns or conducted further investigation, facts which might indicate that filing a False Claims Act lawsuit was a "distinct possibility."

8

But expressing concerns and objections to management without anything more does not create a distinct possibility that litigation is pending.

Furthermore, Carson's actions did not place Defendants on notice that qui tam litigation was possible. An employer is not placed on notice when the relator's complaints are "couched in terms of concerns and suggestions, not threats or warnings of FCA litigation." U.S. ex rel. Parks v. Alpharma, Inc., 493 F. App'x 380, 389 (4th Cir. 2012). The relator must make actual threats or warnings of False Claims Act litigation. Carson's Amended Complaint does not allege that he made any threats or warnings about False Claims Act litigation. Thus, Carson's actions—expressing concerns and objections—did not place Defendants on notice, and Carson's subsequent discharge cannot be retaliatory as a matter of law.

Finally, even if Carson had engaged in protected activity and Defendants were on notice of pending False Claims Act litigation, Carson cannot allege that his protected activity caused his discharge. In his Amended Complaint, Carson admits that he changed a plan of care, in violation of Pennsylvania law. Carson further admitted that Defendants' stated reason for terminating him was that he changed a plan of care. It is undisputed that Carson's action violated Pennsylvania law. Because Carson admits he violated Pennsylvania law in changing

the plan of care, Carson cannot show that his concerns and objections about the alleged fraud caused his discharge. Thus, Carson cannot state a retaliation claim for which he may obtain relief.

Therefore, this Court finds that Defendants' Motion to Dismiss should be GRANTED. First, all of the state law claims, except for the Wisconsin claim, should be dismissed because the state public disclosure bars preclude jurisdiction. Second, all of the state law claims, including the Wisconsin claim, should be dismissed for failure to plead with the particularity required in the Federal Rules of Civil Procedure. Third, the retaliation claim under the federal False Claims Act should be dismissed because Carson did not engage in protected activity or provide notice to his employer that False Claims Act litigation was distinctly possible. An appropriate order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
August 10, 2017