# EXHIBIT 2

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia

| United States ex rel. Christine Ribik | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:09-cv-13 (CMH/TCB) |
| HCR ManorCare, Inc., et al. | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Rebecca Clearwater PT, MS, DPT

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A to Defendants' Notice Duces Tecum

| Place: Reed Smith LLP<br>7900 Tysons One Place, Suite 500, McLean, VA 22102 | Date and Time:<br>07/11/2017 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/27/2017

*CLERK OF COURT*

OR

_____     _____
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* HCR ManorCare, Inc. , who issues or requests this subpoena, are:

Katherine Seikaly, Esq., Reed Smith LLP, 1301 K St., Washington, DC 20005 (202) 414-9219  kseikaly@reedsmith.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:09-cv-13 (CMH/TCB)

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____
_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>*ex rel.* RIBIK and SLOUGH,<br><br>Plaintiffs,<br><br>v.<br><br>HCR MANORCARE, INC., MANOR CARE, INC., HCR MANOR CARE SERVICES, LLC, and HEARTLAND EMPLOYMENT SERVICES LLC,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NUMBERS:<br>1:09cv13   (CMH/TCB) (LEAD CASE)<br>1:14cv1228  (CMH/TCB) |

## DEFENDANTS' NOTICE DUCES TECUM OF
## DEPOSITION OF REBECCA CLEARWATER PT, MS, DPT

PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Defendants HCR ManorCare, Inc., Manor Care, Inc., HCR Manor Care Services, LLC, and Heartland Employment Services LLC will take the videotaped deposition upon oral examination of Rebecca Clearwater PT, MS, DPT before an officer duly authorized to administer oaths. The deposition will commence at 9:00 a.m. on July 26, 2017, at the offices of Reed Smith LLP, 7900 Tysons One Place, Suite 500, McLean, VA 22102, and will continue from day to day until completed, including on July 27, 2017 and July 28, 2017. This deposition will be taken for the purposes of discovery, for use at trial in this matter, and for any other purpose permitted under the Federal Rules of Civil Procedure. A subpoena *duces tecum* is hereby served on the deponent.

PLEASE TAKE FURTHER NOTICE that, pursuant to Rule 30(b)(2) of the Federal Rules of Civil Procedure, the deponent is to produce the documents identified in Exhibit A attached to this Notice no later than July 11, 2017.

1

Dated: June 27, 2017	Respectfully submitted,

                                                REED SMITH LLP

                                                /s/
                                              Katherine J. Seikaly
                                              Eric A. Dubelier
                                              Carol C. Loepere
                                              Reed Smith LLP
                                              1301 K Street,
                                              Suite 1100
                                              Washington, DC  20005
                                              Tel:  (202) 414-9219
                                              Fax:  (202) 414-9299
                                              kseikaly@reedsmith.com

                                              Melissa A. Geist
                                              Reed Smith LLP
                                              136 Main Street
                                              Suite 250
                                              Princeton, NJ 08540

                                              Marilyn A. Moberg
                                              Reed Smith LLP
                                              355 South Grand Avenue
                                              Suite 2800
                                              Los Angeles, CA 90071

                                              *Counsel for Defendants HCR ManorCare, Inc., Manor Care, Inc., HCR Manor Care Services, LLC, and Heartland Employment Services LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 27th day of June, 2017, I served a true and correct copy of the foregoing on the following counsel by electronic mail:

David B. Wiseman
Allison Cendali
Christelle Klovers
Amy L. Likoff
Yolonda Y. Campbell
Zach Williams
Albert P. Mayer
Jason Lynch
Gordon Shemin
Attorneys, Civil Division
United States Department of Justice
P.O. Box 261, Ben Franklin Station
Washington, DC 20044

Monika L. Moore
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Ave.
Alexandria, VA 22314

*Counsel for the United States*

      /s/
Katherine J. Seikaly
Reed Smith LLP
1301 K Street, Suite 1100
Washington, DC  20005
Tel:  (202) 414-9219
Fax:  (202) 414-9299
kseikaly@reedsmith.com

*Counsel for Defendants HCR ManorCare, Inc., Manor Care, Inc., HCR Manor Care Services, LLC and Heartland Employment Services LLC*

3

# EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions apply:

1. "Communication" means all electronic and hard copy written communications as well as oral communications (unless otherwise specified) including, but not limited to correspondence, meetings, telephone conversations, letters, memoranda, notes, agendas, meeting minutes, facsimiles, emails, attachments, and other recordings, summaries, or notes of conversations, discussions, or meetings.

