# EXHIBIT 3



**U.S. Department of Justice**

Civil Division

_____
Washington, DC 20530

July 11, 2017

**Via Email**

Katherine J. Seikaly
REED SMITH LLP
1301 K Street, NW
Suite 1100 – East Tower
Washington, DC 20005

      Re:    *U.S. ex rel. Ribik, et al., v. HCR ManorCare, Inc. et al.*
             (E.D. Va.) Civil Action No. 1:09cv13 (CMH/TCB)

Dear Kate:

      This letter responds to the subpoena and document requests attached to Defendants' Notice *Duces Tecum* of Deposition of Rebecca Clearwater, PT, MS, DPT, served on June 27, 2017. The following are the United States' specific objections and responses to the document requests:

      Request No. 1: Any and all reports, notes, memos, models, work sheets, data compilations, supporting data, and statistical programs utilized in conjunction with the formulation of your opinion in this Litigation and/or provided to, reviewed by, relied on, or prepared by or for you in connection with your investigation and review of this Litigation, except any draft reports or disclosures protected from disclosure by Rule 26(b)(4)(B). This request includes, but is not limited to documents reflecting the "summary of an overall picture of the beneficiary,["] referenced on page 15 of your Report.

      Response: The United States objects to this request to the extent it seeks protected material, including communications protected from disclosure by Rule 26(b)(4)(C). Subject to this objection, the United States will produce non-protected, responsive documents to the extent they exist and have not already been produced. The United States notes that documents reflecting the "summary of an overall picture of the beneficiary" as referenced on page of the Report, are contained in the beneficiary profiles attached to the Report as Exhibit D.

      Request No. 2: Any and all lists of beneficiaries each nurse reviewer was assigned, as referenced on page 15 of Your Report.

      Response: The United States will produce documents responsive to this request.

Request No. 3:  Any and all documents reflecting the identify [sic] of each and every nurse reviewer who performed the "quality check" for each and every beneficiary, as referenced on page 16 of Your Report.

Response:  The United States objects to this request to the extent it seeks protected material, including communications protected from disclosure by Rule 26(b)(4)(C).  Subject to this objection, the United States will produce non-protected, responsive documents to the extent they exist and have not already been produced.

Request No. 4:  Any and all writings or recordings which reflect any of your opinions in regard to this Litigation, except any draft reports or disclosures protected from disclosure by Rule 26(b)(4)(B).

Response:  The United States objects to this request to the extent it seeks protected material, including communications protected from disclosure by Rule 26(b)(4)(C).  Subject to this objection, the United States will produce non-protected, responsive documents to the extent they exist and have not already been produced.

Request No. 5:  Any and all communications (including but not limited to emails, letters, text messages, and voicemails) regarding this Litigation including, but not limited to, any communications by and between you and any employees of the United States and/or any government agency including, but not limited to, Centers for Medicare and Medicaid Services and the Office of Inspector General for the Department of Health and Human Services (HHS-OIG), any contractors of the United States, Christina Jessee RN BSN, Marna Bogan, RN, Dona Lambert RN and Suzanne Deriso RN in connection with this Litigation, except communications protected from disclosure by Rule 26(b)(4)(C).  This request includes, but is not limited to, any and all communications between any attorney or other individual and you that (i) relate to compensation for your review, study, or testimony; (ii) identify facts or data that the attorney provided and that you considered in forming the opinions to be expressed; or (iii) identify assumptions that the attorney provided and that you relied on in forming the opinions to be expressed.

Response:  The United States objects to this request to the extent it seeks protected material, including communications protected from disclosure by Rule 26(b)(4)(C).  The United States further objects to this request to the extent that it seeks information other than information relating to Dr. Clearwater's engagement as an expert witness in this case.  Subject to these objections, the United States will produce non-protected, responsive documents relating to Dr. Clearwater's engagement as an expert witness to the extent those documents exist and have not already been produced.

Request No. 6: Any and all business records that reflect the time, work, and efforts you expended in connection with your engagement in this Litigation, including but not limited to, invoices, hourly or daily charges, time sheets and ledgers.

Response:  The United States objects to this request to the extent it seeks protected material, including communications protected from disclosure by Rule 26(b)(4)(C).  Subject to

this objection, documents that reflect Dr. Clearwater's time and the amount billed by Dr. Clearwater as an expert retained to provide expert testimony in this Litigation will be produced.

