# EXHIBIT 6

| | |
|---|---|
| **From:** | Cendali, Allison (CIV) <Allison.Cendali@usdoj.gov> |
| **Sent:** | Friday, September 22, 2017 1:08 PM |
| **To:** | Dubelier, Eric A.; Seikaly, Kate J; Loepere, Carol C.; Geist, Melissa A. |
| **Cc:** | Campbell, Yolonda Y (CIV); Klovers, Christelle (CIV); Likoff, Amy L. (CIV); Mayer, Albert P. (CIV); Moore, Monika (USAVAE); Shemin, Gordon E. (CIV); Williams, Zachary M. (CIV); Wiseman, David (CIV) |
| **Subject:** | RE: US ex rel. Ribik v. HCR ManorCare, Inc., et al. |

Eric,
Although there is support for our position that the drafts of the beneficiary profiles created by the nurse reviewers are protected under Rule 26, *see, e.g., In re Application of Republic of Ecuador,* 280 F.R.D. 506, 512 (N.D. Cal. 2012), aff'd sub nom. *Republic of Ecuador v. Mackay*, 742 F.3d 860 (9th Cir. 2014) (draft worksheets created by expert or his assistants for use in expert report are protected), we will produce copies of those documents.  To be clear, we are producing those documents that were created by the reviewers prior to the drafts that were sent to DOJ, as any later drafts are certainly protected by the Rule, as your email indicates.

We are in the process of working with AdvanceMed to confirm that we have all of the documents.  I anticipate that we should be able to produce the documents by Monday, October 2. If we are able to process and produce the materials earlier than that date, we will certainly do so.

On a somewhat related note, Christina Jessee has been working diligently on the review for her declaration.   While the therapy documentation that you put together ("the therapy packets") and sent for her to review has been helpful, Ms. Jessee noticed that there are some patients who did not have therapy packets for certain admissions, or there were missing elements (orders, plans of care, or logs) for certain claims.  The absence of this documentation has required her to go back through the medical records themselves to try to obtain the information, which is proving to be time consuming.  As a result, Ms. Jessee has informed me that she needs additional time.   We understand that time is of the essence.  However, in order to make sure she has sufficient time to ensure that her declaration is accurate,  we propose that Ms. Jessee provide the declaration to you by Wednesday, October 4.  If she completes the review and is able to get the declaration finished earlier, we will provide it before that date.  Please let me know if you are amenable to the extension.

Allison

---

**From:** Dubelier, Eric A. [mailto:EDubelier@ReedSmith.com]
**Sent:** Thursday, September 21, 2017 3:36 PM
**To:** Cendali, Allison (CIV) <acendali@CIV.USDOJ.GOV>; Seikaly, Kate J <KSeikaly@ReedSmith.com>; Loepere, Carol C. <CLoepere@ReedSmith.com>; Geist, Melissa A. <MGeist@ReedSmith.com>
**Cc:** Campbell, Yolonda Y (CIV) <ycampbel@CIV.USDOJ.GOV>; Klovers, Christelle (CIV) <cklovers@CIV.USDOJ.GOV>; Likoff, Amy L. (CIV) <alikoff@CIV.USDOJ.GOV>; Mayer, Albert P. (CIV) <amayer@CIV.USDOJ.GOV>; Moore, Monika (USAVAE) <Monika.Moore@usdoj.gov>; Shemin, Gordon E. (CIV) <gshemin@CIV.USDOJ.GOV>; Williams, Zachary M. (CIV) <zwilliam@CIV.USDOJ.GOV>; Wiseman, David (CIV) <DWiseman@CIV.USDOJ.GOV>
**Subject:** RE: US ex rel. Ribik v. HCR ManorCare, Inc., et al.

Allison:

I appreciate your note, but you are taking a very simplistic view that is not legally correct.  The amendments to Rule 26 were for the purpose of clarifying that information exchanged by counsel and experts is not subject to discovery.  Understanding that counsel and experts often exchange draft reports, the concern was that counsel's work product could be included in those drafts.  That has nothing to do with the fact situation here.  Clearwater testified that all of

her opinions were objective and that any reviewer would have reached the same conclusions that she reached.  Jessee testified that she has no idea whether Clearwater adopted or changed her opinions for purposes of the final reports.  There is nothing in Rule 26 that would protect communications among the Clearwater and her employees..  Any questions or comments in comment boxes or redlines that go to the substance of an opinion would be proper for Clearwater impeachment.  This is particularly important since you have now conceded in your recent pleading that the entire case relating to the sample patients is based on Clearwater's testimony alone.  I want to give you time to look at this carefully (although I have no expectation it will make any difference since at every fork in the road you go the wrong way) so please let us know your position by 1PM tomorrow.  Note that you already provided some of what we are looking for because it was printed out by Jessee.  So it seems illogical to take the position that you will only produce what was printed as opposed to what is electronically stored.  Thanks, Eric


