# EXHIBIT 7

| | |
|---|---|
| **From:** | Dubelier, Eric A. |
| **Sent:** | Monday, October 16, 2017 5:15 PM |
| **To:** | 'Cendali, Allison (CIV)'; Seikaly, Kate J; Loepere, Carol C.; Moberg, Marilyn A.; Geist, Melissa A.; Crawford, Mandy M.; Novak, Patricia L. |
| **Cc:** | Campbell, Yolonda Y (CIV); Klovers, Christelle (CIV); Likoff, Amy L. (CIV); Mayer, Albert P. (CIV); Moore, Monika (USAVAE); Shemin, Gordon E. (CIV); Williams, Zachary M. (CIV); Wiseman, David (CIV) |
| **Subject:** | RE: US ex rel. Ribik, et al. v. HCR ManorCare, Inc., et al. - Production 042 |

Allison:

Thank you for this information.  But part of the problem as we have mentioned in the past is that your team has only a passing relationship with the truth.  For example, on September 20 you advised us by email that "it [was] your understanding that [Clearwater had] some notes." You then took **four weeks** to produce that material even though it was already untimely.  During that time period all of the Daubert motions were fully briefed.  You have conceded that we are entitled to the rough reports showing communications among the reviewers (that Clearwater also denied and lied about), and you propose to deliver those materials to us days before the Daubert hearing with no explanation for why this has taken so long.  Discovery is closed, Daubert is fully briefed and a hearing is scheduled for Friday.  So your offer of additional deposition time does not make sense to us.  As we noted in our opposition to your "Notice," filed late on Friday (which seems to be your tactic), DOJ does not have any right to control the calendar and the discovery process when it conflicts with the Court's Orders. Your witness violated discovery obligations and testified falsely. These are facts that are not going to be corrected with additional deposition time.  In my view you should be seriously questioning the veracity and reliability of your own witness.  That is your affirmative obligation as a DOJ trial lawyer.  But it appears that rather than trying to do that, at every fork in the road your team goes the wrong way.  I think the Notice you filed on Friday evening is delusional and insane.  We intend to seek sanctions because that is what our client is entitled to and that it what DOJ deserves.  And on top of all this, if any of you would actually look at and make a minimal effort to understand the data we provided about an additional day of treatment over the six year period of time you would recognize that your theory of liability in this case was wrong.  You can keep repeating the handful of key documents you have over and over in every pleading but it is not going to change the fact that you cannot connect any of those documents to any corporate officer in a manner that will prove fraud. .  Eric


**Eric A. Dubelier**
202-414-9291
edubelier@reedsmith.com

Reed Smith LLP
1301 K Street, N.W.
Suite 1100 - East Tower
Washington, D.C. 20005
202-414-9200
Fax 202-414-9299

---

**From:** Cendali, Allison (CIV) [mailto:Allison.Cendali@usdoj.gov]
**Sent:** Monday, October 16, 2017 4:49 PM
**To:** Dubelier, Eric A.; Seikaly, Kate J; Loepere, Carol C.; Moberg, Marilyn A.; Geist, Melissa A.; Crawford, Mandy M.; Novak, Patricia L.
**Cc:** Campbell, Yolonda Y (CIV); Klovers, Christelle (CIV); Likoff, Amy L. (CIV); Mayer, Albert P. (CIV); Moore, Monika (USAVAE); Shemin, Gordon E. (CIV); Williams, Zachary M. (CIV); Wiseman, David (CIV)
**Subject:** RE: US ex rel. Ribik, et al. v. HCR ManorCare, Inc., et al. - Production 042

Eric,

After receiving the June 27, 2017 Notice of Deposition for Rebecca Clearwater and accompanying subpoena requesting documents relating to the reviews performed by Dr. Clearwater and her team, we forwarded the request to Dr. Clearwater and in-house counsel for AdvanceMed who was facilitating the document collection from AdvanceMed's files.  On July 5, we had a call with Dr. Clearwater and AdvanceMed's in-house counsel regarding the document request.  Marna Bogan was also part of this conversation, as we received a separate Notice of Deposition and request for documents relating to her expert report.  We inquired about handwritten notes, and were told that it is not the team's general practice to take notes.  The initial reviews of the records were done in 2013 and 2014, and Dr. Clearwater did not recall taking the notes that we produced yesterday, which date from that period.  At her deposition, Dr. Clearwater testified that she did not recall taking handwritten notes and that she looked for handwritten notes prior to her deposition (*See* Transcript at 82:2-21).  The notes that we produced yesterday had been mis-filed, so her search did not identify them.  We have offered to make Dr. Clearwater available for additional deposition time regarding her supplemental report and are willing to extend the scope of such a deposition to questions relating to these notes.

