**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)**

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* RIBIK, | CIVIL ACTION NUMBER: |
| Plaintiffs, | 1:09-cv-0013 (CMH/TCB) (Lead Case) |
| v. | |
| HCR MANORCARE, INC., *et al.*, | |
| Defendants. | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS
MOTION FOR SANCTIONS REGARDING THE UNITED STATES' IMPROPER
OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT[1]**

**Facts**

Consistent with the United States Department of Justice's ("DOJ") past behavior in this case of ignoring the Federal Rules of Civil Procedure and Local Rules of the Eastern District of Virginia and instead dictating to the Court how it intends to litigate its case regardless of these rules, DOJ has filed an Opposition to Defendants Motion for Summary Judgment (ECF No. 677) that is, in effect, 101 pages in length; specifically, (1) 45 page brief, (2) Appendix A, 26 page single-spaced objections to Defendants Statement of Undisputed Facts, (3) Appendix B, 9 page single-spaced Excel spreadsheet of alleged data in support of their Opposition, and (4) Appendix C, a 21 page single-spaced Excel spreadsheet of alleged data in support of their Opposition.

---

[1] Defendants are well aware that they cannot expect to burden the Court on an emergency basis to rule on this motion prior to November 7, 2017, the due date for Defendant's Reply. As such, Defendants will file their Reply timely and be prepared to argue on the previously set date of November 9, 2017.

Furthermore, DOJ's brief contains 25 pages of its own counterstatement of alleged undisputed facts. *See* Opp. at pp. 2-26.

**Law & Argument**

DOJ's Opposition violates E.D. Va. Local Civ. R. 56(B) and this Court's June 23, 2016 Scheduling Order by not including its purported disputes to Defendant's Statement of Undisputed Facts in the body of the brief. *See* E.D. Va. Local Civ. R. 56(B) (". . . A brief in response to a [summary judgment] motion shall include specifically captioned section listing all material facts as to which there exists a genuine issue necessary to be litigated . . ."); June 23, 2016 Scheduling Order (ECF No. 187) ¶ 2(e) ("All summary judgment issues shall be presented in the same pleading unless leave of court is first obtained. . . . A brief in opposition to a motion for summary judgment must include a separately captioned section *within the brief* addressing, in numbered paragraph form *corresponding to the movants section*, each of the movants enumerated facts and indicating whether the non-movant admits or disputes the fact with appropriate citations to the record.") (emphasis added). S*ee also, Lake Wright Hospitality, LLC v. Holiday Hospitality Franchising, Inc.,* 07-cv-530, 2009 WL 2606256, *3 (E.D.Va. Aug. 20, 2009) (adopting finding by Magistrate Judge that a plaintiff failed to comply with Local Rule 56(B) where it set forth its own counterstatement in the body of its opposition brief and included a separate summary of disputed facts indexed to the numbered paragraphs of the defendants' brief as an exhibit to its opposition).

DOJ also violated E.D. Va. Local R. 56(B) by including it is pleading an alleged counterstatement of alleged undisputed facts that are argumentative and in no way helpful to the Court in determining whether any disputed facts exist. *See Lake Wright*, 2009 WL 2606256 at *3; *Integrated Direct Marketing, LLC v. May*, 129 F. Supp. 3d 336, 344-345 (E.D. Va. 2015).

Finally, DOJ violated E.D. Va. Local Civ. R. 7(F)(3) and this Court's September 9, 2017 Order amending the scheduling order which granted a page extension to 45 pages for opening and responsive summary judgment briefs (ECF No. 443) by filing an opposition pleading that as a practical matter contains 101 pages of alleged facts and argument, 56 pages in excess of the page limitation. This is grounds not to consider the facts and arguments contained in the extraneous pages. *See Iota Xi Chapter of Sigma Chi Fraternity v. Patterson*, 556 F.3d 138, 150 (4th Cir. 2009) (approving District Court's decision to strike last two pages of defendants' summary judgment opposition that exceeded the 30 page limit imposed by Local Rule 7(F)(3)); *U.S. ex rel. DRC, Inc. v. Custer Battles, LLC*, 472 F. Supp. 2d 787 (E.D. Va. 2007) (striking the relators' response to defendants' factual allegations for failing to comply with Local Rule 56(b) and 7(F)(3)).