2. "Document" means anything within the scope of Federal Rule of Civil Procedure 34 and Federal Rule of Evidence 1001, including without limitation, letters, publications, articles, correspondence, memoranda, notes, records, reports, interoffice communications, emails, messages, invoices, charts, tabulations, summaries or abstracts, recordings, work sheets, work papers, models, data compilations, diagrams, sketches, demonstrative illustrations, computer software or code, whether in machine or human readable form on any medium, rules, regulations, opinions, orders, interpretations, guidelines, and all other documentary material.

3. "ManorCare" means HCR ManorCare, Inc., Manor Care, Inc., HCR ManorCare Services, LLC and Heartland Employment Services, LLC, as well as any consultants, experts, investigators, principals, agents, representatives, employees, or any other person acting on their behalf.

4. "Plaintiffs" means the United States of America, Christine Ribik, and Marie Slough, as well as any consultants, experts, investigators, principals, agents, representatives, employees, or any other person acting on their behalf.

5. "You" and "your" refer to Rebecca Clearwater, or any person employed by her or

4

working on her behalf.

6. "Your Report" refers to the expert report you prepared for Plaintiffs in this Litigation, dated November 4, 2016, together with your rebuttal report, dated January 25, 2017, submitted pursuant to Rule 26 of the Federal Rules of Civil Procedure.

7. The "Litigation" refers to *United States ex rel. Ribik v. HCR ManorCare, Inc., et al.* (1:09cv13), presently pending in the United States District Court for the Eastern District of Virginia.

8. All documents and communications should be produced that are not subject to an objection and that are known by, possessed or controlled by, or available to you, or your attorneys, representatives, or other agents.

9. These requests shall be deemed continuing so as to require further and supplemental production by you in the event you obtain or discover additional documents or communications between the time of responding to this subpoena and the time of any hearing or trial.

## DOCUMENTS REQUESTED

Pursuant to Rule 30 of the Federal Rules of Civil Procedure, ManorCare requests that you produce the following documents on or before July 11, 2017, to the extent not previously produced:

1. Any and all reports, notes, memos, models, work sheets, data compilations, supporting data, and statistical programs utilized in conjunction with the formulation of your opinion in this Litigation and/or provided to, reviewed by, relied on, or prepared by or for you in connection with your investigation and review of this Litigation, except any draft reports or disclosures protected from disclosure by Rule 26(b)(4)(B). This request includes, but is not limited to documents reflecting the "summary of an overall picture of the beneficiary, referenced on page 15 of Your Report.

5

2. Any and all lists of beneficiaries each nurse reviewer was assigned, as referenced on page 15 of Your Report.

3. Any and all documents reflecting the identify of each and every nurse reviewer who performed the "quality check" for each and every beneficiary, as referenced on page 16 of Your Report.

4. Any and all writings or recordings which reflect any of your opinions in regard to this Litigation, except any draft reports or disclosures protected from disclosure by Rule 26(b)(4)(B).

5. Any and all communications (including but not limited to emails, letters, text messages, and voicemails) regarding this Litigation including, but not limited to, any communications by and between you and any employees of the United States and/or any government agency including, but not limited to, Centers for Medicare and Medicaid Services and the Office of Inspector General for the Department of Health and Human Services (HHS-OIG), any contractors of the United States, Christina Jessee RN BSN, Marna Bogan RN, Dona Lambert RN and Suzanne Deriso RN, in connection with this Litigation, except communications protected from disclosure by Rule 26(b)(4)(C). This request includes, but is not limited to, any and all communications between any attorney or other individual and you that (i) relate to compensation for your review, study, or testimony; (ii) identify facts or data that the attorney provided and that you considered in forming the opinions to be expressed; or (iii) identify assumptions that the attorney provided and that you relied on in forming the opinions to be expressed.