Request No. 7: All documents reflecting publications and/or guidelines pertaining to rehabilitation therapy you considered in connection with your investigation and/or analysis in this Litigation, including, but not limited to, all professional and research literature referenced in Your Report.

Response: The United States objects to this request as vague as to the term "guidelines," which is not defined. The United States further objects to this request to the extent it seeks publicly available publications or information referenced in Dr. Clearwater's report, because those publications and information are readily accessible by the Defendants. The United States also objects to this request as overbroad to the extent it requests the production of all publications related to rehabilitation therapy with which Dr. Clearwater is familiar and that are not referenced in Dr. Clearwater's expert report. Subject to these objections, documents responsive to this request will be produced to the extent they exist, are not otherwise publicly available, and are within Dr. Clearwater's possession or control.

Request No. 8: All documents reflecting publications and/or guidelines on Medicare Part A therapy services, the Skilled Nursing Facility Prospective Payment System, the Resource Utilization Group classification system, pricing and re-pricing of Skilled Nursing Facility claims, and/or any other publications you considered or relied upon in connection with you [sic] investigation and/or analysis in this Litigation.

Response: The United States objects to this request as vague as to the term "guidelines," which is not defined. The United States further objects to this request to the extent it seeks publicly available publications or information referenced in Dr. Clearwater's report, because those publications and information are readily accessible by the Defendants. The United States also objects to this request as overbroad to the extent it requests the production of all publications related to Medicare Part A therapy services, the Skilled Nursing Facility Prospective Payment System, the Resource Utilization Group classification system, pricing and re-pricing of Skilled Nursing Facility claims with which Dr. Clearwater is familiar and that are not referenced in Dr. Clearwater's expert report. Subject to these objections, documents responsive to this request will be produced to the extent they exist, are not otherwise publicly available, and are within Dr. Clearwater's possession or control.

Request No. 9: All documents concerning the federal reimbursement scheme for services provided by Skilled Nursing Facilities considered or relied upon in connection with your investigation and/or analysis in this Litigation.

Response: The United States objects to this request as vague and overbroad. The United States further object to this request to the extent it seeks publicly available information referenced in Dr. Clearwater's report, as that information is readily accessible by the Defendants. Subject to these objections, documents responsive to this request will be produced to the extent they exist, are not otherwise publicly available, and are within Dr. Clearwater's possession or control.

Request No. 10:  Any and all charts, tables, diagrams, sketches or demonstrative illustrations that you created or relied upon while working on this Litigation, whether in draft or final form.

Response:  The United States objects to this request to the extent it seeks protected material, including communications protected from disclosure by Rule 26(b)(4)(B) or Rule 26(b)(4)(C).  Subject to this objection, the United States will produce non-protected, responsive documents to the extent they exist and have not already been produced.

Request No. 11: Copies of all contracts entered into between you and the Plaintiffs relating to this Litigation, including the contract between AdvanceMed and DOJ through which you were retained, as well as AdvanceMed's ZPIC contracts with the Centers for Medicare and Medicaid Services, referenced on page 1 of Your Report.

Response:  The United States objects to this request to the extent it seeks protected material, including communications protected from disclosure by Rule 26(b)(4)(C).  The United States further objects to this request as it seeks information other than information relating to Dr. Clearwater's engagement as an expert witness in this Litigation.  Subject to these objections, the United States will produce copies of the contracts relating to Dr. Clearwater's engagement as an expert witness in this Litigation.

Request No. 12:  Your complete working file (including, but not limited to, documents maintained and/or saved in electronic as well as hard copy format) in this Litigation, with the exception of draft reports or disclosures protected from disclosure by Rule 26(b)(4)(B) or communications protected from disclosure by Rule 26(b)(4)(C).

Response:  The United States objects to this request to the extent it seeks protected material, including communications protected from disclosure by Rule 26(b)(4)(C).  Subject to this objection, documents responsive to this request will be produced to the extent they exist and have not already been produced.

Request No. 13:  Copies of all expert reports you prepared in any case for which you have testified or been retained to testify in the preceding ten years, to the extent the reports are within your possession or control and have been served. If any document responsive to this request is subject to a protective order barring its production, you should produce a copy of the applicable protective order(s) and a log identifying the responsive documents(s).