**Eric A. Dubelier**
202-414-9291
edubelier@reedsmith.com

Reed Smith LLP
1301 K Street, N.W.
Suite 1100 - East Tower
Washington, D.C. 20005
202-414-9200
Fax 202-414-9299

---

**From:** Cendali, Allison (CIV) [mailto:Allison.Cendali@usdoj.gov]
**Sent:** Thursday, September 21, 2017 2:59 PM
**To:** Dubelier, Eric A.; Seikaly, Kate J; Loepere, Carol C.; Geist, Melissa A.
**Cc:** Campbell, Yolonda Y (CIV); Klovers, Christelle (CIV); Likoff, Amy L. (CIV); Mayer, Albert P. (CIV); Moore, Monika (USAVAE); Shemin, Gordon E. (CIV); Williams, Zachary M. (CIV); Wiseman, David (CIV)
**Subject:** RE: US ex rel. Ribik v. HCR ManorCare, Inc., et al.

Eric,

To clarify, Dr. Clearwater did not testify that redline documents never existed.  Rather, she did not recall whether redlining or comment boxes were used on the drafts of the beneficiary profiles, which are part of her expert report.  *See* Clearwater Dep. Tr. 8/25/17 at 952:14-953:17.  Also, when you inquired about whether Dr. Clearwater made changes on the beneficiary profile documents, I informed you that the information you were seeking would be drafts that are protected under Rule 26(b).  *See* Clearwater Dep. Tr. 8/23/17 at 157:8-158:8.  The same protection applies to changes made by any of the reviewers during the QA process, since the documents themselves are drafts of what became the final expert report.

Since the beneficiary profiles are drafts of Dr. Clearwater's expert report, can you explain the basis for your contention that those documents are not protected by Fed. R. Civ. P. 26(b)(4)?

Allison

---

**From:** Dubelier, Eric A. [mailto:EDubelier@ReedSmith.com]
**Sent:** Thursday, September 21, 2017 8:52 AM
**To:** Cendali, Allison (CIV) <acendali@CIV.USDOJ.GOV>; Seikaly, Kate J <KSeikaly@ReedSmith.com>; Loepere, Carol C. <CLoepere@ReedSmith.com>; Geist, Melissa A. <MGeist@ReedSmith.com>
**Cc:** Campbell, Yolonda Y (CIV) <ycampbel@CIV.USDOJ.GOV>; Klovers, Christelle (CIV) <cklovers@CIV.USDOJ.GOV>; Likoff, Amy L. (CIV) <alikoff@CIV.USDOJ.GOV>; Mayer, Albert P. (CIV) <amayer@CIV.USDOJ.GOV>; Moore, Monika (USAVAE) <Monika.Moore@usdoj.gov>; Shemin, Gordon E. (CIV) <gshemin@CIV.USDOJ.GOV>; Williams, Zachary M. (CIV) <zwilliam@CIV.USDOJ.GOV>; Wiseman, David (CIV) <DWiseman@CIV.USDOJ.GOV>
**Subject:** RE: US ex rel. Ribik v. HCR ManorCare, Inc., et al.

Allison:

Just because you repeat the same things we already know does not change the fact that your productions are deficient.  You have never before mentioned that the redlines and comment documents are "draft expert reports."  How did you come to make that up given Clearwater's testimony that no such documents ever existed?  Like everything else, we will have the Court resolve this..  Eric


**Eric A. Dubelier**
202-414-9291
edubelier@reedsmith.com

Reed Smith LLP
1301 K Street, N.W.
Suite 1100 - East Tower
Washington, D.C. 20005
202-414-9200
Fax 202-414-9299

---

**From:** Cendali, Allison (CIV) [mailto:Allison.Cendali@usdoj.gov]
**Sent:** Wednesday, September 20, 2017 11:44 PM
**To:** Dubelier, Eric A.; Seikaly, Kate J; Loepere, Carol C.; Geist, Melissa A.
**Cc:** Campbell, Yolonda Y (CIV); Klovers, Christelle (CIV); Likoff, Amy L. (CIV); Mayer, Albert P. (CIV); Moore, Monika (USAVAE); Shemin, Gordon E. (CIV); Williams, Zachary M. (CIV); Wiseman, David (CIV)
**Subject:** RE: US ex rel. Ribik v. HCR ManorCare, Inc., et al.