Allison

**From:** Dubelier, Eric A. [mailto:EDubelier@ReedSmith.com]
**Sent:** Monday, October 16, 2017 12:18 PM
**To:** Cendali, Allison (CIV) <acendali@CIV.USDOJ.GOV>; Seikaly, Kate J <KSeikaly@ReedSmith.com>; Loepere, Carol C. <CLoepere@ReedSmith.com>; Moberg, Marilyn A. <MMoberg@ReedSmith.com>; Geist, Melissa A. <MGeist@ReedSmith.com>; Crawford, Mandy M. <MCrawford@ReedSmith.com>; Novak, Patricia L. <PNovak@ReedSmith.com>
**Cc:** Campbell, Yolonda Y (CIV) <ycampbel@CIV.USDOJ.GOV>; Klovers, Christelle (CIV) <cklovers@CIV.USDOJ.GOV>; Likoff, Amy L. (CIV) <alikoff@CIV.USDOJ.GOV>; Mayer, Albert P. (CIV) <amayer@CIV.USDOJ.GOV>; Moore, Monika (USAVAE) <Monika.Moore@usdoj.gov>; Shemin, Gordon E. (CIV) <gshemin@CIV.USDOJ.GOV>; Williams, Zachary M. (CIV) <zwilliam@CIV.USDOJ.GOV>; Wiseman, David (CIV) <DWiseman@CIV.USDOJ.GOV>
**Subject:** RE: US ex rel. Ribik, et al. v. HCR ManorCare, Inc., et al. - Production 042

Allison:

I am sure you are aware that there are inconsistencies between Clearwater's notes and her final decisions. Further, the existence of the notes are contrary to Clearwater's deposition testimony.   Your letter says that the notes were "recently identified" by Clearwater.  I find that a very interesting use of words particularly since Christina Jessee testified she was never even asked about her notes until the day before her deposition.  We are still determining what sanction we are going to seek.  But before we do I wanted to give you the opportunity to further explain in plain English what "recently identified" means and/or why Clearwater testified that no such notes existed.  Please let us know by 5 PM today.  Thanks, Eric


**Eric A. Dubelier**
202-414-9291
edubelier@reedsmith.com

Reed Smith LLP
1301 K Street, N.W.
Suite 1100 - East Tower
Washington, D.C. 20005
202-414-9200
Fax 202-414-9299

**From:** Cendali, Allison (CIV) [mailto:Allison.Cendali@usdoj.gov]
**Sent:** Sunday, October 15, 2017 2:10 PM
**To:** Dubelier, Eric A.; Seikaly, Kate J; Loepere, Carol C.; Moberg, Marilyn A.; Geist, Melissa A.; Crawford, Mandy M.; Novak, Patricia L.
**Cc:** Campbell, Yolonda Y (CIV); Klovers, Christelle (CIV); Likoff, Amy L. (CIV); Mayer, Albert P. (CIV); Moore, Monika (USAVAE); Shemin, Gordon E. (CIV); Williams, Zachary M. (CIV); Wiseman, David (CIV)
**Subject:** US ex rel. Ribik, et al. v. HCR ManorCare, Inc., et al. - Production 042

Counsel:

We have uploaded files onto JEFS in the folder 2017.10.15 Production 042.  The password to open the files is in the attached cover letter.

If you have any questions regarding the production, please feel free to contact me.

Thank you,
Allison

Allison Cendali
U.S. Department of Justice
Civil Division
Commercial Litigation/Fraud
202.616.4232 phone
202.305-7797 fax

\* \* \*

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

Disclaimer Version RS.US.201.407.01