Federal Rule of Civil Procedure 16(f)(1)(C), permits the court to issue any just order, including those authorized by Rule 37(b)(2)(A)(ii)-(iiv), if a party or its attorney fails to obey a scheduling order or other pretrial order. Here DOJ clearly failed to obey paragraph 2(e) of this Court's June 23, 2016 scheduling order requiring it to address within its brief, in numbered-paragraph form corresponding to Defendants' Statement of Undisputed Material Facts whether it admits or disputes the fact. Thus, pursuant to Rule 16(f)(1)(C), the Court may enter any just order, including one granting the sanctions requested herein.

**Requested Sanctions**

Based on the foregoing facts and law, Defendants move that the following sanctions be imposed, (1) the facts contained in Defendants' Statement of Undisputed Facts be deemed admitted to by DOJ and (2) that Appendix A to DOJ's Opposition not be considered in ruling on Defendants' Motion for Summary Judgement and the portion of DOJ's Opposition containing its

alleged Counterstatement of Undisputed Facts (Opp. at pp. 2-26), Appendices B and C, and all exhibits related thereto not be considered in ruling on Defendants' Motion for Summary Judgment. *See Integrated Direct Marketing*, 129 F. Supp. 3d at 344-345 (deeming as admitted all uncontested facts listed in defendants' opening brief for summary judgment where plaintiff did not identify in its opposition brief which facts are in dispute); *JDS Uniphase Corp. v. Jennings*, 473 F. Supp. 2d 705, 707 (E.D. Va. 2007) (same).

| | |
|---|---|
| Dated: November 3, 2017 | Respectfully submitted, |
| | HCR MANORCARE, INC.<br>MANOR CARE, INC.<br>HCR MANOR CARE SERVICES, LLC<br>HEARTLAND EMPLOYMENT SERVICES, LLC |
| | By Counsel |
| | /s/ |
| | Katherine J. Seikaly (VSB No. 71438)<br>Eric A. Dubelier<br>Carol C. Loepere<br>Reed Smith LLP<br>1301 K Street, N.W.<br>Suite 1000 – East Tower<br>Washington, D.C. 20005<br>202-414-9200 (phone)<br>202-414-9299 (fax)<br>kseikaly@reedsmith.com<br>edubelier@reedsmith.com<br>cloepere@reedsmith.com |
| | Melissa A. Geist (pro hac vice)<br>Reed Smith LLP<br>136 Main Street, Suite 250<br>Princeton, NJ 08540<br>609-987-0050 (phone)<br>609-951-0824 (fax)<br>mgeist@reedsmith.com |

Marilyn A. Moberg (pro hac vice)
Reed Smith LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
213-457-8035 (phone)
213-457-8080 (fax)
mmoberg@reedsmith.com

*Counsel for Defendants HCR ManorCare, Inc., Manor Care, Inc., HCR Manor Care Services, LLC, and Heartland Employment Services, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of November 2017, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Michael D. Granston
Andy J. Mao
David B. Wiseman
Allison Cendali
Amy L. Likoff
United States Department of Justice
P.O. Box 261, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 353-8297
Fax: (202) 514-0280
david.wiseman@usdoj.gov

Monika L. Moore
Assistant United States Attorneys
United States Attorney's Office
2100 Jamieson Ave
Alexandria, VA 22314
Tel: (703) 299-3779
Fax: (703) 299-3983
Monika.Moore@usdoj.gov

*Counsel for the United States*

Jeffrey J. Downey
Law Office of Jeffrey J. Downey
8270 Greensboro Drive
Suite 810
McLean, VA 22102
Tel: (703) 564-7318
Fax: (703) 883-0108
jdowney@jeffdowney.com

*Counsel for Relator Christine Ribik*

Ashish Joshi
Lorandos Joshi
2400 S. Huron Parkway
Ann Arbor, MI 48104-5152

*Counsel for Relator Marie Slough*

/s/
Katherine J. Seikaly (VSB No. 71438)
Reed Smith LLP
1301 K Street, N.W.
Suite 1000 – East Tower
Washington, D.C. 20005
202-414-9200 (phone)
202-414-9299 (fax)
kseikaly@reedsmith.com

*Counsel for Defendants HCR ManorCare, Inc., Manor Care, Inc., HCR Manor Care Services, LLC, and Heartland Employment Services, LLC*