6. Any and all business records that reflect the time, work, and efforts you expended in connection with your engagement in this Litigation, including, but not limited to, invoices, hourly or daily charges, time sheets and ledgers.

7. All documents reflecting publications and/or guidelines pertaining to rehabilitation

6

therapy you considered in connection with your investigation and/or analysis in this Litigation, including, but not limited to, all professional and research literature referenced in Your Report.

8. All documents reflecting publications and/or guidelines on Medicare Part A therapy services, the Skilled Nursing Facility Prospective Payment System, the Resource Utilization Group classification system, pricing and re-pricing of Skilled Nursing Facility claims, and/or any other publications you considered or relied upon in connection with you investigation and/or analysis in this Litigation.

9. All documents concerning the federal reimbursement scheme for services provided by Skilled Nursing Facilities considered or relied upon in connection with your investigation and/or analysis in this Litigation.

10. Any and all charts, tables, diagrams, sketches or demonstrative illustrations that you created or relied upon while working on this Litigation, whether in draft or final form.

11. Copies of all contracts entered into between you and the Plaintiffs relating to this Litigation, including the contract between AdvanceMed and DOJ through which you were retained, as well as AdvanceMed's ZPIC contracts with the Centers for Medicare and Medicaid Services, referenced on page 1 of Your Report.

12. Your complete working file (including, but not limited to, documents maintained and/or saved in electronic as well as hard copy format) in this Litigation, with the exception of draft reports or disclosures protected from disclosure by Rule 26(b)(4)(B) or communications protected from disclosure by Rule 26(b)(4)(C).

13. Copies of all expert reports you prepared in any case for which you have testified or been retained to testify in the preceding ten years, to the extent the reports are within your possession or control and have been served. If any document responsive to this request is subject to a protective order barring its production, you should produce a copy of the applicable protective

7

order(s) and a log identifying the responsive documents(s).

14. Copies of all deposition or trial testimony you have given in any case, to the extent the transcripts are within your possession or control and are not subject to a current protective order barring their production. This request specifically includes, but is not limited to, transcripts of your "deposition on behalf of the United States in *United States ex rel. Martin v. Life Care Centers of America, Inc.*, Civil Action No. 1:08-cv-251 (M.D. Tenn.)" and your "testimony on behalf of the participant CMS, at a hearing before an Administrative Law Judge in the appeal of Express Care South, ALJ Appeal Nos. 1-2005948837 and 1-2848705468," as referenced on page 3 of Your Report. If any document responsive to this request is subject to a protective order barring its production, you should produce a copy of the applicable protective order(s) and a log identifying the responsive documents(s).

15. Copies of transcripts of all other testimony you have provided, including, but not limited to, testimony to Congress or state legislatures, to the extent the transcripts are in your possession and control.

16. Documents evidencing your membership in and/or affiliation with the American Physical Therapy Association (APTA) and the "elected positions at the district and state levels" in which you have served and the "committees and workgroups at the national level" to which you have been appointed, as referenced on page 3 of Your Report.

17. Documents evidencing your membership in and/or affiliation with the California Physical Therapy Association (CPTA) and your "elect[ion] and serv[ice] on the nominating committee of the CPTA" as well as your "appoint[ment] to the payment policy committee of the CPTA" as referenced on page 3 of Your Report.

18. Documents evidencing your "appoint[ment] to serve on a panel for the Medicare Payment Advisory Commission (MedPAC) which addressed PT, OT and SLP" as referenced on

8

page 3 of Your Report.

19. All course materials concerning physical therapy services, ethics, documentation, pathology, clinical issues, epidemiology, and fraud, waste and abuse in therapy services that you prepared or used in your role as a part-time and/or guest lecturer, as referenced on page 2 of Your Report.

20. All materials you prepared or used in connection with the "education and training sessions for providers, law enforcement, internal staff and CMS on Medicare coverage guidelines and payment policies for SNF, IRF, and outpatient therapies," "courses on ethics, documentation, pathology, clinical issues, and epidemiology," and lectures "on the topics of Medicare guidelines and fraud, waste and abuse issues in therapy services," as referenced on page 2 of Your Report.