Response:  The United States objects to this request to the extent that it seeks protected and/or confidential material, including documents or communications protected from disclosure by Rules 26(b)(3)(A), 26(b)(4)(B), and 26(b)(4)(D).  Subject to these objections, non-protected documents responsive to this request will be produced to the extent they exist and are within Dr. Clearwater's possession or control.

Request No. 14:  Copies of all deposition or trial testimony you have given in any case to the extent the transcripts are within your possession or control and are not subject to a current

protective order barring their production.  This request specifically includes, but is not limited to, transcripts of your "deposition on behalf of the United States in *United States ex rel. Martin v. Life Care Centers of America, Inc.*, Civil Action No. 1:08-cv-251 (M.D. Tenn.)" and your "testimony on behalf of the participant CMS, at a hearing before an Administrative Law Judge in the appeal of Express Care South, ALJ Appeal Nos. 1-2005948837 and 1-2848705468," as referenced on page 3 of Your Report.  If any document responsive to this request is subject to a protective order barring its production, you should produce a copy of the applicable protective order(s) and a log identifying the responsive document(s).

Response:  To the extent they exist, documents responsive to this request that are within Dr. Clearwater's possession or control will be produced.

Request No. 15:  Copies of transcripts of all other testimony you have provided, including, but not limited to, testimony to Congress or state legislatures, to the extent the transcripts are in your possession and control.

Response:  The United States objects to this request as vague and overbroad.  The United States further objects to this request to the extent it seeks transcripts that are publicly available and readily accessible by Defendants.  The United States also objects to this request to the extent it calls for production of all transcripts and statements that are not specifically referenced in or related to Dr. Clearwater's expert opinions in this Litigation.  Subject to these objections, the United States responds that no responsive documents exist.

Request No. 16:  Documents evidencing your membership in and/or affiliation with the American Physical Therapy Association (APTA) and the "elected positions at the district and state levels" in which you have served and the "committees and workgroups at the national level" to which you have been appointed, as referenced on page 3 of Your Report.

Response:  The United States objects to this request to the extent it seeks documents or information that are publicly available and readily accessible by Defendants.   Subject to this objection, documents responsive to this request will be produced to the extent that they exist, are not publicly available, and are within Dr. Clearwater's possession or control.

Request No. 17:  Documents evidencing your membership in and/or affiliation with the California Physical Therapy Association (CPTA) and your "elect[ion] and serv[ice] on the nominating committee of the CPTA" as well as your "appoint[ment] to the payment policy committee of the CPTA" as referenced on page 3 of Your Report.

Response:  The United States objects to this request to the extent it seeks documents or information that are publicly available and readily accessible by Defendants.   Subject to this objection, documents responsive to this request will be produced to the extent that they exist, are not publicly available, and are within Dr. Clearwater's possession or control.

Request No 18:  Documents evidencing your "appoint[ment] to serve on a panel for the Medicare Payment Advisory Commission (MedPAC) which addressed PT, OT and SLP" as referenced on page 3 of Your Report.

- 6 -

Response: The United States objects to this request to the extent it seeks documents or information that are publicly available and readily accessible by Defendants. Subject to this objection, documents responsive to this request will be produced to the extent that they exist, are not publicly available, and are within Dr. Clearwater's possession or control.

Request No. 19: All course materials concerning physical therapy services, ethics, documentation, pathology, clinical issues, epidemiology, and fraud, waste and abuse in therapy services that you prepared or used in your role as a part-time and/or guest lecturer, as referenced on page 2 of Your Report.

Response: The United States objects to this request to the extent it seeks documents or information that are publicly available and readily accessible by Defendants. Subject to this objection, the United States responds that no responsive documents exist within Dr. Clearwater's possession or control.

Request No. 20: All materials you prepared or used in connection with the "education and training sessions for providers, law enforcement, internal staff and CMS on Medicare coverage guidelines and payment policies for NSF, IRF, and outpatient therapies," "courses on ethics, documentation, pathology, clinical issues, and epidemiology," and lectures "on the topics of Medicare guidelines and fraud, waste and abuse issues in therapy services," as referenced on page 2 of Your Report.

Response: The United States objects to this request to the extent that it calls for the production of information and/or documents protected by the attorney-client privilege, work product doctrine, and/or Rule 26(b)(4)(C). Subject to these objections, the United States will produce non-protected, responsive documents to the extent they exist and have not already been produced.

Sincerely,

Allison Cendali