Eric,
Contrary to the assertion in your email from last week, DOJ had inquired of AdvanceMed, prior to September 12, as to whether the reviewers maintained notes from the reviews.  Following Ms. Jessee's deposition, we reached out to AdvanceMed again to confirm whether Rebecca Clearwater, Marna Bogan, Suzanne Deriso, and Dona Lambert have notes similar to those that we provided to you from Christina Jessee.  I have stressed the time sensitive nature of the request; however, I was told that two of the reviewers were out of the office until yesterday.  It is my understanding that there are some notes, and AdvanceMed's corporate counsel is in the process of sending to DOJ. I anticipate producing the materials to you by Wednesday, 9/28.  Please note that we are not producing drafts of the reports for the beneficiaries, as those are protected pursuant to Rule 26(b)(4).

As for copies of communications among the reviewers, both Rebecca Clearwater and Christina Jessee testified that the review team  communicated mostly by phone for the reasons succinctly described by Ms. Jessee.  Clearwater and Jessee testified that there were some emails and other written communications.  We have already produced emails and at least one instant message conversation between or among the reviewers.  These communications include US-HCRMC-01852358 to US-HCRMC-01852413.  We have not produced (a) redline drafts of the reports for the beneficiaries (referred to by the reviewers as the "beneficiary profiles"), (b) comments on the drafts of the reports for the beneficiaries, or (c) emails which forwarded and discussed drafts of the reports for the beneficiaries, as these documents are protected pursuant to Rule 26(b)(4).

Finally, with respect to your request for additional information concerning the Quality Assurance review, Rebecca Clearwater testified that for each of the 180 patient reviews, a QA review was performed by someone on the team other than the person who conducted the initial review. Christina Jessee testified to the same.  Dr. Clearwater also testified that she conducted a final review for each of the 180 patients, and Ms. Jessee testified that, although she did not witness Dr. Clearwater performing this final review, it was her understanding that Dr. Clearwater did so.  Both explained the process by which beneficiary profiles were moved from folder to folder as the QA review was done, but neither could say definitively which of the reviewers conducted the QA for each of the 180 patients.  As you pointed out during the depositions, there may be metadata that would provide this information. In my August 30, 2017 email, I explained the process that AdvanceMed's Operations Director performed to obtain the information regarding which of the reviewers conducted the QA for each of the 180 patients.  Mr. Landtroop's review of the electronic files and metadata

was intended to provide you with the names of the QA reviewer for each patient, as you requested.  Based on his review, Mr. Landtroop is confident that the QA review was done by the individual(s) listed on the spreadsheet we provided to you.  We do not believe any other information is necessary.

Please let me know if you would like to discuss any of these items further.
Allison

**From:** Dubelier, Eric A. [mailto:EDubelier@ReedSmith.com]
**Sent:** Wednesday, September 20, 2017 3:18 PM
**To:** Cendali, Allison (CIV) <acendali@CIV.USDOJ.GOV>; Seikaly, Kate J <KSeikaly@ReedSmith.com>; Loepere, Carol C. <CLoepere@ReedSmith.com>; Geist, Melissa A. <MGeist@ReedSmith.com>
**Cc:** Campbell, Yolonda Y (CIV) <ycampbel@CIV.USDOJ.GOV>; Klovers, Christelle (CIV) <cklovers@CIV.USDOJ.GOV>; Likoff, Amy L. (CIV) <alikoff@CIV.USDOJ.GOV>; Mayer, Albert P. (CIV) <amayer@CIV.USDOJ.GOV>; Moore, Monika (USAVAE) <Monika.Moore@usdoj.gov>; Shemin, Gordon E. (CIV) <gshemin@CIV.USDOJ.GOV>; Williams, Zachary M. (CIV) <zwilliam@CIV.USDOJ.GOV>; Wiseman, David (CIV) <DWiseman@CIV.USDOJ.GOV>
**Subject:** RE: US ex rel. Ribik v. HCR ManorCare, Inc., et al.

Allison:

I am sorry but we are not going to let this go on any longer.  Either provide the materials were have requested or give us a date certain upon which you will provide them.  If not, we will go to the Court on Friday with a motion to compel.  Eric

**Eric A. Dubelier**
202-414-9291
edubelier@reedsmith.com

Reed Smith LLP
1301 K Street, N.W.
Suite 1100 - East Tower
Washington, D.C. 20005
202-414-9200
Fax 202-414-9299

**From:** Cendali, Allison (CIV) [mailto:Allison.Cendali@usdoj.gov]
**Sent:** Friday, September 15, 2017 7:22 PM
**To:** Dubelier, Eric A.; Seikaly, Kate J; Loepere, Carol C.; Geist, Melissa A.; Gary, Brent R.
**Cc:** Campbell, Yolonda Y (CIV); Klovers, Christelle (CIV); Likoff, Amy L. (CIV); Mayer, Albert P. (CIV); Moore, Monika (USAVAE); Shemin, Gordon E. (CIV); Williams, Zachary M. (CIV); Wiseman, David (CIV)
**Subject:** RE: US ex rel. Ribik v. HCR ManorCare, Inc., et al.

Eric:
I am working as quickly as possible to get you a substantive response to your questions regarding any additional notes and communications by/among the reviewers.  I expect to have confirmation from AdvanceMed by Monday and will let you know.
Allison

**From:** Dubelier, Eric A. [mailto:EDubelier@ReedSmith.com]
**Sent:** Thursday, September 14, 2017 11:36 AM
**To:** Cendali, Allison (CIV) <acendali@CIV.USDOJ.GOV>; Seikaly, Kate J <KSeikaly@ReedSmith.com>; Loepere, Carol C. <CLoepere@ReedSmith.com>; Geist, Melissa A. <MGeist@ReedSmith.com>; Gary, Brent R. <BGary@ReedSmith.com>
**Cc:** Campbell, Yolonda Y (CIV) <ycampbel@CIV.USDOJ.GOV>; Klovers, Christelle (CIV) <cklovers@CIV.USDOJ.GOV>; Likoff, Amy L. (CIV) <alikoff@CIV.USDOJ.GOV>; Mayer, Albert P. (CIV) <amayer@CIV.USDOJ.GOV>; Moore, Monika (USAVAE) <Monika.Moore@usdoj.gov>; Shemin, Gordon E. (CIV) <gshemin@CIV.USDOJ.GOV>; Williams, Zachary M.

(CIV) <zwilliam@CIV.USDOJ.GOV>; Wiseman, David (CIV) <DWiseman@CIV.USDOJ.GOV>
**Subject:** RE: US ex rel. Ribik v. HCR ManorCare, Inc., et al.

Allison:

Thank you for working with us yesterday to expedite Ms. Jessee's deposition.  I am certain we will be able to finalize the agreement we reached yesterday about a declaration from Ms. Jessee.

Please note that we made numerous discovery requests that covered communications between Clearwater and her reviewers.  Clearwater maintained in her deposition that no such documents existed.  However, the documents and testimony yesterday from Ms. Jessee prove that assertion wrong.  Moreover, Ms. Jessee testified that nobody had ever asked her for her notes prior to September 12, 2017.  Ms. Jessee's notes fall squarely within the category of facts and data that were considered by Clearwater.  These notes are not draft export reports.  Further, given Ms. Jessee's testimony that she has no idea whether Clearwater accepted and adopted her medical decisions in her final expert report, the relevance of any notes taken by or communications between the reviewers and Clearwater go directly to Clearwater's credibility and reliability.  We are willing to try to work this out with you if we can do so quickly.  At a minimum we are requesting that you advise us as follows: (1) does AdvanceMed have copies of communications in any format among Clearwater and her reviewers, and (2) do the other reviewers have notes or other work-product similar to what we have from Ms. Jessee?   These issues first arose during the Clearwater deposition and it unfortunately appears that your team did nothing to follow-up prior to your September 12 conversation with Ms. Jessee.   We would appreciate you letting us know answers to this as soon as possible to that we can then discuss with you your position as to whether you will produce any such additional materials.

Finally, several weeks ago I requested additional information regarding the list of second level reviews you produced.  We have followed up numerous times and still have not received the explanation you promised.  Can you please give us a firm date for that.

Thanks, Eric


**Eric A. Dubelier**
202-414-9291
edubelier@reedsmith.com

Reed Smith LLP
1301 K Street, N.W.
Suite 1100 - East Tower
Washington, D.C. 20005
202-414-9200
Fax 202-414-9299

---

**From:** Cendali, Allison (CIV) [mailto:Allison.Cendali@usdoj.gov]
**Sent:** Tuesday, September 12, 2017 5:54 PM
**To:** Seikaly, Kate J; Dubelier, Eric A.; Loepere, Carol C.; Geist, Melissa A.; Gary, Brent R.
**Cc:** Campbell, Yolonda Y (CIV); Klovers, Christelle (CIV); Likoff, Amy L. (CIV); Mayer, Albert P. (CIV); Moore, Monika (USAVAE); Shemin, Gordon E. (CIV); Williams, Zachary M. (CIV); Wiseman, David (CIV)
**Subject:** RE: US ex rel. Ribik v. HCR ManorCare, Inc., et al.

Kate:
Today, Ms. Jessee informed me that she did have some notes relating to her work on the medical review.  She had not provided them previously, and I was only made aware of them this afternoon.  There are some typed and handwritten notes, but mostly the documents are print-outs of pages from the medical records with notations or highlighting on them.  The volume is approximately 1 ½ small redwell folders.  I had the documents scanned and saved to disks; however, since I am working remotely, I am unable to load them to JEFs at this time.  Because of the scanning, the electronic file size is also very large, so emailing does not seem to be an option.  I wanted you to be aware of this development, as well as the fact that I am still making an effort to try to get these to you electronically this evening, if possible.  I will have the disks for you tomorrow, as well as the originals so that you may inspect and copy the original documents if you wish.

Allison

---

**From:** Seikaly, Kate J [mailto:KSeikaly@ReedSmith.com]
**Sent:** Monday, September 11, 2017 5:38 PM
**To:** Cendali, Allison (CIV) <acendali@CIV.USDOJ.GOV>; Dubelier, Eric A. <EDubelier@ReedSmith.com>; Loepere, Carol C. <CLoepere@ReedSmith.com>; Geist, Melissa A. <MGeist@ReedSmith.com>; Gary, Brent R. <BGary@ReedSmith.com>
**Cc:** Campbell, Yolonda Y (CIV) <ycampbel@CIV.USDOJ.GOV>; Klovers, Christelle (CIV) <cklovers@CIV.USDOJ.GOV>; Likoff, Amy L. (CIV) <alikoff@CIV.USDOJ.GOV>; Mayer, Albert P. (CIV) <amayer@CIV.USDOJ.GOV>; Moore, Monika (USAVAE) <Monika.Moore@usdoj.gov>; Shemin, Gordon E. (CIV) <gshemin@CIV.USDOJ.GOV>; Williams, Zachary M. (CIV) <zwilliam@CIV.USDOJ.GOV>; Wiseman, David (CIV) <DWiseman@CIV.USDOJ.GOV>
**Subject:** RE: US ex rel. Ribik v. HCR ManorCare, Inc., et al.

Allison,

Thank you for your response.  Can you please let me know the format of the electronic documents you are planning to bring to the deposition?  Will they be on a disk or a thumb drive?  I just want to make sure I have whatever we need to be able to access those.

With respect to Request No. 1 and your objection to the extent this request seeks documents not previously requested in discovery, this request is fully encompassed with document request 10 in our subpoena to AdvanceMed, which asked for "All documents or communications, including but not limited to communications with Defendants, CMS or any Medicare contractors, relating to review, analysis, approval, denial, or scrutiny of Defendants' claim submissions for reimbursement of skilled rehabilitation therapy services under Medicare Part A during the relevant time period."

Thanks,
Kate

---

**From:** Cendali, Allison (CIV) [mailto:Allison.Cendali@usdoj.gov]
**Sent:** Monday, September 11, 2017 5:06 PM
**To:** Dubelier, Eric A.; Seikaly, Kate J; Loepere, Carol C.; Geist, Melissa A.; Gary, Brent R.
**Cc:** Campbell, Yolonda Y (CIV); Klovers, Christelle (CIV); Likoff, Amy L. (CIV); Mayer, Albert P. (CIV); Moore, Monika (USAVAE); Shemin, Gordon E. (CIV); Williams, Zachary M. (CIV); Wiseman, David (CIV)
**Subject:** US ex rel. Ribik v. HCR ManorCare, Inc., et al.

Counsel,
Please see the attached letter concerning the subpoena request for documents directed to Christina Jessee.

Allison

Allison Cendali
U.S. Department of Justice
Civil Division
Commercial Litigation/Fraud
202.616.4232 phone
202.305-7797 fax

* * *

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

Disclaimer Version RS.US.201.407.01